IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| MOBIUS MANAGEMENT SYSTEMS, INC., | : | |
| Plaintiff, | : | |
| v. | : | C.A. No. ______________ |
| ACARTUS, INC., | : | **JURY TRIAL DEMANDED** |
| Defendant. | : | |

**COMPLAINT**

Plaintiff Mobius Management Systems, Inc. ("Mobius") by its attorneys, The Bayard Firm and Kramer Levin Naftalis & Frankel LLP, for its complaint alleges:

Nature of the Action

1. Mobius brings this action for trademark infringement and false advertising in violation of the Lanham Act, 15 U.S.C. §§ 1051 et seq., and for violations of the Uniform Deceptive Trade Practices Act and the common law of unfair competition. As set forth below, defendant Acartus, Inc. ("Acartus") is violating Mobius' trademark rights in the mark "Mobius," engaging in false advertising in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), and otherwise engaging in deceptive trade practices and unfair competition.

2. By this action, Mobius seeks a halt to defendant's activities, and requests an injunction barring Acartus from infringing Mobius' trademark rights, disseminating false advertising about Mobius' products and services, and causing any further irreparable harm to Mobius' business and goodwill. Mobius also seeks damages arising from defendant's unlawful acts.

The Parties, Jurisdiction and Venue

3. Mobius is a Delaware corporation with its principal place of business in Rye, New York. Mobius develops, licenses and supports computer software and related products designed to optimize the storage, retrieval and presentation of data, principally transactional information. Founded in 1981, Mobius has since grown to one of the leaders in its field, with revenues of over $88 million in fiscal year 2004. Mobius is a publicly traded company, listed on the NASDAQ exchange by the symbol "MOBI."

4. Upon information and belief, defendant Acartus, Inc. is a Delaware corporation with its principal place of business in Fort Collins, Colorado. Like Mobius, Acartus is in the business of marketing products and services that enable clients to capture, process, index, store, and access electronically documents and data .

5. The Court has jurisdiction over the subject matter of this action pursuant to (i) 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331 and 1338(a) for claims arising from violations of the Lanham Act, 15 U.S.C. §§ 1051-1127, (ii) 1338(b) for claims arising from the common law of unfair competition, and (iii) principles of supplemental jurisdiction.

6. Venue is properly laid in this district pursuant to 28 U.S.C. § 1391 because this is an action brought pursuant to the Lanham Act, and Acartus is incorporated and subject to personal jurisdiction in this judicial district.

The Mobius Trademark

7. Beginning in 1981 and continuing through today, Mobius has marketed and sold its software and related products and services under its name and trademark "Mobius."

8. Mobius has registered its Mobius mark with the United States Patent and Trademark Office. A copy of Mobius' registration is attached as Exhibit A.

9. The Mobius mark is used in connection with Mobius' business, which principally involves providing sophisticated data processing solutions for high volume content, data management and network applications. Mobius' packaged computer software products support a broad range of content-intensive electronic business requirements, business-to-business and business-to-customer applications, including customer relationship management, enterprise resource planning, Internet presentment and payment and imaging and workflow. Mobius' products are sold and licensed throughout the United States and the world.

10. Mobius' computer software and related products and services have been licensed and sold to customers in a wide range of industries, including banking, telecommunications, retail, utilities, financial, healthcare, government, insurance, manufacturing and transportation. Mobius' products and services are currently being used by over 1300 major private or public organizations, including more than sixty percent of the Fortune 100 companies, as well as governmental organizations such as the Commonwealth of Massachusetts. In conjunction with its software products, Mobius also offers training and consultation services.

11. Mobius has been using its mark in interstate commerce regularly since 1981. In addition, over the years Mobius has spent considerable time and effort, as well as a substantial amount of money, promoting its Mobius mark and the products and services it sells under that mark. Mobius has likewise spent substantial sums in advertising for products and services bearing the Mobius trademark. The mark embodies the goodwill that Mobius has created through its promotion, sale and licensing of goods and services under that mark.

12. Mobius' trademark is an arbitrary, distinctive and strong mark. In addition, through extensive use the mark has acquired secondary meaning. Mobius' software and related products — in particular, products for high-volume document archiving and retrieval — bearing

the mark have become well-known and have been sold throughout the United States and the world.

