IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| MOBIUS MANAGEMENT SYSTEMS, INC., :<br>:<br>Plaintiff, :<br>:<br>- against - :<br>:<br>ACARTUS, INC., :<br>:<br>Defendant. :<br>: | C.A. No. 05-346 SLR<br><br>Declaration of Mitchell Gross |

I, Mitchell Gross, hereby declare:

1. I am the President of Mobius Management Systems, Inc. ("Mobius"), plaintiff in this action. I submit this declaration in support of Mobius' application for (i) a preliminary injunction requiring defendant Acartus, Inc. ("Acartus") to cease using plaintiff's "Mobius" trademark and engaging in false advertising, and (ii) expedited discovery. A copy of Mobius' complaint, seeking that and other relief is attached as Exhibit A.

A.   Mobius' use of its registered "Mobius" mark

2. Mobius develops, licenses and supports computer software and related products designed to optimize the storage, retrieval and presentation of data, principally transactional information. Founded in 1981, Mobius has since grown to become one of the leaders in its field. Mobius is a publicly traded company, listed on the NASDAQ Exchange by the symbol "MOBI." The company has a large sales force and several offices across the country and in Europe. Mobius also operates a website under the registered domain name *mobius.com*.

-2-

3.  Mobius' software is sold and licensed throughout the United States and the world. Mobius' computer software and other products have been licensed and sold to customers in a broad variety of industries, including banking, telecommunications, retail, utilities, financial, health care, government, insurance, manufacturing and transportation. One of Mobius' principal software products is ViewDirect, a data-storage software program.

4.  Beginning in 1981 and continuing through today, Mobius has marketed and sold its software and related products under its name and trademark "Mobius." Mobius has been using its mark in interstate commerce regularly since 1981. In addition, over the years Mobius has spent much time and effort, as well as a substantial amount of money, promoting its "Mobius" mark and the products and services it sells under that mark. Mobius has likewise spent substantial sums in advertising for products and services bearing the "Mobius" trademark, and the mark now embodies the goodwill that Mobius has created through its promotion, sale and licensing of goods and services under that mark.

5.  Mobius has registered its Mobius mark with the United States Patent and Trademark Office. (Exh. B, attached). In addition to the "Mobius" mark, Mobius has used since 1992 and has registered the mark "ViewDirect" with the United States Patent & Trademark Office. The ViewDirect registration is now incontestable under the federal trademark statute. (Exh. C, attached).

B.  <u>Acartus and its use of the "Mobius" mark</u>

6.  According to its website, Acartus was founded in 1992 and has 1,800 customers. Acartus sells a data management system called ApertureONE, which competes directly with Mobius' ViewDirect product.

KL3 2424181 1

-2-

7.  In May, Mobius learned that in connection with its promotion of ApertureONE, Acartus was marketing a product called the "Mobius DAF Export Utility." This product purports to enable Mobius customers to migrate entire archives out of Mobius' "DAF format" into a specification that may be stored in an ApertureONE repository.

8.  As part of its advertising for this product, Acartus posted a promotional selling sheet on its website. (Exh. D, attached). In that selling sheet, Acartus used the "Mobius" mark in the name of its own product: "Mobius DAF Export Utility." Acartus also repeatedly referenced the marks "Mobius" and "View Direct" in the promotional sheet without any attribution of Mobius' trademark ownership.

C.  Acartus' False Advertising

9.  Acartus made several false and misleading statements in the promotional data sheet for its "Mobius DAF Export Utility." Among these were Acartus' claim that:

> Due to proprietary storage models such as Mobius' DAF format, continued access of this content has posed some difficult decisions for enterprises. Companies have had to either perform a manual transformation of content, or continue to support their deep archive storage. Manually transforming legacy content, whether performed internally or outsourced to a services group, poses a tremendous cost of time and resources.

