IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| MOBIUS MANAGEMENT SYSTEMS, INC., ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> ACARTUS, INC., ) <br> ) <br> Defendant. ) <br> ) | C. A. No. 05-346 (SLR) |

**ACARTUS, INC.'S MOTION TO DISMISS COUNT V
AND STAY ANY REMAINING COUNTS**

Mobius Management Systems, Inc. ("Mobius") filed its Complaint against Acartus, Inc. ("Acartus") on May 31, 2005, alleging trademark infringement, false designation of origin, false advertising, deceptive trade practices, and unfair competition (D.I. 1). The gravamen of the Complaint is that Acartus allegedly used Mobius' trademark when selling a data file export utility for a data management system and made false statements when advertising Acartus' export utility.

The parties have resolved these issues of the advertising statements and use of the trademark infringement pled in the Complaint, but Mobius now seeks to maintain this dispute by raising the specter of a trade secret misappropriation claim that it has not pled. In particular, Mobius takes the position that Count V, captioned "Common Law of Unfair Competition," somehow states a claim for misappropriation of (unspecified) trade secrets relating to the format of certain electronic data files.

Mobius' "unfair competition" count, however, fails to state a cognizable claim of trade secret misappropriation. Acartus requests that the Court dismiss Count V, and stay

whatever residual issues under Counts I-IV remain, while the parties finalize settlement of those claims.

## STATEMENT OF FACTS

Acartus creates and markets products related to the storage and use of electronic data. (Complaint, ¶ 4.)  Mobius, a publicly traded company, as alleged in the Complaint, "develops, licenses and supports computer software and related products designed to optimize the storage, retrieval and presentation of data. . . ." (*Id.*, ¶ 3.)

Specifically, Mobius markets an electronic data management system under the trademark ViewDirect® product. *(Id.* ¶ 15.*)*  When using that system, customers evidently first put their data into a file format called "DAF" ("document archive file").  Acartus markets its ApertureONE product which enables, among other things, customers to move their data from a DAF file format to an open standard, or into another electronic document repository. (*Id.* ¶ 15, Ex. C to the Complaint.)

The dispute in this case arose when Mobius took issue with promotional material Acartus had posted on its web site. (*See* Ex. C; Complaint ¶ 15.)  On May 31, 2005, Mobius filed its Complaint against Acartus, alleging federal and state claims in connection with that promotional material, specifically trademark infringement, false representation as to source, false advertising and deceptive trade practices.  Mobius also generically alleged at the end of its complaint, in the two sentences of a catch-all Count V, that based on "the allegations set forth in the [preceding] paragraphs," the conduct of Acartus "described [in the Complaint] constitutes violations of the common law of unfair competition." (Complaint ¶¶ 48-49).

Mobius moved for a preliminary injunction and for expedited discovery on July 5, 2005.  An *ex parte* order issued on July 6, 2005 permitting Mobius to serve certain document

requests relating to its motion for preliminary injunction and setting a hearing for August 1, 2005 on Mobius' motion for preliminary injunction.

Counsel for Acartus and Mobius successfully worked to resolve the issues raised in the Complaint. In particular, Acartus agreed to, and did, remove the advertisement forming the basis of Mobius' Complaint, thus resolving the false advertising and related claims in Counts III and IV of the Complaint. Moreover, counsel for Acartus and Mobius resolved the issues relating to the alleged trademark infringement in Counts I and II of the Complaint. (*See* Stipulation and Order of July 22, 2005, D.I. 12.) As a result, the Motion for Preliminary Injunction was mooted, and no hearing was necessary. (*See id.*) The deadline to answer or otherwise respond to the Complaint is now September 12, 2005. (*See* Stipulation and Order of August 15, 2005, D.I. 16.)

Although the concerns of Mobius at the heart of its Complaint have been resolved, the case has not been resolved in its entirety because Mobius has now raised new concerns about Acartus' purported misappropriation of purported (unspecified) trade secrets of Mobius in the DAF file format used by Mobius.[1] Mobius tries to fit this new concern into its existing allegations of "Unfair Competition" in Count V of the Complaint.

