IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| MOBIUS MANAGEMENT SYSTEMS, INC., : | |
| : | |
| Plaintiff, : | |
| : | |
| v. : | C.A. No. 05-346 SLR |
| : | |
| ACARTUS, INC., : | |
| : | |
| Defendant. : | |

**MEMORANDUM OF PLAINTIFF**
**MOBIUS MANAGEMENT SYSTEMS IN OPPOSITION**
**TO DEFENDANT ACARTUS' MOTION TO DISMISS AND FOR A STAY**

THE BAYARD FIRM
Kurt M. Heyman (# 3054)
Linda E. Beebe (# 4634)
Email: kheyman@bayardfirm.com
Email: lbeebe@bayardfirm.com
222 Delaware Avenue, Suite 900
P.O. Box 25130
Wilmington, DE 19899
(302) 655-5000

Attorneys for Plaintiff
Mobius Management Systems, Inc.

OF COUNSEL:

KRAMER LEVIN NAFTALIS & FRANKEL LLP
Randy Lipsitz
Jonathan M. Wagner
Norman C. Simon
1177 Avenue of the Americas
New York, New York 10036
(212) 715-9100

Dated: September 20, 2005

602081v1
KL3:2464992 3

## Table of Contents

| | Page |
|---|---|
| Preliminary Statement | 1 |
| Facts | 1 |
| Argument | 4 |
| I. MOBIUS' AMENDED COMPLAINT MOOTS ACARTUS' MOTION TO DISMISS | 4 |
| II. THE COURT SHOULD REJECT ACARTUS' REQUEST FOR A STAY | 9 |
| Conclusion | 10 |

## Preliminary Statement

Plaintiff Mobius Management Systems respectfully submits this memorandum in opposition to the motion of defendant Acartus to (i) dismiss Mobius' trade secrets claim, and (ii) stay Mobius' federal and state claims for trademark infringement and false advertising. As set forth below, and although there is nothing wrong with Mobius' trade secrets claim as pleaded, Acartus' complaints about that claim are moot because Mobius has now served an amended pleading. The Court should also deny Acartus' motion to stay Mobius' remaining claims because, even though Acartus agreed to the entry of a preliminary injunction with respect to those claims, Mobius' request for permanent injunctive relief and damages remains to be litigated.

## Facts

The following facts are set forth in Mobius' complaint, attached as Exhibit A to the declaration of Jonathan M. Wagner of Kramer Levin Naftalis & Frankel LLP, co-counsel with The Bayard Firm to Mobius, and the other documents attached as exhibits to Mr. Wagner's declaration.

Mobius, a Delaware corporation based in New York, is a leading provider of enterprise software products and services designed to optimize the storage, retrieval and presentation of large volumes of data. A public company traded on the NASDAQ exchange, plaintiff has used its "Mobius" mark for over twenty years. During that time, the company has spent substantial sums promoting its goods and services bearing that mark. Today, Mobius' products are sold to private and public organizations across the country and world, spanning a wide range of industries. (Compl., ¶¶ 3, 7-13).[1]

---

[1] D.I. 1.

Defendant Acartus, a Delaware corporation headquartered in Colorado, claims to market products and services that, like Mobius', enable customers to capture, process, index, store, and access electronically documents and data. (*Id.* at ¶ 4). Earlier this year, Mobius learned that Acartus was touting a product alternatively called "Mobius DAF Export Utility," "Mobius Replacement Solution," and "ApertureONE Extraction Utility for Mobius DAF Files." Acartus claimed that its product enables Mobius customers to migrate entire archives out of Mobius "DAF" or Document Archive File format into an archive that could be stored in an Acartus repository. (*Id.* at ¶ 15). Acartus' product has no connection whatsoever to the real Mobius. Rather, Acartus was improperly using plaintiff's identical "Mobius" trademark, thereby capitalizing on plaintiff's hard-earned goodwill and reputation and endangering Mobius' control over its mark. Acartus also made false statements about Mobius' product in its promotional material. (*Id.* at ¶¶ 15-23).

On account of these violations of Mobius' Lanham Act and other intellectual property rights, Mobius commenced this action in late May 2005. In addition to pleading federal and state trademark and false advertising claims (*id.* at ¶¶ 27-43), Mobius pleaded a claim for theft of trade secrets. Mobius alleged that "for Acartus to construct a product designed to migrate archives out of the Mobius DAF format, it may have been necessary for Acartus to have had inappropriate access to Mobius' software and to have improperly copied portions of Mobius['] unique software code into its export utility." (*Id.* at ¶ 24). The complaint then noted that "at least one former Mobius employee is presently employed by Acartus" and "[t]hat employee had access to confidential proprietary information concerning Mobius' software, including Mobius' software code, during his employment with Mobius." (*Id.* at ¶ 25). The complaint went on to allege that "to the extent that Acartus has improperly copied Mobius'

2

software or used Mobius' confidential and proprietary information without Mobius' consent for a competitive advantage and otherwise infringed Mobius' intellectual property rights, Acartus has engaged in unfair competition in violation of common law." (*Id.* at ¶ 26). Mobius' Count V cited this conduct in pleading an unfair competition claim. (*Id.* at ¶¶ 48-49).

