# Exhibit G

To the Declaration of Jonathan Wagner

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| MOBIUS MANAGEMENT SYSTEMS, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 05-346 SLR |
| ) | |
| ACARTUS, INC., ) | |
| ) | |
| Defendant. ) | |

## NOTICE OF SERVICE

PLEASE TAKE NOTICE that true and correct copies of *Defendant Acartus, Inc.'s Responses and Objections to Plaintiff's First Request for Production of Documents and Things* and *Defendant Acartus, Inc.'s Responses and Objections to Plaintiff's Second Set of Requests for Production of Documents and Things* were caused to be served on September 12, 2005 upon the following in the manner indicated:

**BY HAND**

Kurt Michael Heyman
THE BAYARD FIRM
222 Delaware Avenue
Suite 900
P.O. Box 25130
Wilmington, DE 19899

**BY FACSIMILE:**

Randy Lipsitz
KRAMER LEVIN NAFTALIS & FRANKEL LLP
1177 Avenue of the Americas
New York, NY 10036

MORRIS, NICHOLS, ARSHT & TUNNELL

*/s/ Mary B. Graham*

Mary B. Graham (#2256)
James W. Parrett, Jr. (#4292)
1201 N. Market Street
P.O. Box 1347
Wilmington, DE 19801
(302) 658-9200

*Attorneys for Defendant Acartus, Inc.*

OF COUNSEL:

Regan Fay
Meredith M. Wilkes
JONES DAY
North Point
901 Lakeside Avenue
Cleveland, OH  44114-1190
Tele: 216.586.7231

Dated:  September 12, 2005

## CERTIFICATE OF SERVICE

I hereby certify that on September 12, 2005, I caused the foregoing to be electronically filed with the Clerk of the Court using CM/ECF which will send electronic notification of such filing to the following:

> Kurt Michael Heyman
> THE BAYARD FIRM
> 222 Delaware Avenue
> Suite 900
> P.O. Box 25130
> Wilmington, DE 19899

Additionally, I hereby certify that true and correct copies of the foregoing were caused to be served on September 12, 2005 upon the following individuals in the manner indicated:

**BY HAND**:

> Kurt Michael Heyman
> THE BAYARD FIRM
> 222 Delaware Avenue
> Suite 900
> P.O. Box 25130
> Wilmington, DE 19899

**BY FACSIMILE**:

> Randy Lipsitz
> KRAMER LEVIN NAFTALIS & FRANKEL LLP
> 1177 Avenue of the Americas
> New York, NY 10036

/s/ *Mary B. Graham*

Mary B. Graham (#2256)

479187

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| MOBIUS MANAGEMENT SYSTEMS, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 05-346 SLR |
| ) | |
| ACARTUS, INC., ) | |
| ) | |
| Defendant. ) | |
| ) | |

**DEFENDANT ACARTUS, INC.'S RESPONSES AND OBJECTIONS
TO PLAINTIFF'S FIRST REQUEST FOR
PRODUCTION OF DOCUMENTS AND THINGS**

Acartus, Inc. ("Acartus"), hereby responds to the Request for Production of Documents and Things served by Mobius Management Systems, Inc. ("Mobius").

**PRELIMINARY STATEMENT**

Mobius filed its Complaint against Acartus on May 31, 2005 alleging trademark infringement, false designation of origin, false advertising, deceptive trade practices and unfair competition. (D.I. 1) The gravaman of the Complaint is that Acartus allegedly used Mobius' trademark when selling a data file export utility for a data management system and made false statements when advertising Acartus' export utility. The parties have resolved the issues of trademark infringement and false advertising. (*See* Stipulation and Order dated July 25, 2005).

Despite resolution of these issues, and despite termination of the hearing on the motion for preliminary injunction, Mobius is now seeking responses to discovery it served on July 6, 2005 and August 17, 2005. At best, the discovery is premature.

On September 7, 2005, Acartus filed a Motion to Stay Counts I-IV of the Complaint and a Motion to Dismiss Count V of the Complaint. Acartus moved to stay Counts I-

IV so that counsel could resolve any outstanding issues which might remain regarding these claims. Count V, on the other hand, is fatally flawed and Acartus moved to dismiss Count V of the Complaint, the "unfair competition" claim which Mobius is attempting to cast as a claim for misappropriation of trade secrets, on the grounds that Mobius has failed to state a cognizable claim of unfair competition or trade secret misappropriation.

