IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| MOBIUS MANAGEMENT SYSTEMS, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 05-346 SLR |
| | ) | |
| ACARTUS, INC., | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**DEFENDANT ACARTUS, INC.'S REPLY MEMORANDUM
IN SUPPORT OF ITS MOTION TO DISMISS AND MOTION TO STAY**

**INTRODUCTION**

In a tacit admission that its claim for "unfair competition" as alleged in the Complaint is legally deficient, Plaintiff, Mobius Management Systems, Inc. ("Mobius") filed an Amended Complaint on September 20, 2005 purporting to add a trade secrets claim. Mobius did not, however, withdraw its unfair competition claim, instead refiling it in the Amended Complaint. Thus, although Mobius asserts that Acartus' motion to dismiss is now moot, in fact Mobius' "Unfair Competition" claim in Count V (reasserted as Count VI in the Amended Complaint) should be dismissed as a matter of law. Mobius' new Count V, purporting to assert a trade secret claim, is not subject to Acartus' current motion, and the time to move with respect to that new claim has not yet run, but Acartus expects to move to dismiss that claim as insufficient.[1] The Court should grant Acartus, Inc.'s Motion to Dismiss and Motion to Stay. There is simply no need for any further litigation on any of Mobius' claims, particularly the trademark and false advertising claims set forth in the Complaint, or the Amended Complaint.

---

[1] The Amended Complaint is legally deficient for a number of reasons. Acartus has objected to the filing and provided notice to Mobius of the same. Pending resolution of that issue Acartus will address the allegations of trade secret misappropriation/unfair competition in the Amended Complaint by separate motion if necessary.

**ARGUMENT**

I.  **MOBIUS' GENERIC UNFAIR COMPETITION CLAIM SHOULD BE DISMISSED.**

Count V of the Complaint purports to state a claim for Unfair Competition. Count VI of the Amended Complaint similarly purports to do so. Delaware law on this point cannot be disputed and Mobius did not dispute this point. A claim for trade secret misappropriation is preempted by the Delaware Uniform Trade Secrets Act. *Savor, Inc. v. FMR Corp.*, 812 A. 2d 894, 898 (Del. 2002); 6 Del. C. § 2006 (2005). Mobius' opposition to Acartus' Motion is devoid of any authority to the contrary and the reason is obvious. The claim is preempted and should be dismissed.

II.  **THE COURT SHOULD GRANT ACARTUS' REQUEST FOR A STAY.**

This matter should be stayed. Contrary to Mobius' assertion on page 9 of its Opposition, the trademark claims in the Complaint have been resolved. Acartus agreed to permanently refrain from use of the trademarks ViewDirect and Mobius. *See* Stipulation and Order, D.I. 12 (Entered and So Ordered on July 22, 2005). Moreover, Acartus has stopped using the statements, alleged to constitute false advertising. *(Id.)* Acartus has also asked Mobius to discuss advertising statements for the future that would be acceptable. Acartus has even suggested mediation on that issue. To date, it has not received a response from Mobius.

In short, wasting judicial or client resources on discovery directed to the trademark and future advertising issues does not make any sense. If, after mediation, or another form of alternate dispute resolution, issues remain, the stay can be lifted and discovery can continue directed to any remaining issue.[2]

---

[2] However, it is doubtful that Mobius would be able to prove any such damages. The allegations of the Complaint are that Acartus posted promotional literature on its web site for a little over two months. It is doubtful that even if Mobius could establish liability that it could prove any damages for such a brief period of time.

Mobius would not be prejudiced in any way by a stay. The offending advertisement forming the basis for the Complaint has been removed. Thus, Mobius cannot assert irreparable harm. To the extent Mobius seeks monetary damages, which Acartus disputes, such an amount is obviously fixed. Whether the parties engage in discovery on that issue now or in sixty days is inconsequential.[3]

In short, rather than prolonging litigation unnecessarily, a stay should be entered so that the parties can resolve any remaining trademark and false advertising issues.

Mobius also claims that Acartus should answer the expedited discovery filed by Mobius when it moved for a preliminary injunction. (*See* Mobius' Br. at 9.) This position is simply wasteful. In any event, Acartus complied with its discovery obligations.[4] With the claims close to resolution, it does not make sense to engage in discovery directed to these claims.

---

[3]  Mobius' discovery to which it claims to be entitled has not been directed toward its newly-raised damages claim.

[4]  This Court's Order of July 22, 2005 vacated Mobius' request for injunctive relief. Because the hearing for a preliminary injunction had terminated, so had Mobius' rights to expedited discovery. Nowhere does Mobius cite any authority for the proposition that it is entitled to discovery directed to a hearing that was vacated. Mobius also does not cite any authority that it is entitled to expedited discovery for a damages claim, nor can it. Acartus' discovery obligations which issued in connection with the Court's July 6, 2005 Order expired when the hearing for the preliminary injunction expired. But in any event, Acartus responded to the discovery, which is all that the Order required.

Mobius did not oppose Acartus' position that Mobius was not entitled to documents in response to the Second Document Request. Thus, Mobius has conceded that it is not. Delaware law on this point is clear, as well. Mobius is not entitled to any discovery on its trade secret claim until it first identifies its trade secrets with requisite particularity.

## **CONCLUSION**

For the foregoing reasons, Acartus respectfully requests that the Court grant its Motion to Stay.

MORRIS, NICHOLS, ARSHT & TUNNELL

*/s/ James W. Parrett, Jr.*

Mary B. Graham (#2256)
James W. Parrett, Jr. (#4292)
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899
302-658-9200

*Attorneys for Defendant Acartus, Inc.*

OF COUNSEL:

Regan Fay
Meredith M. Wilkes
JONES DAY
North Point
901 Lakeside Avenue
Cleveland, OH  44114-1190
216-586-7231

September 27, 2005
485065

**CERTIFICATE OF SERVICE**

I hereby certify that on September 27, 2005, I caused the foregoing to be electronically filed with the Clerk of the Court using CM/ECF which will send electronic notification of such filing to the following:

> Kurt Michael Heyman
> THE BAYARD FIRM
> 222 Delaware Avenue
> Suite 900
> P.O. Box 25130
> Wilmington, Delaware  19899

Additionally, I hereby certify that true and correct copies of the foregoing were caused to be served on September 27, 2005, upon the following individuals in the manner indicated:

**BY HAND:**

Kurt Michael Heyman
THE BAYARD FIRM
222 Delaware Avenue
Suite 900
P.O. Box 25130
Wilmington, Delaware  19899

**BY FACSIMILE**:

Randy Lipsitz
Kramer Levin Naftalis & Frankel LLP
1177 Avenue of the Americas
New York, NY 10036

*/s/ James W. Parrett, Jr.*
James W. Parrett, Jr. (#4292)