# EXHIBIT A

# JONES DAY

NORTH POINT • 901 LAKESIDE AVENUE • CLEVELAND, OHIO 44114-1190
TELEPHONE: 216-586-3939 • FACSIMILE: 216-579-0212

Direct Number: 216-586-7231
mwilkes@jonesday.com

JP 302273:sfs
207588-600001
CL: 1334928v1

September 22, 2005

**VIA FACSIMILE (212-715-8000)**

Jonathan M. Wagner, Esq.
Kramer Levin Naftalis & Frankel LLP
1177 Avenue of the Americas
New York, New York 10036

      Re:   *Mobius Management Systems, Inc. v. Acartus, Inc.*
            U.S.D.C. for the Dist. of Delaware; Case No. 05-346

Dear Jonathan:

      I am in receipt of the Amended Complaint filed in the above-referenced matter. Be advised that the Exhibits referenced in the Amended Complaint were not filed, rendering it deficient. Moreover, there are a number of allegations in the Amended Complaint which, under no set of circumstances, can you have a good faith basis to assert. As such, the Amended Complaint should be withdrawn.

      Acartus denies the allegations of the Amended Complaint as a whole. Notwithstanding, in particular, as you are aware from our discussions since July, 2005, the following factual assertions in the Amended Complaint are untrue:

- Paragraphs 15 states: "Upon information and belief, Acartus sells a data management system called ApertureONE which competes directly with Mobius' ViewDirect® product. In connection with its promotion of ApertureONE, Acartus is promoting a product called "Mobius DAF Export Utility," which purports to enable Mobius customers to migrate entire archives out of Mobius' DAF or 'Document Archive File' format into a specification that may be stored in an Acartus repository. A copy of the promotional data sheet describing the Mobius DAF Export Utility, which is available on Acartus' website at *http://www.acartus.com/pdf/Mobius_Replacement_Strategy.pdf*, is attached as Exhibit C." As set forth above, no such Exhibit was attached. Moreover, the web site address does not exist, nor is Acartus promoting any such product.

- Paragraph 18 states: "In addition to its improper use of the "Mobius" mark, Acartus has used the registered mark "ViewDirect" in the headline of its promotional material for ApertureONE and the MobiusDAF Export Utility. See Exhibit C." Again, the reference to a web site, which does not exist, is false.

ATLANTA • BEIJING • BRUSSELS • CHICAGO • CLEVELAND • COLUMBUS • DALLAS • FRANKFURT • HONG KONG • HOUSTON
IRVINE • LONDON • LOS ANGELES • MADRID • MENLO PARK • MILAN • MOSCOW • MUNICH • NEW DELHI • NEW YORK • PARIS
PITTSBURGH • SAN DIEGO • SAN FRANCISCO • SHANGHAI • SINGAPORE • SYDNEY • TAIPEI • TOKYO • WASHINGTON

JONES DAY

Jonathan M. Wagner, Esq.
September 22, 2005
Page 2

- Paragraph 22 states: "Acartus also states on its website that 'continuing to support a legacy archival system such as Mobius perpetrates a series of unnecessary licensing, services and maintenance costs.'" Nowhere on its web site does Acartus make such a statement.

- Paragraph 23 states: "The promotional data sheet is being used in interstate commerce, including on the Acartus website." Presumably you are referring to the "data sheet" which purports to be Exhibit C. Nowhere on its web site does Acartus has such a promotional data sheet, nor is it otherwise being used in interstate commerce. This allegation is false.

- Paragraph 25 states: "Upon information and belief, at least one former Mobius employee is presently employed by Acartus. During his employment with Mobius, that employee had access to confidential and proprietary information and trade secrets concerning Mobius' software, including Mobius' software code...". The employee to which you refer, as you know, was in sales at Mobius and is in sales at Acartus. As you know, this employee had no involvement whatsoever in Acartus' creation of its ApertureONE product.

In light of the omitted Exhibits and the false factual representations, the Amended Complaint should be withdrawn. Of course, Acartus denies all of the allegations in the Amended Complaint, and has set forth its reasons for doing so in several letters to you and Randy Lipsitz, to which we have not received a response. The DAF files at issue cannot constitute a trade secret which has been misappropriated by Acartus. More than one DAF file has been publicly available on the internet for months. To the extent Mobius has any claim, it is against the poster of the file, not against Acartus. To the extent your client has an interest in resolving any of the issues raised in the Complaint or the Amended Complaint, Regan and I welcome further discussion in that regard. Moreover, as Acartus has already agreed to an injunction regarding further use of the ViewDirect and Mobius trademarks, as set forth in the July 22, 2005 Stipulation, there remains only the statements to which your client initially took issue. To the extent you would like to mediate that claim, or otherwise reach resolution, we are happy to do so.

Please feel free to contact Regan or me in light of the foregoing.

Very truly yours,

Meredith M. Wilkes

cc: Regan J. Fay, Esq.

# EXHIBIT B

# KRAMER LEVIN NAFTALIS & FRANKEL LLP

JONATHAN M. WAGNER
PARTNER
PHONE 212-715-9393
FAX 212-715-8393
JWAGNER@KRAMERLEVIN.COM

September 23, 2005

BY TELECOPIER

Meredith M. Wilkes, Esq.
Jones Day
North Point
901 Lakeside Avenue
Cleveland, OH 44114-1190

Re: Mobius v. Acartus

Dear Meredith:

I respond to your September 22 letter.

Mobius disagrees with your position that Acartus did not misappropriate Mobius' trade secrets. We also note that Acartus has improperly resisted discovery, both formal and informal, thereby frustrating Mobius' efforts to understand the full extent of Acartus' actions.

With respect to your technical complaints about the amended pleading, our local counsel has today filed the exhibits to the amended complaint, which were inadvertently omitted. In any case, you already had the exhibits; they are identical to those attached to the original complaint. In addition, you should deem all references to the Acartus website cited in paragraphs 13, 18, 22 and 23 and elsewhere in the amended complaint as temporally related to the June 1, 2005 filing of the original complaint. While we thought this point was obvious, we state it here for the record.

Yours truly,

Jonathan M. Wagner

JMW:jg

cc: Randy Lipsitz, Esq.
    Norman C. Simon, Esq.
    Kurt Heyman, Esq. (by telecopier)