IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

MOBIUS MANAGEMENT SYSTEMS, INC., :
                                    :
                Plaintiff,        :
                                      :
              v.              :     C.A. No. 05-346 SLR
                                      :
ACARTUS, INC.,                   :
                                      :
                Defendant.    :

**PLAINTIFF'S MEMORANDUM**
**IN SUPPORT OF ITS MOTION TO COMPEL DISCOVERY**

THE BAYARD FIRM
Kurt M. Heyman (# 3054)
Email:  kheyman@bayardfirm.com
Linda E. Beebe (# 4634)
Email:  lbeebe@bayardfirm.com
222 Delaware Avenue, Suite 900
P.O. Box 25130
Wilmington, DE 19899
(302) 655-5000

Attorneys for Plaintiff
Mobius Management Systems, Inc.

OF COUNSEL:

KRAMER LEVIN NAFTALIS & FRANKEL LLP
Randy Lipsitz
Jonathan M. Wagner
Marjorie E. Sheldon
1177 Avenue of the Americas
New York, NY 10036
(212) 715-9100

Dated:  November 2, 2005

## Table of Contents

Nature and Stage of the Proceedings ....................................................................... 1

Summary of Argument ............................................................................................ 5

Statement of Facts .................................................................................................. 6

Argument ................................................................................................................ 7

I.    THERE IS NO JUSTIFICATION FOR A STAY OF DISCOVERY
      PENDING THE RESOLUTION OF ACARTUS' MOTION TO DISMISS
      OR STAY ......................................................................................................... 7

II.   ACARTUS SHOULD PRODUCE DOCUMENTS CONCERNING
      MOBIUS' TRADEMARK AND FALSE ADVERTISING CLAIMS ................. 8

III.  ACARTUS SHOULD PRODUCE DOCUMENTS CONCERNING
      MOBIUS' MISAPPROPRIATION CLAIM .................................................... 9

Conclusion ............................................................................................................ 10

Plaintiff Mobius Management Systems respectfully submits this memorandum in support of its motion for an order, pursuant to Fed. R. Civ. P. 37, compelling defendant Acartus to (i) comply with an order of this Court directing Acartus to respond to Mobius' first request for production of documents, and (ii) comply with Mobius' second request for production of documents.

## Nature and Stage of the Proceedings[1]

Mobius and Acartus are competitors in the business of developing and marketing computer software and related products and services for the management and archiving of electronic files and data. Mobius developed and markets a product, under the Mobius tradename, called ViewDirect. Acartus – through the apparent misuse of trade secrets confidential to Mobius -- developed and began marketing a directly competing product which Acartus claims has the same features, functionalities and abilities as Mobius' ViewDirect. To promote the product, Acartus called it "Mobius DAF Export Utility," "Mobius Replacement Solution," and "ApertureONE Extraction Utility for Mobius DAF Files." This product purported to enable current users of Mobius' software to migrate entire archives out of Mobius' format into a specification that can be stored in an Acartus repository. Acartus also disseminated false and misleading statements in promotional materials for its product denigrating the qualities and capabilities of Mobius' product. (*See* Complaint (D.I. 1), ¶¶ 15-23).

Mobius commenced this action in May 2005 by filing a complaint asserting claims for trademark infringement, false advertising, deceptive trade practices, theft of trade secrets and

---

[1]    The procedural history and relevant factual background are set forth in detail in the October 31, 2005 Declaration of Jonathan M. Wagner, Esq. of Kramer Levin, co-counsel with The Bayard Firm to Mobius.

common law unfair competition. (D.I. 1). Although this is a motion solely to compel discovery, a somewhat detailed summary of the procedural history to date is indispensable to understanding and resolving it.

