IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| MOBIUS MANAGEMENT SYSTEMS, INC., | : |
| Plaintiff, | : |
| - against - | : C.A. No. 05-346 SLR |
| ACARTUS, INC., | : Declaration of Jonathan M. Wagner and Statement Pursuant to Local Rule 7.1.1 |
| Defendant. | : |

I, Jonathan M. Wagner, hereby declare:

1. I am a member of the firm of Kramer Levin Naftalis & Frankel LLP, co-counsel with The Bayard Firm to plaintiff Mobius Management Systems, Inc. ("Mobius"). I respectfully submit this declaration, based on personal knowledge, in support of Mobius' motion to compel defendant Acartus, Inc. to produce documents in response to Mobius' first and second requests for production and in opposition to Acartus' Motion To Strike, Dismiss And Stay With Respect To The Amended Complaint.

Relevant procedural history

2. On May 31, 2005, Mobius filed a complaint against Acartus alleging trademark infringement and false advertising in violation of the Lanham Act, and a claim for common law unfair competition based on Acartus' misuse of Mobius' proprietary information. (D.I. 1).

3.      On July 5, 2005, Mobius filed a motion for a preliminary injunction with respect to its trademark and false advertising claims. (D.I. 6). Mobius also served its First Request for Production of Documents and Things (Exh. A, attached) and sought an order authorizing expedited discovery and setting a prompt hearing date on its preliminary injunction motion. On July 6, 2005, the Court issued an order scheduling an August 1, 2005 hearing on the preliminary injunction motion and directing that "Defendant shall respond to plaintiff's first set of requests for the production of documents and things on or before July 22, 2005." (D.I. 11).

4.      Acartus agreed to the entry of a stipulated preliminary injunction. Pursuant to a Stipulation and Order entered on July 22, 2005, Acartus agreed to refrain from using Mobius' trademarks "from the date of the entry of this order until a decision in any final trial of this action" and from continuing to disseminate the allegedly false and misleading advertising statements. (D.I. 12).

5.      On August 11, 2005, Acartus entered into a stipulation extending to September 12, 2005 the Court-ordered deadline "by which [Acartus] is to respond to expedited discovery" (D.I. 16). On August 17, 2005, Mobius served a Second Set of Requests for Production of Documents and Things (Exh. B, attached). Although the second document request was directed primarily to Mobius' unfair competition claim, many of the requests are relevant to the trademark and false advertising claims as well.

Subsequent developments

6.      On September 6, 2005, Acartus filed a Motion to Dismiss or Stay. (D.I. 19). Acartus argued that the trademark and false advertising claims had been "resolved" by virtue of the July 22 Stipulation. With respect to the unfair competition claim, Acartus argued

KL3:2471887.2

that (i) it was preempted by the Delaware Uniform Trade Secrets Act, and (ii) Mobius failed to identify the allegedly misappropriated trade secrets with sufficient particularity to state a claim for relief. On September 12, 2005 – the adjourned date by which Acartus had agreed to respond to Mobius' expedited discovery requests – Acartus served its responses and objections to Mobius' first and second document requests (Exhs. C & D, attached).

7. Notwithstanding the July 6 Order and the August 11 Stipulation, Acartus did not produce – and still has not produced – a single document in response to Mobius' requests and continues to maintain that it is under no obligation to do so.

8. In response to the Mobius first document request, Acartus contends that it need not respond because "[t]he parties have resolved the issues of trademark infringement and false advertising," thereby mooting Mobius' requests. (Exh. C, attached).

9. In response to Mobius' second document request, Acartus asserted two grounds for withholding discovery. First, Acartus stated that the unfair competition claim is preempted by the Delaware Trade Secrets Act. Second, Acartus argued that under Delaware case law, "Acartus should not have to respond to any discovery served by Mobius until Mobius provides a detailed description of the trade secret(s) it claims have been misappropriated." (Exh. D, attached).

10. On September 20, 2005, Mobius amended its complaint, adding a claim for Misappropriation of Trade Secrets in violation of Delaware's Uniform Trade Secrets Act. (D.I. 22). On October 4, 2005, Acartus filed a Motion to Dismiss or Stay the Amended Complaint (D.I. 30), arguing that this claim as well fails to state a claim for relief, and reiterating its argument that the trademark and false advertising claims had been "resolved" and should be

stayed. Based on these arguments, and notwithstanding the July 6 Order and the August 11 Stipulation, Acartus continues to refuse to produce any documents concerning any of Mobius' claims, in response to either the first or the second request.

11.   Meanwhile, Acartus has itself served Mobius with discovery requests. (Exhs. E & F, attached). Mobius has responded to those requests, answering Acartus' interrogatories (Exh. G, attached) and agreeing to produce documents upon the entry of a protective order. (Exh. H, attached).

Attempts to resolve this dispute

12.   Mobius has made several attempts to resolve the discovery dispute without the need for motion practice.

- On September 13, I wrote a letter to Acartus' counsel, explaining that Acartus was in violation of the Court's order, as extended by the August 11 Stipulation, and asking Acartus' counsel to confirm "that Acartus will promptly produce the documents in question." (Exh. I, attached). In response, Acartus' counsel stated among other things that "[n]othing in the [August 11] Stipulation . . . required Acartus to produce any documents by September 12, 2005." (Exh. J, attached).

- I have spoken to Acartus' counsel on several occasions in an attempt to persuade Acartus to reconsider, but to no avail.

Pursuant to 28 U.S.C. §1746, I certify under penalty of perjury that the foregoing is true and correct. Executed this 31st day of October, 2005.

_____
Jonathan M. Wagner

## CERTIFICATE OF SERVICE

Kurt M. Heyman, Esquire hereby certifies that on November 2, 2005, copies of the foregoing Declaration of Jonathan M. Wagner were served electronically and by hand delivery on counsel listed below:

>Mary B. Graham, Esquire
>Morris, Nichols, Arsht & Tunnell
>Chase Manhattan Centre, 18th Floor
>1201 North Market Street
>Wilmington, DE  19899-1347

_____
Kurt M. Heyman (# 3054)

607310v1