# EXHIBIT A

To The Declaration of Jonathan M. Wagner filed on November 2, 2005

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

MOBIUS MANAGEMENT SYSTEMS, INC., :
:
             Plaintiff, :
:
    v. : C.A. No. 05-346 SLR
:
ACARTUS, INC., :
:
             Defendant. :

**PLAINTIFF'S FIRST SET OF REQUESTS FOR
THE PRODUCTION OF DOCUMENTS AND THINGS**

Plaintiff Mobius Management Systems, Inc. hereby requests pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure that defendant Acartus, Inc. produce for inspection and copying on July 18, 2005 at 10:00 a.m. at the offices of The Bayard Firm, 222 Delaware Avenue, Suite 900, Wilmington, Delaware, 19899, all non-privileged documents designated below that are in Acartus' possession, custody or control.

Definitions

A. "Mobius" means plaintiff Mobius Management Systems, Inc., any of its products and services, and any of its present or former officers, directors, agents, employees, attorneys, representatives, accountants, predecessors-in-interest, parents, affiliates, subsidiaries or other persons acting on its behalf.

B. "Acartus" means defendant Acartus, Inc. and any of its present or former officers, directors, agents, employees, attorneys, representatives, accountants, predecessors-in-interest, parents, affiliates, subsidiaries or other persons acting on its behalf.

593194v1

C. "ViewDirect" refers to Mobius' data-storage software program.

D. "Migration Software" refers to the product alternatively called "Mobius DAF Export Utility," "Mobius Replacement Solution" or "ApertureONE Extraction Utility for Mobius DAF Files," which purports to enable Mobius customers to migrate entire archives out of Mobius' "DAF format" into a specification that may be stored in an Acartus' ApertureONE data management system.

E. The terms "document" and "documents" shall have the broadest meaning permissible under the Federal Rules of Civil Procedure, and shall include, but not be limited to, writings, as defined by Federal Rule of Evidence 1001, and other papers and emails, whether written, printed, typed, photocopied, photographed, recorded (by electronic, magnetic, or other means and whether or not ever printed), or otherwise reproduced, whether or not asserted to be privileged or otherwise immune from discovery, including all originals, copies, drafts, attachments, appendices, or any self-stick removable notes or papers. Copies which are not identical duplicates of the original of each document shall be deemed separate and distinct documents.

F. The terms "communication" and "communications" shall mean any manner or means of disclosure, transfer, exchange or conveyance of information to a "person" (as defined below), including, but not limited to, any conversation, discussion, letter, e-mail, memorandum, facsimile transmission, note, meeting or other transfer or information whether oral, written, or by any other means and including any document which abstracts, digests, transcribes or records such communication.

G. The term "person" shall include individuals, natural persons, firms, partnerships, associations, corporations, companies, joint ventures, subsidiaries, divisions, affiliates, parent corporations, enterprises, or other legal, business, or governmental entities or groups or combinations thereof.

H. "Concerning" means referring to, relating to, describing, evidencing or constituting.

I. The singular form of a word shall be interpreted as encompassing the plural form of it.

J. The words "and," "or" and "any" are intended to be construed as necessary to bring within the scope of these requests for production any information which otherwise might be construed to be outside of the scope of any of them.

Instructions

A. Each request for production of documents below shall be deemed continuing so as to require prompt supplemental responses, in accordance with Fed. R. Civ. P. 26(e), if Acartus obtains or discovers further documents called for between the time of responding of this request and the time of trial or hearing.

B. Pursuant to Fed. R. Civ. P. 34(b), Acartus shall produce responsive documents as they have been kept in the usual course of business or shall organize and label them to correspond to the enumerated requests of this demand. If there are no documents responsive to any particular category, Acartus shall so state in writing.

C.   If, in responding to the document requests, any ambiguity is encountered in construing any request or any definition or instruction relevant thereto, set forth the matter deemed ambiguous and set forth the construction chosen or used in responding to the request.

D.   For each document asserted to be privileged, attorney work product, or otherwise immune from discovery, the document should be identified in a privilege log, and the basis for such claim of privilege, attorney work product, or other ground for exclusion should be stated with at least the following information:

(i)   A description of the general type of document (e.g., letter, memorandum, note, report);

(ii)  The date the document was prepared, and, if no such date is known, an approximate date of preparation;

(iii) The name of the author(s) or person(s) who prepared or created the document, including an identification of the entity(ies), if any, for whom each author(s) or person(s) was then employed or otherwise connected;

(iv)  The name of the recipient(s) of each document, including an identification of the entity(ies), if any, for whom each such recipient(s) was then employed or otherwise connected;

(v)   The name of each person(s) receiving or possessing a copy of the document, including an identification of the entity(ies), if any, with whom each such person(s) was then employed or otherwise connected;

(vi)  The present custodian(s) of the document;

(vii) A description of the document sufficiently detailed so as to comply with the rules of this Court; and

(viii) A statement of the privilege asserted and the reason for withholding the document from production.

(ix)  If any document responsive to this request has been, but is no longer, in the possession, custody or control of Acartus because it has been destroyed, discarded or placed outside of Acartus' possession, custody or control, Acartus shall furnish a list specifying each such document and setting forth the following information: (i) the type of document; (ii) the general subject matter of the document; (iii) the date of the document; and

(iv) the name(s) and address(es) of each person who prepared, received, viewed and has or has had possession, custody or control of the document.

E.   If Acartus cannot comply in full with any specific discovery request, Acartus shall comply to the extent possible and explain (a) what information it refuses to produce, and (b) why full compliance is not possible.

F.   If there are documents that exist electronically, Mobius requests electronic copies of those documents.

G.   Acartus shall take immediate steps to preserve all documents responsive to this request, including electronic data that may exist on backup and/or archived electronic computerized data compilations. These measures include, but are not limited to, discontinuation of all data destruction and backup tape recycling policies applicable to such documents.

## Document Requests

1.   All documents concerning Mobius.

2.   All documents concerning ViewDirect.

3.   All documents concerning the development of the Migration Software.

4.   Documents sufficient to identify Acartus' customers for the Migration Software

THE BAYARD FIRM

*/s/ Kurt M. Heyman*

Kurt M. Heyman (#3054)
Linda E. Beebe (#4634)
Email: kheyman@bayardfirm.com
Email: lbeebe@bayardfirm.com
222 Delaware Avenue, Suite 900
P.O. Box 25130
Wilmington, DE 19899
(302) 655-5000

Attorneys for Plaintiff
Mobius Management Systems, Inc.

OF COUNSEL:

KRAMER LEVIN NAFTALIS & FRANKEL LLP
Randy Lipsitz
Jonathan M. Wagner
Norman C. Simon
1177 Avenue of the Americas
New York, New York 10036
(212) 715-9100

Dated: July 5, 2005

593194v1

- 6 -

## CERTIFICATE OF SERVICE

Kurt M. Heyman, Esquire, hereby certifies that on July 5, 2005, copies of the foregoing Plaintiff's First Set of Requests for the Production of Documents and Things were served upon the following:

**VIA HAND DELIVERY**

Acartus, Inc.
c/o The Corporation Trust Company
1209 Orange Street
Wilmington, DE 19801

**VIA FEDERAL EXPRESS**

Anton J. Hopen, Esquire
Smith & Hopen, PA
U.S. Registered Patent Attorneys
15950 Bay Vista Drive, Suite 220
Clearwater, FL 33760

_____
Kurt M. Heyman (# 3054)

593194v1