# EXHIBIT C

To The Declaration of Jonathan M. Wagner filed on November 2, 2005

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| MOBIUS MANAGEMENT SYSTEMS, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 05-346 SLR |
| ) | |
| ACARTUS, INC., ) | |
| ) | |
| Defendant. ) | |
| ) | |

**DEFENDANT ACARTUS, INC.'S RESPONSES AND OBJECTIONS
TO PLAINTIFF'S FIRST REQUEST FOR
<u>PRODUCTION OF DOCUMENTS AND THINGS</u>**

Acartus, Inc. ("Acartus"), hereby responds to the Request for Production of Documents and Things served by Mobius Management Systems, Inc. ("Mobius").

<u>**PRELIMINARY STATEMENT**</u>

Mobius filed its Complaint against Acartus on May 31, 2005 alleging trademark infringement, false designation of origin, false advertising, deceptive trade practices and unfair competition. (D.I. 1) The gravaman of the Complaint is that Acartus allegedly used Mobius' trademark when selling a data file export utility for a data management system and made false statements when advertising Acartus' export utility. The parties have resolved the issues of trademark infringement and false advertising. (*See* Stipulation and Order dated July 25, 2005).

Despite resolution of these issues, and despite termination of the hearing on the motion for preliminary injunction, Mobius is now seeking responses to discovery it served on July 6, 2005 and August 17, 2005. At best, the discovery is premature.

On September 7, 2005, Acartus filed a Motion to Stay Counts I-IV of the Complaint and a Motion to Dismiss Count V of the Complaint. Acartus moved to stay Counts I-

IV so that counsel could resolve any outstanding issues which might remain regarding these claims. Count V, on the other hand, is fatally flawed and Acartus moved to dismiss Count V of the Complaint, the "unfair competition" claim which Mobius is attempting to cast as a claim for misappropriation of trade secrets, on the grounds that Mobius has failed to state a cognizable claim of unfair competition or trade secret misappropriation.

Because Acartus has filed a Motion to Stay Counts I-IV, and because the hearing for a preliminary injunction has been terminated, Acartus should not be required at this time to respond to any discovery directed to Counts I-IV of the Complaint. Nor should Acartus be required to respond before the time that Mobius has made its requisite Rule 26 Disclosures.

Any discovery directed to Mobius' defective "trade secrets" claim is also inappropriate and Acartus should not be required to respond to the Second Request for Production of Documents and Things Served on August 17, 2005. Well-settled Delaware law dictates that: (a) the Delaware Trade Secrets Act preempts Count V of the Complaint; and (b) Mobius must provide a meaningful identification of the trade secrets it claims has been misappropriated to state a claim for relief and *before* it is permitted to engage in discovery. *Savor, Inc. v. FMR Corp.*, C.A. No. 00C-10-249-JRS, 2001 Del. Super. LEXIS, at * 10-13 (Del. Super. Ct. Mar. 13, 2001); *Struthers Scientific Int'l Corp. v. General Foods Corp.*, 51 F.R.D. 149, 153 (D. Del. 1970); *Engelhard Corp. v. Savin Corp.*, 505 A. 2d 30 (Del. Ch. 1986). Mobius cannot dispute that it has not done so.

## GENERAL OBJECTIONS

The following General Objections apply to all of Acartus' Responses to Mobius' Request for Production of Documents and Things.

1.      Acartus objects to the Definitions and Instructions set forth in Mobius' Request for Production of Documents and Things (the "Requests") to the extent that they purport to impose any obligation on Acartus beyond those imposed by the Federal Rules of Civil Procedure, including, but not limited to, Acartus' obligations to respond to discovery served by Mobius before Mobius makes its disclosures pursuant to Rule 26 of the Federal Rules of Civil Procedure.

2.      Acartus objects to the Requests in accordance with the Preliminary Statement. Acartus further objects to the discovery as overbroad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence.

3.      Acartus objects to the Requests to the extent they seek information that is confidential and proprietary to Acartus. Upon entry of the appropriate protective order, if necessary, Acartus will supplement its responses.

## DOCUMENT REQUESTS

**REQUEST NO. 1:**

All documents concerning Mobius.

**RESPONSE:**

Acartus objects to the foregoing Request to the extent that it seeks materials beyond the custody or control of Acartus. Further, Acartus objects to the foregoing Request on the grounds that it is premature. Finally, Acartus objects to the foregoing Request on the grounds that it is overly broad and unduly burdensome in seeking each document which may reference the term "Mobius." To the extent there are any viable claims remaining after Plaintiff makes its requisite disclosures, Acartus will supplement this response as necessary.

3

**REQUEST NO. 2:**

All documents concerning ViewDirect.

**RESPONSE:**

Acartus objects to the foregoing Request to the extent that it seeks materials beyond the custody or control of Acartus. Further, Acartus objects to the foregoing Request on the grounds that it is premature. Finally, Acartus objects to the foregoing Request on the grounds that it is overly broad and unduly burdensome in seeking each document which may reference the term "ViewDirect." To the extent there are any viable claims remaining after Plaintiff makes its requisite disclosures, Acartus will supplement this response as necessary.

**REQUEST NO. 3:**

All documents concerning the development of the Migration Software.

**RESPONSE:**

Acartus objects to the foregoing Requests on the grounds that it is overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence with respect to any claim for relief properly pled in the Complaint. Acartus further objects to the foregoing Request on the grounds that it is premature as Mobius has failed to properly plead an alleged claim of trade secret misappropriation. Finally, Acartus objects to the foregoing Request on the grounds that it seeks materials confidential and proprietary to Acartus. After Plaintiff properly identifies its trade secrets and makes its requisite disclosures, and upon entry of the appropriate protective order, Acartus will supplement this response as necessary.

**REQUEST NO. 4:**

Documents sufficient to identify Acartus' customers for the Migration Software.

4

**RESPONSE:**

Acartus objects to the foregoing Request on the grounds that it is premature as Plaintiff has failed to properly plead an alleged claim of trade secret misappropriation. Acartus further objects to the foregoing Request on the grounds that it seeks information confidential and proprietary to Acartus. Finally, Acartus objects to the foregoing Request on the grounds that it is overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence in seeking each document which may reference an Acartus customer. To the extent there are any viable claims remaining after Plaintiff makes its requisite disclosures and requisite identification of the trade secret(s) it claims have been misappropriated, and upon entry of the appropriate protective order, Acartus will supplement its response as necessary.

MORRIS, NICHOLS, ARSHT & TUNNELL

_____
Mary B. Graham (#2256)
James W. Parrett, Jr. (#4292)
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899
302.658.9200

*Attorneys for Defendant Acartus, Inc.*

OF COUNSEL:

Regan J. Fay
Meredith M. Wilkes
JONES DAY
North Point
901 Lakeside Avenue
Cleveland, OH 44114-1190
216.586.7231

Dated: September 12, 2005
482757

5

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that true and correct copies of the foregoing were caused to be served on September 12, 2005, upon the following counsel of record in the manner indicated:

**BY HAND**:

Kurt Michael Heyman
THE BAYARD FIRM
222 Delaware Avenue
Suite 900
P.O. Box 25130
Wilmington, DE  19899

**BY FACSIMILE**:

Randy Lipsitz
KRAMER LEVIN NAFTALIS & FRANKEL LLP
1177 Avenue of the Americas
New York, NY  10036

_____
Mary B. Graham (#2256)

479194