13. In addition to the "Mobius" mark, Mobius has used since 1992 and has registered the mark "ViewDirect" with the United States Patent & Trademark Office as the trademark for one of its data-storage computer software programs. The registration is now incontestable under the federal trademark statute. A copy of Mobius' registration is attached as Exhibit B.

14. Mobius has diligently policed its marks against infringement. When appropriate, Mobius has commenced litigation to protect its marks, and has in the course thereof obtained court orders and/or agreements from defendants to cease their infringing activities. These cases include Mobius Management Systems, Inc. v. Mobious Solutions Incorporated, 03 Civ. 8605 (RCC) (S.D.N.Y. filed October 30, 2003); Mobius Management Systems, Inc. v. Mobius Venture Capital, Inc. and Mobius VI LLC, 03 Civ. 870 (JSR) (S.D.N.Y. filed February 6, 2003); Mobius Management Systems, Inc. v. Symbol Technologies, Inc., 02 Civ. 8515 (RWS) (S.D.N.Y. filed October 24, 2002); and Mobius Management Systems, Inc. v. Beneficial Professional Services, LLC a/k/a BPS, LLC, 01 Civ. 2017 (LAP) (S.D.N.Y. filed March 9, 2001).

Acartus' Infringement of the "Mobius" Mark, False Advertising and Deceptive Trade Practices

15. Upon information and belief, Acartus sells a data management system called ApertureONE, which competes directly with Mobius' ViewDirect® product. In connection with its promotion of ApertureONE, Acartus is promoting a product called "Mobius DAF Export Utility," which purports to enable Mobius customers to migrate entire archives out of DAF format into a specification that may be stored in an ApertureONE repository. A copy of a promotional data sheet describing the Mobius DAF Export Utility, which is available on

Acartus' website at http://www.acartus.com/pdf/Mobius_Replacement_Strategy.pdf, is attached as Exhibit C.

16. By incorporating the Mobius name into a mark for its own product, "Mobius DAF Export Utility," Acartus has violated Mobius' exclusive right to use its federally registered Mobius mark and otherwise infringed Mobius' rights in the Mobius mark.

17. Acartus' use of the Mobius mark for its export utility is likely to create confusion, mistake and deception in the marketplace, and constitutes a false designation of origin. Customers or potential customers are likely to believe that Acartus' export utility is either a Mobius product, is otherwise authorized or endorsed by Mobius or is associated with Mobius, when that is not the case.

18. In addition to its improper use of the "Mobius" mark, Acartus has used the registered mark "ViewDirect" in the headline of its promotional material for ApertureONE and the Mobius DAF Export Utility. See Exhibit C. This too constitutes infringement of Mobius' trademark rights. Acartus' use of Mobius' registered mark "ViewDirect" as a headline in the promotion of its product further increases the likelihood of creating confusion, mistake and deception in the marketplace.

19. Acartus' decision to use Mobius' marks has been without Mobius' authorization or consent.

20. In addition to its infringing use of the federally registered Mobius marks, Acartus has made several false and misleading statements in its promotional data sheet for its "Mobius DAF Export Utility," including but not limited to the following. Acartus states that "Due to proprietary storage models such as Mobius' DAF format, continued access of this content has posed some difficult decisions for enterprises. Companies have had to either perform a manual

transformation of content, or continued to support their deep archive storage. Manually transforming legacy content, whether performed internally or outsourced to a services group, poses a tremendous cost of time and resources."

21. These claims are false on their face. No manual transformation of content is required in ViewDirect. Data in ViewDirect is stored in its original format and can be distributed and printed in that format. In addition, the content can be automatically transformed for presentation in web browser friendly formats using a Mobius product called DocumentDirect for the Internet. Moreover, no outsourcing or services are required to transform ViewDirect content for presentation purposes.

22. Acartus also states on its website that "continuing to support a legacy archival system such as Mobius perpetrates a series of unnecessary licensing, services and maintenance costs." That statement is likewise false.