10.  No manual transformation of content is required in ViewDirect. Data in ViewDirect is stored in its original format and can be distributed and printed in that format. In addition, the content can be automatically transformed for presentation in web browser friendly formats using a Mobius product called DocumentDirect for the Internet. Moreover, no outsourcing or services are required to transform ViewDirect content for presentation purposes.

11. Acartus also makes the statement in the promotional piece that "continuing to support a legacy archival system such as Mobius perpetuates a series of unnecessary licensing, services and maintenance costs." This statement is false. Every software vendor has licensing and maintenance costs associated with its products; such costs cannot fairly characterized as "unnecessary." Moreover, Mobius' solutions can be deployed "out of the box" to capture and present content without requiring any special services.

12. After Mobius commenced this action against Acartus, I understand that Acartus represented that it would remove this promotional sheet from its website.

13. In June 2005, we discovered another Acartus posting on the internet. A search of the term "ViewDirect" on the search engine google.com found a "sponsored link" to Acartus' website with the description, "Mobius Alternative. Migrate content trapped in Mobius to an open-standards ERM platform." (Exh. E, attached). Clicking that link led to a slightly revised promotional sheet. (Exh. F, attached). The headline for the piece reads, "Mobius Replacement Solution." Instead of "Mobius DAF Export Utility," Acartus refers to its product by the name "ApertureONE Extraction Utility for Mobius DAF Files."

14. After finding the new promotional piece on the internet, Mobius brought this application.

D. The need for injunctive relief

15. The potential harm caused by Acartus' trademark infringement is quite serious. The computer software field, particularly with respect to software designed to manage data and reports, is highly competitive. In addition, here Acartus targets Mobius' customers.

Mobius' customers would misled into believing that Acartus is affiliated with Mobius, and that the ApertureONE is an upgraded data management system endorsed by or affiliated with Mobius when that is not the case. Any confusion, even only initially, is likely to have a substantial impact, since such confusion may allow Acartus, based on Mobius' reputation, to get its "foot in the door" when it otherwise might not.

16. Acartus is thus unfairly trading on the reputation and goodwill Mobius has built up for over twenty years. Mobius' significant commitment to the development of its "Mobius" mark in the computer industry is jeopardized by Acartus' use of the Mobius mark; Mobius will, in effect, lose control over its mark and therefore over its reputation.

17. In short, unless and until Acartus is ordered to cease using the "Mobius" mark, Mobius stands to experience significant harm to its reputation. Mobius will be further harmed if Acartus is allowed to continue making false statements in advertising that is directed to and designed to win over Mobius' customers. Preliminary injunctive relief is therefore urgently needed.

E. The need for expedited discovery

18. For Acartus to have constructed a product designed to migrate archives out of the Mobius DAF format, Mobius believes that Acartus had inappropriate access to Mobius' software and improperly copied portions of Mobius' unique software code into its export utility by improper means. To understand fully whether Mobius' rights have been further violated — which would result in further irreparable harm to Mobius, given that Mobius' business would be severely damaged if the confidential nature of its software products were

compromised — expedited discovery is necessary. A copy of Mobius' document request is attached to the Declaration of Jonathan M. Wagner, counsel to Mobius, as Exhibit C.

F.    No prior request

       19.    No prior request has been made for the relief requested here.

Pursuant to 28 U.S.C. §1746, I certify under penalty of perjury that the foregoing is true and correct. Executed this 30th day of June, 2005.

                                                      */s/ Mitchell Gross*
                                                      Mitchell Gross

## CERTIFICATE OF SERVICE

Kurt M. Heyman, Esquire, hereby certifies that on July 5, 2005, copies of the foregoing Declaration of Mitchell Gross were served upon the following:

### VIA HAND DELIVERY

Acartus, Inc.
c/o The Corporation Trust Company
1209 Orange Street
Wilmington, DE 19801

### VIA FEDERAL EXPRESS

Anton J. Hopen, Esquire
Smith & Hopen, PA
U.S. Registered Patent Attorneys
15950 Bay Vista Drive, Suite 220
Clearwater, FL 33760

_____
Kurt M. Heyman (# 3054)

593488v1