## ARGUMENT

**I.     THE RULE 12(b)(6) STANDARD.**

Rule 12(b)(6) of the Federal Rules of Civil Procedure dictates that dismissal is

---

[1] Mobius is now pursuing discovery of its unasserted claim relating to DAF file format. In a second set of document requests recently served, Mobius is seeking, for example, "All copies of any Mobius DAF or archive files" and "Documentation for all file formats supported by Acartus as originating from Mobius or archive files."

warranted when a party fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12. Although a Court will generously construe the allegations of a Complaint in the light most favorable to the plaintiff, conclusory allegations alone cannot give rise to liability. A motion to dismiss should be granted if a plaintiff would not be entitled to recover under any reasonably conceivable set of circumstances susceptible of proof. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). Even under this liberal standard, Count V does not state a claim upon which relief can be granted.

## II.     MOBIUS' GENERIC ALLEGATION OF "UNFAIR COMPETITION" FAILS TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED.

### A.     "Unfair Competition" In The Nature Of A Trade Secrets Claim Is Preempted By Delaware Trade Secrets Law.

Count V (paragraphs 48 and 49) purports to state a claim for "Common Law of Unfair Competition." That count does not specify the allegedly improper conduct of Acartus, other than to point to all the earlier allegations of the Complaint. Paragraphs 24-26, however, under the heading "Acartus' Acts of Unfair Competition," allege that Acartus "may" have had "inappropriate access to Mobius' software and … improperly copied portions of Mobius unique software code into its export utility" and that "to the extent that Acartus has improperly copied Mobius' software or used Mobius' confidential and proprietary information without Mobius' consent," Acartus "has engaged in unfair competition in violation of common law." (Complaint ¶¶ 24-26.) These allegations, as a matter of law, do not constitute a claim of unfair competition.

Well-settled precedent dictates that courts must look to the substance, rather than the form, of the pleadings. *Buckley v. Music Corp. of America*, 2 F.R.D. 328, 332 (D. Del. 1942), *see also Lewis v. Attorney Gen. of United States*, 878 F.2d 714, 722 (3d Cir. 1989) (holding that courts must look beyond form to address the substance of a claim). Count V, to the extent it might state a claim at all, purports to be in the nature of a claim for misappropriation of

trade secrets – i.e. by (possible) "inappropriate access to Mobius' software" and (possible) "improper[] copy[ing]" of such software. *See* 6 Del. C. §§ 2001-2008 (2005).

As a (possible) claim for (possible) misappropriation of trade secrets, Mobius' claim of unfair competition is precluded and pre-empted. As the Delaware Supreme Court has held, the Delaware Uniform Trade Secrets Act "displaces conflicting tort, restitutionary and other law of this State providing civil remedies for misappropriation of a trade secret." *Savor, Inc. v. FMR Corp.,* 812 A.2d 894, 898 (Del. 2002). Thus, Count V should be dismissed as preempted by the Trade Secrets Act.

> **B.  Mobius Has Failed To Identify The Trade Secrets It Might Claim Have Been Misappropriated And, Thus, Count V Should Be Dismissed For That Reason.**

Even if Count V were re-captioned and recast as an explicit claim for trade secret misappropriation, Mobius would have to identify the trade secrets Acartus allegedly misappropriated. "It is the case that to state a claim for misappropriation of a trade secret it is necessary to allege more than that plaintiff has a trade secret and that defendant is using it." *Cabot Corp. v. Fansteel Inc.*, Civ. A. No. 10502, 1990 WL 181960, at *1 (Del. Ch. Nov. 21, 1990). Failure to provide a meaningful identification of the trade secrets at issue resulted in dismissal of the plaintiff's second amended complaint in *Savor, Inc. v. FMR Corp.*, C.A. No. 00C-10-249-JRS, 2001 Del. Super. LEXIS 170, at *10-13 (Del. Super. Ct. Mar. 13, 2001). "Conclusory allegations alone cannot be the platform for launching an extensive, litigious fishing expedition for facts through discovery in the hope of finding something to support them." *Nebenzahl v. Miller*, 1996 WL 494913 at *3 (Del. Ch. Aug. 29, 1996).

A review of the minimal "unfair competition" allegations in Mobius' Complaint shows that Mobius, as a matter of law, has not stated a claim upon which relief can be granted for trade secret misappropriation. Mobius has not even remotely identified any trade secret it

might wish to claim Acartus has misappropriated. All that is alleged is that Acartus <u>may</u> have had access to some amorphous "confidential proprietary" property ("Mobius' software code") allegedly belonging to Mobius, and <u>may</u> have improperly copied (unspecified) portions of that code. (*See* Complaint, ¶¶ 24-26.)