In early July, Mobius moved for a preliminary injunction addressed to Acartus' trademark violations and false advertising. (Wagner decl., Exh. B).[2] Mobius also moved for expedited discovery addressed to its trade secrets claim – and not, as Acartus mistakenly contends, addressed to the claims for which Mobius sought a preliminary injunction. Mobius' brief specifically stated that Mobius "believes that Acartus is using Mobius' trade secrets in reverse engineering its product. Thus, Mobius requests expedited discovery addressed to that issue." (Plaintiff Mobius' Memorandum in Support of Motion for Preliminary Injunction at 2).[3] Mobius' First Request for Production of Documents (Wagner decl., Exh. C) asked for documents specifically addressed to the trade secret issues, so that Mobius could determine the extent to which Acartus' product improperly used Mobius trade secrets.

On July 6, 2005, the Court entered an order scheduling a preliminary injunction hearing for August 1. The Court also ordered Acartus to "respond to plaintiff's first set of requests for production of documents and things on or before July 22, 2005." (Wagner decl., Exh. D).[4]

Thereafter, the parties agreed to the entry of an order addressing Mobius' preliminary injunction application. Acartus agreed, until a decision at any final trial in this

---

[2]   D.I. 6.

[3]   D.I. 7.

[4]   D.I. 11.

3

action, to "refrain from using in connection with the sale, offering for sale, distribution, promotion or advertising of its services or products, the marks 'Mobius DAF Export Utility,' 'Mobius Replacement Solution,' and 'ApertureONE Extraction Utility for Mobius DAF Files,' and will refrain from using, as a source identifier, the terms 'Mobius' or 'ViewDirect,' or any other mark, term or phrase confusingly similar thereto as a source identifier." (Wagner decl., Exh. E). Acartus also agreed to refrain through October 1 from making certain statements about Mobius' product in its advertising, and to provide Mobius with notice and an opportunity to move for an injunction in the event Acartus thereafter desired to make the statements in question. (*Id.*). Finally, Mobius agreed to extensions of time for Acartus to respond to the outstanding discovery, the latest to September 12. (Wagner decl., Exh. F).

On September 6, Acartus filed its motion to dismiss and for a stay. On September 12, Acartus served a response to Mobius' document request, stating that Mobius' request was "premature" pending resolution of this motion. (Wagner decl., Exh. G). Acartus, however, never moved for relief from the Court's prior order concerning Mobius' first document request.

Argument

I.  MOBIUS AMENDED COMPLAINT
    MOOTS ACARTUS' MOTION TO DISMISS

Acartus' motion to dismiss should be denied because Mobius' complaint adequately pleads a claim for misappropriation of trade secrets, but in any event to eliminate any doubt Mobius has filed an amended complaint which addresses Acartus' supposed concerns about that claim.

Acartus maintains that Mobius' original pleading failed to provide adequate detail concerning the nature of the Mobius trade secrets improperly used by Acartus. (Acartus Br. at 5). However, Acartus acknowledges that the "liberal standard" applicable on a motion to dismiss

4

requires the Court to "generously construe the allegations of [the] Complaint in the light most favorable to the plaintiff." (Acartus Br. at 4). "[A] plaintiff need not allege the existence of every element of his or her claim as long as the allegations plead facts sufficient to provide the defendant with 'fair notice of the transaction' and to 'set[ ] forth the material points necessary to sustain recovery.'" *Enzo Life Sci., Inc. v. Digene Corp.*, 295 F. Supp. 2d 424, 427 (D. Del. 2003). The allegations of Count V of the original complaint gave Acartus adequate notice of Mobius' claim. Mobius alleged that a former Mobius employee with access to Mobius trade secrets now works for Acartus. The pleading also alleges that "for Acartus to construct a product designed to migrate archives out of the Mobius DAF format, it may have been necessary for Acartus to have had inappropriate access to Mobius' software and to have improperly copied portions of Mobius unique software code into its export utility" and "[t]o the extent that Acartus has improperly copied Mobius' software . . . for a competitive advantage. . . Acartus has engaged in unfair competition in violation of common law." (Compl. ¶¶ 24, 26).