Because Acartus has filed a Motion to Stay Counts I-IV, and because the hearing for a preliminary injunction has been terminated, Acartus should not be required at this time to respond to any discovery directed to Counts I-IV of the Complaint. Nor should Acartus be required to respond before the time that Mobius has made its requisite Rule 26 Disclosures.

Any discovery directed to Mobius' defective "trade secrets" claim is also inappropriate and Acartus should not be required to respond to the Second Request for Production of Documents and Things Served on August 17, 2005. Well-settled Delaware law dictates that: (a) the Delaware Trade Secrets Act preempts Count V of the Complaint; and (b) Mobius must provide a meaningful identification of the trade secrets it claims has been misappropriated to state a claim for relief and *before* it is permitted to engage in discovery. *Savor, Inc. v. FMR Corp.*, C.A. No. 00C-10-249-JRS, 2001 Del. Super. LEXIS, at * 10-13 (Del. Super. Ct. Mar. 13, 2001); *Struthers Scientific Int'l Corp. v. General Foods Corp.*, 51 F.R.D. 149, 153 (D. Del. 1970); *Engelhard Corp. v. Savin Corp.*, 505 A. 2d 30 (Del. Ch. 1986). Mobius cannot dispute that it has not done so.

## GENERAL OBJECTIONS

The following General Objections apply to all of Acartus' Responses to Mobius' Request for Production of Documents and Things.

2

1. Acartus objects to the Definitions and Instructions set forth in Mobius' Request for Production of Documents and Things (the "Requests") to the extent that they purport to impose any obligation on Acartus beyond those imposed by the Federal Rules of Civil Procedure, including, but not limited to, Acartus' obligations to respond to discovery served by Mobius before Mobius makes its disclosures pursuant to Rule 26 of the Federal Rules of Civil Procedure.

2. Acartus objects to the Requests in accordance with the Preliminary Statement. Acartus further objects to the discovery as overbroad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence.

3. Acartus objects to the Requests to the extent they seek information that is confidential and proprietary to Acartus. Upon entry of the appropriate protective order, if necessary, Acartus will supplement its responses.

## DOCUMENT REQUESTS

**REQUEST NO. 1:**

All documents concerning Mobius.

**RESPONSE:**

Acartus objects to the foregoing Request to the extent that it seeks materials beyond the custody or control of Acartus. Further, Acartus objects to the foregoing Request on the grounds that it is premature. Finally, Acartus objects to the foregoing Request on the grounds that it is overly broad and unduly burdensome in seeking each document which may reference the term "Mobius." To the extent there are any viable claims remaining after Plaintiff makes its requisite disclosures, Acartus will supplement this response as necessary.

3

**REQUEST NO. 2:**

All documents concerning ViewDirect.

**RESPONSE:**

Acartus objects to the foregoing Request to the extent that it seeks materials beyond the custody or control of Acartus. Further, Acartus objects to the foregoing Request on the grounds that it is premature. Finally, Acartus objects to the foregoing Request on the grounds that it is overly broad and unduly burdensome in seeking each document which may reference the term "ViewDirect." To the extent there are any viable claims remaining after Plaintiff makes its requisite disclosures, Acartus will supplement this response as necessary.

**REQUEST NO. 3:**

All documents concerning the development of the Migration Software.

**RESPONSE:**

Acartus objects to the foregoing Requests on the grounds that it is overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence with respect to any claim for relief properly pled in the Complaint. Acartus further objects to the foregoing Request on the grounds that it is premature as Mobius has failed to properly plead an alleged claim of trade secret misappropriation. Finally, Acartus objects to the foregoing Request on the grounds that it seeks materials confidential and proprietary to Acartus. After Plaintiff properly identifies its trade secrets and makes its requisite disclosures, and upon entry of the appropriate protective order, Acartus will supplement this response as necessary.

**REQUEST NO. 4:**

Documents sufficient to identify Acartus' customers for the Migration Software.

4

**RESPONSE:**

Acartus objects to the foregoing Request on the grounds that it is premature as Plaintiff has failed to properly plead an alleged claim of trade secret misappropriation. Acartus further objects to the foregoing Request on the grounds that it seeks information confidential and proprietary to Acartus. Finally, Acartus objects to the foregoing Request on the grounds that it is overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence in seeking each document which may reference an Acartus customer. To the extent there are any viable claims remaining after Plaintiff makes its requisite disclosures and requisite identification of the trade secret(s) it claims have been misappropriated, and upon entry of the appropriate protective order, Acartus will supplement its response as necessary.