On July 5, 2005, Mobius moved for a preliminary injunction on its trademark and false advertising claims. At the same time, Mobius moved for expedited discovery with respect to its trade secret claim. Mobius' brief specifically stated that Mobius "believes that Acartus is using Mobius' trade secrets in reverse engineering its product. Thus, Mobius requests expedited discovery addressed to that issue." (D.I. 7 at 2). Mobius' First Request for Production of Documents thus asked for documents specifically addressed to the trade secret issues, so that Mobius could determine the extent to which Acartus' product improperly used Mobius' trade secrets. The first document request called for production of the following four categories of documents:

- All documents concerning Mobius;

- All documents concerning ViewDirect;

- All documents concerning the development of the Acartus Migration Software; and

- Documents sufficient to identify Acartus' customers for its Migration Software product.

(Wagner Decl. Exh. A). On July 6, 2005, the Court entered an order setting an August 1 hearing date on Mobius' preliminary injunction motion and requiring Acartus to respond to Mobius' first document request "on or before July 22, 2005." (D.I. 11).

Shortly thereafter, Acartus agreed to a stipulated order entering a preliminary injunction with respect to Mobius' trademark and false advertising claims. Pursuant to the Stipulation and

Order, entered on July 22, 2005, the injunction will remain in place "until a decision in any final trial of this action." (D.I. 12). The order did not apply – even on a provisional basis – to Mobius' trade secrets claim. Nor did the preliminary injunction order resolve Mobius' claims for damages. Accordingly, while the July 22 Stipulation mooted the scheduled preliminary injunction hearing, it did not finally resolve any of the underlying claims.

By Stipulation and Order entered on August 11, 2005, the parties subsequently agreed to extend to September 12, 2005 "the date by which defendant is to respond to expedited discovery." (D.I. 16). Thereafter, Mobius served a second request for production, calling for production of the following additional categories of documents:

1.  All documents concerning Mobius' products DocumentDirect, DocumentDirect for the Internet, DocuAnalyzer, INFOPAC, INFOPAC-JCL, INFOPAC for MVS, INFOPAC for Networks, INFOPAC for VSE, ABS and any other Mobius product;

2.  All copies of any Mobius DAF or archive files;

3.  All copies of files purported to be exported from Mobius DAF files to Acartus software;

4.  All software provided to Acartus and either (i) created by Mobius, (ii) accessing Mobius software, or (iii) provided by customers to Acartus that are related to Mobius software;

5.  All confidentiality agreements between Mobius and any party;

6.  All lists of customers or prospective customers for Mobius' products; and

7.  Documentation for all file formats supported by Acartus as originating from Mobius DAF or archive files.

(Wagner Decl. Exh. B).  Although the second document request was directed primarily to the trade secret claim, many of the requested documents would be equally relevant to Mobius' trademark and false advertising claims.

On September 6, 2005, six days before its responses to Mobius' document requests were due, Acartus moved to dismiss or stay the complaint.  (D.I. 19).  Acartus argued that the trademark and false advertising claims should be stayed because they had been "resolved" by virtue of the July 22 Stipulation.  With respect to the unfair competition claim, Acartus argued that it should be dismissed on the grounds that it (i) was preempted by the Delaware Trade Secrets Act, and (ii) failed to identify the allegedly misappropriated trade secrets with sufficient particularity to state a claim for relief.  Notably, Acartus did not seek relief from the July 6 Order directing Acartus to comply with Mobius' first document request, nor did Acartus move for a stay of discovery.

On the September 12 discovery deadline, Acartus served written responses and objections to Mobius' two document requests, objecting to the production of *any* documents concerning *any* of Mobius' claims.  The stated basis for this blanket refusal to produce tracked the arguments in Acartus' motion to dismiss or stay.  Acartus objected to producing documents concerning the trademark and false advertising claims on the purported ground that those claims had been "resolved" by the July 22 Order.  Acartus objected to producing documents concerning the misappropriation claim on the purported grounds that (i) the claim was preempted, and (ii) "Acartus should not have to respond to any discovery served by Mobius until Mobius provides a detailed description of the trade secret(s) it claims have been misappropriated."  (Wagner Decl. Exhs. C & D).