23. The promotional data sheet is being used in interstate commerce, including on the Acartus website.

Acartus' Acts of Unfair Competition

24. Upon information and belief, for Acartus to construct a product designed to migrate archives out of the Mobius DAF format, it may have been necessary for Acartus to have had inappropriate access to Mobius' software and to have improperly copied portions of Mobius unique software code into its export utility.

25. Upon information and belief, at least one former Mobius employee is presently employed by Acartus. That employee had access to confidential proprietary information concerning Mobius' software, including Mobius' software code, during his employment with

Mobius. As a Mobius employee, he had agreed to keep Mobius' proprietary information confidential.

26. To the extent that Acartus has improperly copied Mobius' software or used Mobius' confidential and proprietary information without Mobius' consent for a competitive advantage and otherwise infringed Mobius' intellectual property rights, Acartus has engaged in unfair competition in violation of common law.

COUNT I
(Trademark Infringement)

27. Mobius repeats and realleges the allegations contained in paragraphs 1 through 26 above.

28. Defendant's use of the "Mobius" and "ViewDirect" marks is likely to create confusion, mistake and deception as to the source or sponsorship of its products and constitutes infringement of Mobius' federally registered trademarks, in violation of Section 32 of the Lanham Act, 15 U.S.C. §1114.

29. Defendant's acts of trademark infringement will cause irreparable harm to the business and goodwill of Mobius unless restrained by this Court.

30. Mobius has no adequate remedy at law.

COUNT II
(False Representation/Designation of Origin)

31. Mobius repeats and realleges the allegations contained in paragraphs 1 through 30 above.

32. Defendant's use of the "Mobius" and "ViewDirect" marks constitutes a false representation as to the source of its products or services and a false designation of origin, and is likely to deceive consumers as to the source, origin, sponsorship, or authorization of defendant's services, in violation of Section 43(a) of the Lanham Act, 15 U.S.C. §1125(a).

33. Defendant's acts of false representation and false designation of origin will cause irreparable harm to the business and goodwill of Mobius unless restrained by this Court.

34. Mobius has no adequate remedy at law.

COUNT III
(False Advertising)

35. Mobius repeats and realleges the allegations contained in paragraphs 1 through 34 above.

36. Defendant has made false statements about Mobius' products in its promotion of its competing product, which are likely to mislead consumers and affect their purchasing decisions.

37. Defendant's acts of false advertising cause irreparable harm to the business and goodwill of Mobius unless restrained by this Court.

38. Mobius has no adequate remedy at law.

COUNT IV
(Deceptive Trade Practices)

39. Mobius repeats and realleges the allegations contained in paragraphs 1 through 38 above.

40. Delaware's Uniform Deceptive Trade Practices Act provides that "a person engages in a deceptive trade practice, when, in the course of a business" he engages in one of a number of acts, including: "[passing] off goods or services as those of another"; "[causing] likelihood of confusion or of misunderstanding as to the source, sponsorship, approval, or certification of goods or services"; "[causing] likelihood of confusion or of misunderstanding as to affiliation, connection, or association with, or certification by, another"; "[representing] that goods or services have sponsorship [or] approval . . . that they do not have,

or that a person has a sponsorship, approval, status, affiliation or connection that the person does not have"; "[disparaging] the goods, services, or business of another by false or misleading representation of fact"; and "[engaging] in any other conduct which similarly creates a likelihood of confusion or misunderstanding." 6 *Del. C.* §§ 2532(a)(1), (2), (3), (5), (8), (12).

41. Acartus' actions violate one or more of the foregoing sections of the Deceptive Trade Practices Act. Specifically, by using Mobius' marks in the promotion of its own product, Acartus creates a likelihood that consumers will confuse the source of Acartus' products as emanating from Mobius or will believe that Mobius has given its approval to Acartus for its product, which Mobius has not. Moreover, by making false statements about Mobius' products in its promotion of its competing product, Acartus is likely to mislead consumers and affect their purchasing decisions.

42. Mobius has no adequate remedy at law for Acartus' deceptive trade practices. Among other things, the harm is continuing and damages may be difficult to calculate. Accordingly, injunctive relief is proper under 6 *Del. C.* §§ 2533(a).