Not only is nothing alleged as to what aspects or portions of its entire "software code" might be a trade secret or might have been misappropriated, Mobius is now apparently abandoning that claim and asserting instead that Acartus has somehow misappropriated trade secrets in the underlying, basic DAF file format used for customers' data. Yet nowhere does the Complaint allege that Mobius has any specific trade secrets in connection with the file format or identify what those trade secrets might be, if there allegedly were any. Nor does Mobius allege that Acartus misappropriated any trade secrets in the DAF file format.[2] Accordingly, Count V is fatally flawed and should be dismissed as a matter of law.[3]

---

[2]  If Mobius were to make such formal allegations, Acartus would vigorously deny them. There is no conceivable way that the basic DAF file format can be a trade secret, given that a DAF file is customer data and publicly accessible. Moreover, Acartus has not misappropriated any trade secret of Mobius.

[3]  Even if Count V were allowed to proceed as a claim of misappropriation with respect to alleged trade secrets in the DAF file format, Mobius would need to identify with particularity, in discovery, what specific aspects of the DAF file format Mobius would contend constitute its trade secrets. Under well established Delaware law, a trade secret owner must specify in detail in discovery the particulars of the trade secrets, such as the specific components and combinations of components of a product, claimed to be the misappropriated trade secrets. *Struthers Scientific Int'l Corp. v. General Foods Corp.*, 51 F.R.D. 149, 153 (D. Del. 1970) Moreover, Mobius would need to specify these particulars <u>before</u> Acartus would have to provide discovery, including pursuant to Mobius' second document request mentioned in footnote 1 above. *Engelhard Corp. v. Savin Corp.*, 505 A.2d 30 (Del. Ch. 1986).

In *Engelhard*, in granting defendant's motion for a protective order against discovery served by plaintiff on a trade secrets claim, the court held that, in order to prevent "disclosure of an adversary litigant's trade secrets beyond what is necessary for the" litigation and to determine the appropriate parameters of discovery, the plaintiff in a trade

(Continued. . .)

## CONCLUSION

Count V of the Complaint filed by Mobius fails to state a claim upon which relief can be granted.  Accordingly, Count V should be dismissed.  Acartus requests that any remaining claims be stayed while the parties finalize their settlement of those claims (a proposed form of order is attached).

MORRIS, NICHOLS, ARSHT & TUNNELL

*/s/ Mary B. Graham*

Mary B. Graham (#2256)
James W. Parrett, Jr. (#4292)
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899
302.658.9200

*Attorneys for Defendant Acartus, Inc.*

OF COUNSEL:

Regan J. Fay
Meredith M. Wilkes
JONES DAY
North Point
901 Lakeside Avenue
Cleveland, OH  44114-1190
216.586.7231

Dated:  September 7, 2005
481819

---

(. . .continued)

secrets case must first "identify with reasonable particularity the matter which it claims to constitute a trade secret, before it will be allowed . . . discovery of its adversary's trade secrets."  *Id.* at 33 (citations omitted); *see also SmithKline Beecham Pharms. Co. v. Merck & Co.*, 766 A.2d 442, 447 (2000) ("In cases involving trade secrets, the plaintiff is required to disclose, before obtaining discovery of confidential proprietary information of its adversary, the trade secrets it claims were misappropriated."); *Magnox v Turner*, C.A. No. 11951, 1991 Del. Ch. LEXIS 140, at *4 (Del. Ch. Sept. 10, 1991) ("The purpose of this requirement [of *Engelhard*] is to set the outer boundaries of discovery in order to avoid needless exposure of a defendant's trade secrets.  Only after a plaintiff has identified the trade secret that has allegedly been misappropriated can the relevance, and therefore the scope, of discovery be determined.").

## CERTIFICATE OF SERVICE

I hereby certify that on September 7, 2005, I caused the foregoing to be electronically filed with the Clerk of the Court using CM/ECF which will send electronic notification of such filing to the following:

> Kurt Michael Heyman
> THE BAYARD FIRM
> 222 Delaware Avenue
> Suite 900
> P.O. Box 25130
> Wilmington, DE  19899

Additionally, I hereby certify that true and correct copies of the foregoing were caused to be served on September 7, 2005, upon the following individuals in the manner indicated:

**BY HAND**:

> Kurt Michael Heyman
> THE BAYARD FIRM
> 222 Delaware Avenue
> Suite 900
> P.O. Box 25130
> Wilmington, DE  19899

**BY FACSIMILE**:

> Randy Lipsitz
> KRAMER LEVIN NAFTALIS & FRANKEL LLP
> 1177 Avenue of the Americas
> New York, NY  10036

*/s/ Mary B. Graham*

Mary B. Graham (#2256)

481819