Acartus also cites *Savor, Inc. v. FMR Corp.*, No. 00C-10-249-JRS, 2001 Del. Super. LEXIS 170 (Del. Super. Ct. Apr. 24, 2001), *aff'd*, 812 A.2d 894 (Del. 2002) (Acartus Br. at 5) for the proposition that "[f]ailure to provide a meaningful identification of the trade secrets at issue resulted in dismissal of the plaintiff's second amended complaint" in that case. However, the Delaware Supreme Court ultimately held that the plaintiff in that case had properly pleaded a trade secrets claim, noting that "[u]nder the liberal notice pleading standards governing this motion, we find that the Complaint adequately states a misappropriation of trade secrets claim." *Savor, Inc. v. FMR Corp.*, 812 A.2d 894, 897 (Del. 2002). Measured against the proper standard, and as set forth above, Mobius' original pleading provided adequate detail. To the extent Acartus seeks more detail, it can obtain that information in discovery. Indeed, Acartus has

served discovery requests designed to elicit those details. (Wagner decl., Exh. H). On this issue, Acartus also overlooks that its failure to respond to Mobius' outstanding discovery requests has stymied Mobius' efforts to learn the full extent of Acartus' misuse of Mobius' trade secrets.[5]

In any event, to remove all doubt, Mobius has today filed an amended complaint, which expressly adds a claim for misappropriation of trade secrets in violation of Delaware's Uniform Trade Secrets Act. (Wagner decl., Exhs. I & J). "A party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served . . . ." Fed. R. Civ. P. 15(a). "[T]he filing of a motion does not constitute a 'responsive pleading' and therefore does not terminate the time within which a pleading may be amended as of right." [6]

---

[5] The *Savor* decision also illustrates that Mobius' claim cannot be defeated on a motion to dismiss by Acartus' contention that Mobius' trade secrets were publicly accessible. (Acartus Br. at 6 n.2). As the *Savor* Court held:

> Appellees say that the Savor Program cannot be a trade secret because it is nothing but a combination of widely known business and marketing techniques associated with rebate programs. If there is something more to Savor's claim, they say that the complaint gives them insufficient information from which to prepare a response. Appellees also contend that Savor's claim must be dismissed because the Complaint itself reveals that Savor failed to take reasonable steps to maintain the confidentiality of its purported trade secret. Finally, they say that the Complaint fails to adequately allege that [appellees] misappropriated the trade secret.
>
> The short answer to these arguments is that, at this stage of the proceedings, Savor gets the benefit of all favorable inferences. Savor alleges that its program was a unique set of marketing strategies and processes that combined consumer rebates with college investment plans. Even if the basic components of the program were well known, as appellees argue, the program still may be a protectable trade secret if it is a unique combination of those components. That determination, along with factual findings about whether Savor adequately protected the confidentiality of its program or whether appellees misappropriated it, cannot be resolved on a motion to dismiss.

812 A.2d at 897.

Wright & Miller, *Federal Practice & Procedure* 2d § 1475 (1990). *See also Centifanti v. Nix*, 865 F.2d 1422, 1431 n.9 (3d Cir. 1989). Mobius' revised pleading, which contains substantial detail concerning the nature of the trade secrets improperly used by Acartus, moots Acartus' motion. *See, e.g., Shaw v. Hickory Farms, Inc.*, No. 3:05CV242, 2005 WL 1226000, at *2 (M.D. Pa. May 23, 2005) (Exh. A, attached) ("As the defendants' motion to dismiss addresses the original complaint . . . [plaintiff's] amendment renders this motion moot.").

The amended complaint states that following service of Mobius' original complaint, "Acartus informed Mobius that it had developed its competing product having all the features, functionalities and abilities noted in the Acartus product literature by reverse engineering a DAF archive file that it had accessed from an internet site," and obtained documentation from that web-site (Wagner decl., Exh. I at ¶ 26). That internet posting emanated from a former Mobius customer without Mobius' knowledge or consent and in violation of the confidentiality provisions of a license agreement governing the use of Mobius' products. (*Id.*). The amended complaint goes on to allege that:

> The Mobius DAF file format is a trade secret file format, sophisticated and variable in nature, and able to deal with computer generated and non-computer generated information created in a wide variety of formats, including but not limited to text, laser printer formatted documents, images, web formats, desktop documents, audio and video. As such, the DAF contains a number of proprietary and trade secret elements in addition to the "human visible or audible content" that enable the DAF to be used to properly find, render and present that wide variety of formats without which any converted version of the DAF would not be a complete rendition of the original. These elements include the encoding scheme, separation information with regard to the DAFs within a compound DAF, pagination and indexing information, resources such as forms fonts and logos used to render complex laser printer formatted documents, the compression algorithm as well as an encoding and page count facilities to insure the DAF's integrity.

(*Id.* at ¶ 27).