          MORRIS, NICHOLS, ARSHT & TUNNELL

          _/s/ Mary B. Graham_

          Mary B. Graham (#2256)
          James W. Parrett, Jr. (#4292)
          1201 North Market Street
          P.O. Box 1347
          Wilmington, DE 19899
          302.658.9200

          *Attorneys for Defendant Acartus, Inc.*

OF COUNSEL:

Regan J. Fay
Meredith M. Wilkes
JONES DAY
North Point
901 Lakeside Avenue
Cleveland, OH 44114-1190
216.586.7231

Dated: September 12, 2005
482757

5

CERTIFICATE OF SERVICE

The undersigned hereby certifies that true and correct copies of the foregoing were caused to be served on September 12, 2005, upon the following counsel of record in the manner indicated:

**BY HAND**:

Kurt Michael Heyman
THE BAYARD FIRM
222 Delaware Avenue
Suite 900
P.O. Box 25130
Wilmington, DE  19899

**BY FACSIMILE**:

Randy Lipsitz
KRAMER LEVIN NAFTALIS & FRANKEL LLP
1177 Avenue of the Americas
New York, NY  10036

_____
Mary B. Graham (#2256)

479194

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| MOBIUS MANAGEMENT SYSTEMS, INC., )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>ACARTUS, INC., )<br>)<br>Defendant. )<br>) | Civil Action No. 05-346 SLR |

**DEFENDANT ACARTUS, INC.'S RESPONSES AND OBJECTIONS
TO PLAINTIFF'S SECOND SET OF REQUESTS FOR
PRODUCTION OF DOCUMENTS AND THINGS**

Acartus, Inc. ("Acartus"), hereby responds to the Second Set of Requests for Production of Documents and Things served by Mobius Management Systems, Inc. ("Mobius").

**PRELIMINARY STATEMENT**

Mobius filed its Complaint against Acartus on May 31, 2005 alleging trademark infringement, false designation of origin, false advertising, deceptive trade practices and unfair competition. (D.I. 1) The gravaman of the Complaint is that Acartus allegedly used Mobius' trademark when selling a data file export utility for a data management system and made false statements when advertising Acartus' export utility. The parties have resolved the issues of trademark infringement and false advertising. (*See* Stipulation and Order dated July 25, 2005).

Mobius now seeks to prolong this matter by raising a claim, which has not been pled, that Acartus has misappropriated trade secrets. Mobius relies on the catch-all "unfair competition" claim in Count V of the Complaint to support this assertion. Mobius then served document requests which appear to relate to the "unfair competition" claim, as they do not appear to relate to any of the claims Counts I-IV of the Complaint.

On September 7, 2005, Acartus filed a Motion to Stay Counts I-IV of the Complaint and a Motion to Dismiss Count V of the Complaint. Count V, captioned "unfair competition," is fatally flawed and must be dismissed. Mobius has failed to state a cognizable claim of trade secret misappropriation.

Any discovery directed to Mobius' defective "trade secrets" claim is entirely inappropriate and Acartus should not be required to respond to the Second Request for Production of Documents and Things Served on August 17, 2005. Well-settled Delaware law dictates that: (a) the Delaware Trade Secrets Act preempts Count V of the Complaint warranting dismissal of the claim from the Complaint; and (b) Mobius must provide a meaningful identification of the trade secrets it claims have been misappropriated to state a claim for relief and *before* it is permitted to engage in discovery. *Savor, Inc. v. FMR Corp.*, C.A. No. 00C-10-249-JRS, 2001 Del. Super. LEXIS, at * 10-13 (Del. Super. Ct. Mar. 13, 2001); *Struthers Scientific Int'l Corp. v. General Foods Corp.*, 51 F.R.D. 149, 153 (D. Del. 1970); *Engelhard Corp. v. Savin Corp.*, 505 A. 2d 30 (Del. Ch. 1986). Mobius cannot dispute that it has failed to do so. If the Court permits the "unfair competition" claim to proceed, Acartus should not have to respond to any discovery served by Mobius until Mobius provides a detailed description of the trade secret(s) it claims have been misappropriated.

## GENERAL OBJECTIONS

The following General Objections apply to all of Acartus' Responses to Mobius' Second Request for Production of Documents and Things.

1.   Acartus objects to the Definitions and Instructions set forth in Mobius' Request for Production of Documents and Things (the "Requests") to the extent that they purport to impose any obligation on Acartus beyond those imposed by the Federal Rules of Civil

2

Procedure, including, but not limited to, Acartus' obligations to respond to discovery served by Mobius before Mobius makes its disclosures pursuant to Rule 26 of the Federal Rules of Civil Procedure.