On September 20, 2005, Mobius amended its complaint, adding a claim for violation of Delaware's Uniform Trade Secrets Act, thus mooting Acartus' preemption argument. (D.I. 22). On October 4, 2005, Acartus filed a motion to dismiss or stay the Amended Complaint, reiterating its mistaken argument that the trademark and false advertising claims had been "resolved" and should therefore be stayed and arguing that the misappropriation claim, even as amended, still failed to state a claim for relief. (D.I. 30). Mobius is filing its opposition to that motion today.

Meanwhile, Acartus has itself served Mobius with discovery requests directed to Mobius' trade secret claims (Wagner Decl. Exh. E & F) and Mobius has responded to those requests (Wagner Decl. Exh. G & H).

## Summary of Argument

1.    There is no federal or local rule or governing order entitling Acartus to withhold discovery pending the resolution of a motion to dismiss or stay. Nor should the Court exercise its discretion to stay discovery pending the outcome of Acartus' dismissal or stay motion given that (i) there is no merit to Acartus' motion, as set forth in Mobius' opposition to that motion, and (ii) Acartus has violated the Court's July 6 discovery order.

2.    Acartus' refusal to produce documents concerning Mobius' trademark and false advertising claims is based solely on its representation that the trademark and false advertising claims have been "resolved" by virtue of the July 22 preliminary injunction stipulation and order. That representation is inaccurate. Based on the plain language of the stipulation, the injunction will remain in place only until a decision after a final trial on the merits of Mobius' claims. Nor did the stipulation resolve Mobius' damage claims.

3.    Acartus objects to producing documents concerning Mobius' misappropriation claim on the ground that, under Delaware case law, Mobius must first identify the specific trade secrets at issue before Acartus is obligated to provide the requested discovery.  This objection overstates the governing legal standard, which requires only "reasonable" specificity at the pleading stage and before discovery.  In addition, that objection is likewise based on a false factual premise.  Contrary to what Acartus contends, Mobius *did* identify the trade secrets that Acartus is alleged to have misappropriated in sufficient detail to put Acartus on notice of what it is alleged to have done wrong, which is all the cases require.  In fact, Mobius did so a second time, in its response to Acartus' interrogatories.  (Wagner Decl. Exh. G).  Acartus also overlooks that by failing to respond to Mobius' discovery requests, Acartus has prevented Mobius from learning additional details concerning Acartus' theft of trade secrets.

<u>Statement of Facts</u>

The facts relevant to this motion are straightforward.  They are set forth in detail in the accompanying Declaration of Jonathan M. Wagner of Kramer Levin, co-counsel to Mobius, and can be summarized as follows:

- On July 6, 2005, the Court ordered Acartus to "respond to plaintiff's first set of requests for the production of documents and things on or before July 22, 2005." (D.I. 11).

- Pursuant to the July 22 Stipulation, Acartus agreed to the entry of a preliminary injunction with respect to Mobius' trademark and false advertising claims. (D.I. 12).

- By its plain language, the stipulated injunction did not permanently resolve those claims, as Acartus mistakenly contends, and it did not resolve – even provisionally – either the misappropriation claim or Mobius' damage claims.

- By Stipulation and Order dated August 11, 2005, the parties agreed to extend to September 12, 2005 "the date by which [Acartus] is to respond to expedited discovery." (D.I. 16).

- Notwithstanding the July 6 Order, Acartus has not produced a single document in response to Mobius' first or second document request and maintains that it is under no obligation to do so.

- Acartus' refusal to produce documents concerning Mobius' misappropriation claim is based on a false premise. Contrary to what Acartus states in its response to Mobius' second document request, Mobius *has* identified the trade secrets that it claims have been misappropriated and has done so with sufficient particularity to satisfy the standard articulated in the Delaware cases on which Acartus relies. (D.I. 22).