43. Moreover, Mobius has been damaged by Arcartus' willful deceptive trade practices, entitling it to monetary relief for its actual losses, damages in the amount of the Acartus' unjust enrichment, treble damages, and attorneys' fees, pursuant to 6 *Del. C.* §§ 2533(b), (c).

COUNT V
(Common Law of Unfair Competition)

48. Mobius repeats and realleges the allegations set forth in paragraphs 1 through 43 above.

49. Acartus' conduct described above constitute violations of the common law of unfair competition.

Wherefore, Mobius respectfully requests that the Court:

(i) issue an injunction ordering that defendant and its officers, agents, servants, employees, and all persons acting in concert or participation with them, refrain from using in connection with the sale, offering for sale, distribution, promotion or advertising of its services, the trademark "Mobius" or any other mark incorporating the term "Mobius" or any other confusingly similar term or mark;

(ii) issue an injunction ordering that defendant deliver up to the Court for destruction all merchandise, labels, signs, prints, packages, receptacles, advertisements and promotional materials bearing the trademark or trade name "Mobius" or any mark confusingly similar to "Mobius" and all plates, molds, matrices and other means of making the same;

(iii) issue an injunction ordering that defendant deliver up to the Court for destruction all merchandise, labels, signs, prints, packages, receptacles, advertisements and promotional materials bearing the trademark or trade name "Mobius" or any mark confusingly similar to "Mobius" and all plates, molds, matrices and other means of making the same;

(iv) issue an injunction ordering that defendant and its officers, agents, servants, employees, and all persons acting in concert or participation with them, refrain from using in connection with the sale, offering for sale,

distribution, promotion or advertising of its services, Mobius' trademark "ViewDirect" or any other confusingly similar term or mark;

(v) issue an injunction ordering that defendant and its officers, agents, servants, employees and all persons acting in concert or participation with them, refrain from any other acts likely to confuse, mislead, or deceive Mobius' customers or members of the public that defendant's services emanate from Mobius or are connected with, sponsored by or approved by Mobius;

(vi) issue an injunction ordering that defendant and its officers, agents, servants, employees and all persons acting in concert with them, refrain from assisting, aiding, or abetting any other person or business entity in engaging in or performing any of the wrongful activities described above;

(vii) issue an injunction ordering that defendant and its officers, agents, servants, employees and all persons acting in concert or participation with them, refrain from falsely stating or implying in commerce that Mobius ViewDirect requires a manual transformation of content;

(viii) issue an injunction ordering that defendant and its officers, agents, servants, employees and all persons acting in concert or participation with them, refrain from falsely stating or implying in commerce that "continuing to support a legacy archival system such as Mobius perpetrates a series of unnecessary licensing, services and maintenance costs," or making any other false statement about Mobius or its products.

(ix) issue an injunction ordering that defendant, in accordance with 15 U.S.C. § 1116, file with the Court and serve on plaintiff within thirty days after the service on defendant of any injunction issued in this action a report in writing setting forth in detail the manner and form in which defendant has complied with the injunction;

(x) award Mobius all of defendant's profits, gains and advantages derived from defendant's infringement of Mobius' trademark and false advertising, and that such sums be trebled pursuant to 15 U.S.C. § 1117;

(xi) award Mobius damages in an amount to be proved at trial, but no less than $500,000;

(xii) award Mobius interest on the foregoing sums;

(xiii) award Mobius attorneys' fees and costs and disbursements of this action; and

(xiv) grant such other and further relief as the Court deems just and proper.

THE BAYARD FIRM

Kurt Heyman /PLE

Kurt M. Heyman (# 3054)
Email: kheyman@bayardfirm.com
222 Delaware Avenue, Suite 900
P.O. Box 25130
Wilmington, DE 19899
(302) 655-5000
Attorney for Plaintiff
Mobius Management Systems, Inc.

589049v1

OF COUNSEL:

KRAMER LEVIN NAFTALIS & FRANKEL LLP
Randy Lipsitz (RL-1526)
Jonathan M. Wagner (JW-7197)
Norman C. Simon (NS-1407)
1177 Avenue of the Americas
New York, New York 10036
(212) 715-9100

Dated: May 31, 2005