Upon learning of the improper internet posting, Mobius took prompt action to protect its trade secrets, notifying the entity which caused the DAF files to be posted and obtaining removal of the files and documentation from the website in question. (*Id.* at ¶ 28).

The amended complaint further pleads that Mobius provided notice to Acartus that the DAF files were posted improperly and contained confidential and trade secret information belonging to Mobius. (*Id.* at ¶ 29). Mobius further advised Acartus that based on well-established industry practice, Acartus at minimum should have known that (i) its access to, use and reverse engineering of the DAF files violated Mobius' intellectual property rights, (ii) the files contain trade secret and confidential information of Mobius, and (iii) reverse engineering thereof by Acartus was wrongful and unauthorized. (*Id.*). Indeed, Mobius' former employee who works for Acartus should well know that the DAF file is a Mobius trade secret. Mobius also noted that Acartus' future use and disclosure of any information gained by access to the posted file constituted misappropriation and misuse of Mobius trade secrets and confidential information. (*Id.*). Nevertheless, Acartus continues to sell the product. (*Id.*).

Finally, the amended complaint alleges:

> The DAF file improperly accessed and reverse engineered by Acartus was a low level DAF file that had limited sophistication and incorporation of Mobius trade secrets. In order for the Acartus product to perform as advertised having all of the features, functionalities and abilities noted in the Acartus product literature, it would have been necessary for Acartus to have had improper access to and to have reverse engineered other proprietary and trade secret files of Mobius. Acartus' access to and reverse engineering of proprietary Mobius files and software containing Mobius trade secrets, including but not limited to the improperly posted DAF file for its own economic advantage constituted improper copying of Mobius' confidential and proprietary information without Mobius' consent and theft of trade secrets in violation of the Delaware Uniform Trade Secrets Act and the common law of unfair competition.

*Id.* at ¶ 30.

These allegations more than suffice to state a claim under Delaware's Uniform Trade Secrets Act, 6 *Del. C.* § 2001 *et seq.* (*Id.* at ¶¶ 29-30). *See Bell Helicopter Textron, Inc. v. Tridair Helicopters, Inc.*, 982 F. Supp. 318, 321 (D. Del. 1997) (denying motion to dismiss claim under Delaware Uniform Trade Secrets Act; trade secrets plaintiff "need not allege [counterclaim defendant] wrongfully gained access to its trade secrets under" the Uniform Act); *Savor Inc. v. FMR Corp.*, 812 A.2d at 895 (reversing decision granting motion to dismiss Uniform Trade Secrets Act claim, where those allegations "meet [] the minimal standards governing notice pleading"); *Sanirab Corp. v. Sunroc Corp*, No. 00C-02-191-SCD, 2002 WL 1288732, at *3 (Del. Super. Ct. Apr. 29, 2002) (Exh. B, attached) (denying summary judgment motion addressed to trade secrets claim; "Trade secrets should be given an expansive meaning and interpretation. 'The mere fact that aspects of a trade secret process can be found in publications does not mean that the process is not a trade secret.'") (citation omitted).

## II. THE COURT SHOULD REJECT ACARTUS' REQUEST FOR A STAY

Without citing any legal authority, Acartus requests that "any remaining claims be stayed while the parties finalize their settlement of those claims." (Acartus Br. at 7). The Court should reject this request. First, the parties have not settled the remaining claims. While the parties have reached an agreement that resolved Mobius' application for a *preliminary* injunction, Acartus has not agreed to a *permanent* injunction with respect to its violation of Mobius' trademark rights and false advertising. Second, even if Acartus were to consent to a permanent injunction, Mobius has asserted claims for damages caused by Acartus' violation of Mobius' Lanham Act rights and misappropriation of its trade secrets.

Rather than seek a stay, Acartus should comply with the discovery obligations already imposed by the Court in July in granting Mobius' request for expedited discovery.

While Mobius extended Acartus' time to produce documents, the time has long passed for Acartus to comply.

## Conclusion

For these reasons, the Court should deny Acartus' motion.

Respectfully submitted,

THE BAYARD FIRM

*/s/ Kurt M. Heyman/*

Kurt M. Heyman (# 3054)
Linda E. Beebe (# 4634)
Email: kheyman@bayardfirm.com
Email: lbeebe@bayardfirm.com
222 Delaware Avenue, Suite 900
P.O. Box 25130
Wilmington, DE 19899
(302) 655-5000

Attorneys for Plaintiff
Mobius Management Systems, Inc.

OF COUNSEL:

KRAMER LEVIN NAFTALIS & FRANKEL LLP
Randy Lipsitz
Jonathan M. Wagner
Norman C. Simon
1177 Avenue of the Americas
New York, New York 10036
(212) 715-9100

Dated: September 20, 2005