    2.    Acartus objects to the Requests in accordance with the Preliminary Statement and on the grounds that the Requests are premature. Mobius has failed to properly allege trade secrets it may claim have been misappropriated and, until such time, Acartus has no obligation to respond to any discovery related to such a claim. Acartus further objects to the discovery as overbroad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence.

    3.    Acartus objects to the Requests to the extent they seek information that is confidential and proprietary to Acartus. Upon entry of the appropriate protective order, after Mobius properly identifies any trade secrets it may claim have been misappropriated and responds to Acartus' discovery detailing such trade secrets, Acartus will supplement its responses if necessary.

## DOCUMENT REQUESTS

### REQUEST NO. 1.

All documents concerning Mobius' products DocumentDirect, DocumentDirect for the Internet, DocuAnalyzer, INFOPAC, INFOPAC-JCL, INFOPAC for MVS, INFOPAC for Networks, INFOPAC for VSE, ABS and any other Mobius product.

### RESPONSE:

Acartus incorporates its General Objections and further objects to the foregoing Request on the grounds that it is overly broad and unduly burdensome. Finally, Acartus objects to the foregoing Request on the grounds that it seeks materials beyond the custody or control of Acartus.

**REQUEST NO. 2.**

All copies of any Mobius DAF or archive files.

**RESPONSE:**

Acartus incorporates its General Objections and further objects to the foregoing on the grounds that it is vague as to "archive files."

**REQUEST NO. 3.**

All copies of files purported to be exported from Mobius DAF files to Acartus software.

**RESPONSE:**

Acartus incorporates its General Objections and further objects to the foregoing Request on the grounds that is seeks materials beyond the custody or control of Acartus. Finally Acartus objects to the foregoing Request on the grounds that it is vague as to "files purported to be exported from Mobius DAF files to Acartus software."

**REQUEST NO. 4.**

All software provided to Acartus and either (i) created by Mobius, (ii) accessing Mobius software, or (iii) provided by customers to Acartus that are related to Mobius software.

**RESPONSE:**

Acartus incorporates its General Objections and further objects to the foregoing Request on the grounds that is seeks materials beyond the custody or control of Acartus. Finally Acartus objects to the foregoing Request on the grounds that it is vague as to "software provided to Acartus and…accessing Mobius software." Subject to and without waiving the foregoing, Acartus has never been and is not in possession of any such documents.

**REQUEST NO. 5.**

All confidentiality agreements between Mobius and any party.

4

**RESPONSE:**

Acartus incorporates its General Objections and further objects to the foregoing Request on the grounds that is seeks materials beyond the custody or control of Acartus.

**REQUEST NO. 6.**

All lists of customers or prospective customers for Mobius' products.

**RESPONSE:**

Acartus incorporates its General Objections and further objects to the foregoing Request on the grounds that is seeks materials beyond the custody or control of Acartus. Subject to and without waiving the foregoing, Acartus has never been and is not in possession of any such documents.

**REQUEST NO. 7.**

Documentation for all file formats supported by Acartus as originating from Mobius DAF or archive files.

**RESPONSE:**

Acartus incorporates its General Objections and further objects to the foregoing Request on the grounds that it is vague as to "originating from" and "archive files". Acartus further objects to the foregoing Request on the grounds that it is overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence to the extent it seeks documents relating to all programs and file formats Acartus may support.

                    MORRIS, NICHOLS, ARSHT & TUNNELL

*/s/ Mary B. Graham*
Mary B. Graham (#2256)
James W. Parrett, Jr. (#4292)
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899
302.658.9200

OF COUNSEL:

                    *Attorneys for Defendant Acartus, Inc.*

Regan J. Fay
Meredith M. Wilkes
JONES DAY
North Point
901 Lakeside Avenue
Cleveland, OH 44114-1190
216.586.7231

Dated: September 12, 2005
482773

6

CERTIFICATE OF SERVICE

The undersigned hereby certifies that true and correct copies of the foregoing were caused to be served on September 12, 2005, upon the following counsel of record in the manner indicated:

**BY HAND**:

Kurt Michael Heyman
THE BAYARD FIRM
222 Delaware Avenue
Suite 900
P.O. Box 25130
Wilmington, DE 19899

**BY FACSIMILE**:

Randy Lipsitz
KRAMER LEVIN NAFTALIS & FRANKEL LLP
1177 Avenue of the Americas
New York, NY 10036

_____
Mary B. Graham (#2256)

479194