<u>Argument</u>

I.    THERE IS NO JUSTIFICATION FOR A STAY OF DISCOVERY PENDING THE RESOLUTION OF ACARTUS' MOTION TO DISMISS OR STAY

Exercising self-help, Acartus has unilaterally implemented a total discovery stay, claiming that discovery is "premature" because it "filed a Motion to Stay Counts I-IV of the Complaint and a Motion to Dismiss Count V of the Complaint." (Wagner Decl. Exh. C at 1). However, there is no federal or local rule mandating a stay of discovery pending the resolution of a motion to dismiss. *Standard Chlorine of Delaware, Inc. v. Sinibaldi*, 821 F. Supp. 232, 261 (D. Del. 1992) (defendant required to comply with its discovery obligations pending resolution of motion to dismiss unless it has moved for, and been granted, a stay of discovery by the Court). Acartus' position is even more untenable considering that, not only has Acartus never moved for a stay, but (i) the Court on July 6 ordered Acartus to comply with Mobius' first document request, (ii) Acartus previously agreed to do so, (iii) Acartus never sought relief from the July 6 Order as amended by the August 11 Stipulation, and (iv) Acartus has itself sought discovery from Mobius with respect to Mobius' trade secret claims.

The Court early on ordered Acartus to comply with Mobius' discovery requests and to do so on an expedited basis. That obligation set forth in the Court's July 6 Order was in no way mooted by the entry of a stipulated preliminary injunction. Indeed, at that point Acartus *agreed* that it would comply with Mobius' expedited discovery requests by September 12. Its agreement to do so was memorialized in a stipulation and order that was entered by the Court on August 11. The July 6 Order and the August 11 Stipulation continue to govern and – notwithstanding the filing of its dismissal or stay motion -- Acartus should be required to abide by them.

II.    ACARTUS SHOULD PRODUCE DOCUMENTS CONCERNING
       MOBIUS' TRADEMARK AND FALSE ADVERTISING CLAIMS

Acartus' refusal to provide any discovery bearing on the trademark and false advertising claims is predicated on a false factual premise. Citing the July 22 Order, Acartus contends that "[t]he parties have resolved the issues of trademark infringement and false advertising," effectively mooting Mobius' discovery requests. (Wagner Decl. Ex. C at 1 and Exh. D at 1). This is demonstrably untrue. As the July 22 Order plainly states, the stipulated injunction is preliminary in nature and will remain in place only "until a decision in any final trial of this action." (D.I. 12). Beyond that, Mobius has a pending damage claim.

"Requests to stay discovery are rarely appropriate where resolution of the motion to dismiss will not dispose of the entire case." *Coca-Cola Bottling Co. v. Grol*, No. Civ. A. 92-7061, 1993 WL 13139559, at *2 (E.D. Pa. March 8, 1993). Under this principle, there is no basis for staying discovery here because Acartus' motion cannot – and indeed does not even seek to – dispose of the complaint in its entirety. It seeks to dismiss only one of Mobius' claims.

III.    ACARTUS SHOULD PRODUCE DOCUMENTS CONCERNING
        MOBIUS' MISAPPROPRIATION CLAIM

With respect to the misappropriation claim, Acartus contends that, as a matter of Delaware law, "Acartus should not have to respond to any discovery served by Mobius until Mobius provides a detailed description of the trade secret(s) it claims have been misappropriated." (Wagner Decl. Exh. D at 2).  There are two fundamental flaws with Acartus' argument.  First, as noted above, the Court has already ordered Acartus to respond to Mobius' discovery addressed to the trade secrets claim.  Second, Mobius *has* identified the trade secrets at issue, in more than enough detail to satisfy the standard set forth in the Delaware cases on which Acartus relies.

Contrary to what Acartus suggests, there is no *per se* rule barring discovery concerning a defendant's alleged misappropriation of trade secrets pending a "detailed description" by the plaintiff of each and every trade secret that is the subject of its claim.  Rather, as explained in one of the few cases Acartus cites, a plaintiff need only "clarify the issues involved in the dispute so as to assure that there will be no disclosure of an adversary litigant's trade secrets beyond what is necessary for the prosecution of the litigation." *Engelhard Corp. v. Savin Corp.*, 505 A.2d 30, 33 (Del. Ch. 1986).  Early on in this case, having seen Mobius' complaint, the Court ordered Acartus to comply with Mobius' expedited discovery requests.  Mobius' first document request, which was the specific subject of the July 6 Order, seeks documents that might well disclose Acartus' trade secrets (*see, e.g.* Request 3, which seeks "[a]ll documents concerning the development of [Acartus'] Migration Software") (Wagner Decl. Exh. A at 5).  In ordering Acartus to comply with these requests, the Court obviously concluded that such discovery was "necessary for the prosecution of" Mobius' claims.  Even under *Engelhard*, Mobius need only "identify with *reasonable particularity* the matter which it claims constitutes a trade secret" to

obtain discovery on its claim. 505 A.2d at 33 (emphasis added). Mobius has more than met that requirement. (*See* Amended Complt. (D.I. 22), ¶¶ 24-30).[2]

Like the plaintiff in *Struthers*, Mobius need not and indeed cannot provide more particulars concerning the misappropriated trade secrets without access to the requested discovery; Acartus' discovery stonewall has effectively stymied Mobius from providing more detail.

Finally, Acartus' service of its own discovery requests underscores that Acartus itself believes discovery is appropriate and should go forward in this case.

## Conclusion

Discovery should not be a one-way street, and Acartus should not be permitted freely to ignore Court orders. For the reasons set forth above, the Court should grant Mobius' motion to compel and order Acartus to produce promptly documents in response to Mobius first and second document requests.

---

[2]    As the language quoted above makes clear, Acartus has overstated the holding of *Engelhard* -- and even if the case *did* impose an outright bar on trade secrets-related discovery, it would be trumped in this case by the July 6 Order. The other two cases on which Acartus relies also do not support its position. In *Struthers Scientific and Int'l Corp. v. General Foods Corp.*, 51 F.R.D. 149 (D. Del. 1970), defendant had provided "extensive discovery" to plaintiff, including more than twenty depositions and thousands of pages of documents concerning operations at its various plants. 51 F.R.D. at 153. The Court ordered plaintiff – "*on the basis of this mass of information already supplied by [defendant]*" – to "identify specifically each feature in [defendant's] operations which [plaintiff] contends embodies any trade secret." *Id.* (emphasis added). The case clearly does not justify Acartus' refusal to produce documents. If anything, the decision demonstrates why Mobius is entitled to that discovery and the prejudicial effect of Acartus' refusal to provide it. The remaining case, *Savor, Inc. v. FMR Corp.*, C.A. No. 00C-10-249-JRS, 2001 Del. Super. LEXIS 170 (Del. Super. April 24, 2001), *aff'd* 812 A.2d 894 (Del. 2002), is simply inapposite. The case did involve a motion to dismiss a misappropriation claim, but says nothing at all about either party's entitlement to discovery on that claim.

THE BAYARD FIRM

Kurt M. Heyman (# 3054)
Email:  kheyman@bayardfirm.com
Linda E. Beebe (# 4634)
Email:  lbeebe@bayardfirm.com
222 Delaware Avenue, Suite 900
P.O. Box 25130
Wilmington, DE 19899
(302) 655-5000

Attorneys for Plaintiff
Mobius Management Systems, Inc.

OF COUNSEL:

KRAMER LEVIN NAFTALIS & FRANKEL LLP
Randy Lipsitz
Jonathan M. Wagner
Marjorie E. Sheldon
1177 Avenue of the Americas
New York, New York 10036
(212) 715-9100

Dated: November 2, 2005

## CERTIFICATE OF SERVICE

Kurt M. Heyman, Esquire hereby certifies that on November 2, 2005, copies of the foregoing Memorandum in Support of Plaintiff's Motion to Compel Discovery were served electronically and by hand delivery on counsel listed below:

> Mary B. Graham, Esq.
> Morris, Nichols, Arsht & Tunnell
> Chase Manhattan Centre, 18th Floor
> 1201 North Market Street
> Wilmington, DE  19899-1347

Kurt M. Heyman (# 3054)