# EXHIBIT E

To The Declaration of Jonathan M. Wagner filed on November 2, 2005

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| MOBIUS MANAGEMENT SYSTEMS, INC., ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) Civil Action No. 05-346 SLR <br> ) <br> ACARTUS, INC., ) <br> ) <br> Defendant. ) <br> ) | |

### DEFENDANT ACARTUS, INC'S FIRST SET OF INTERROGATORIES
### TO PLAINTIFF MOBIUS MANAGEMENT SYSTEMS, INC.

PLEASE TAKE NOTICE that Defendant, Acartus, Inc., requests that the Plaintiff, Mobius Management Systems, Inc., answer the following Interrogatories fully and under oath, pursuant to Rule 33 of the Federal Rules of Civil Procedure.

Each of the following Interrogatories shall be deemed continuing as set forth in the Federal Rules of Civil Procedure. Should newly discovered information come to the Plaintiff or the Plaintiff's attorney's attention, such newly discovered information should immediately be disclosed to the Defendant's counsel pursuant to the Federal Rules of Civil Procedure.

### DEFINITIONS AND INSTRUCTIONS

1. "Mobius Management Systems, Inc.", "Plaintiff" or "you" shall mean Plaintiff, Mobius Management Systems, Inc., its officers, directors, employees, representatives, agents, partners, corporate parent, subsidiaries, or affiliates.

2. "Acartus" or "Defendant" shall mean the Defendant, Acartus, Inc.

3. The term "Advertisement" shall mean the promotional material attached to the Complaint as Exhibit C.

4. "Complaint" shall mean the Complaint in Civil Action No. 05-346 pending in the United States District Court for the District of Delaware.

5. The term "document" shall be synonymous in meaning and equal in scope of the usage of this term in Federal Rule of Civil Procedure 34(a). Each draft or non-identical copy, by reason of any markings, notations or differences, is a separate document within the meaning of this term.

6. The term "person" shall mean any natural person or any firm, partnership, association, joint venture, corporation, and any other form of business, legal, or governmental entity or association.

7. The term "representative" shall mean any person, agent, attorney, consultant or other individual(s) or business entity(ies) in the employ of or otherwise acting on behalf of an entity.

8. "Referring to" or "refer to" or "referring or relating to" or "refer or relate to" shall mean comprising, concerning, consisting of, referring to, reflecting, discussing, reporting, constituting, disclosing, relating to, pertaining to, describing, interpreting, mentioning, containing, regarding, and/or in any other way connected to.

9. When an interrogatory refers to or seeks a description of an act, transaction, occurrence, dealing or instance, state to the extent known the date, including year, month, and day, when it occurred; the place where it occurred; the identity of each person participating therein. In any instance in which any answer to an interrogatory shall require specifying or identifying a "person," the response shall include, to the extent known:

    (a)    the person's full name;

    (b)    the person's present or last known address; and

(c) if a natural person, the person's present or last known place and address of employment.

10. PRECAUTIONS MUST BE TAKEN IMMEDIATELY TO PRESERVE FOR RETRIEVAL AND PRODUCTION ALL PAST AND FUTURE ELECTRONIC TRANSMISSIONS (i) FALLING WITHIN THE SCOPE OF THESE INTERROGATORIES SET FORTH BELOW, OR (ii) HAVING ANY RELEVANCE TO THE ALLEGATIONS OF THE COMPLAINT, OR (iii) HAVING ANY RELEVANCE TO DEFENDANT'S ANSWER.

11. If any interrogatory is objected to or not answered on the basis of any claim of privilege, whether based on statute or otherwise, state in writing with respect to each interrogatory: (a) the name and position of each person with knowledge of the subject matter of the interrogatory; and (b) the grounds for the claim of privilege.

## INTERROGATORIES

### INTERROGATORY NO. 1.

Identify the software referred to in Paragraph 24 of the Complaint to which you claim Acartus may have had "inappropriate access" and/or may have "improperly copied" as alleged in Paragraph 24 of the Complaint and identify the location and custodian of all documents relating to the same.

### INTERROGATORY NO. 2.

Set forth the "confidential proprietary information" referred to in Paragraph 25 of the Complaint to which you claim the employee referred to in Paragraph 25 had access and identify the location and custodian of all documents relating to the same.

## INTERROGATORY NO. 3.

Identify all acts you claim Acartus engaged in which constitute "unfair competition in violation of common law" as set forth in Paragraph 26 of the Complaint and identify the location and custodian of all documents relating to the same.

## INTERROGATORY NO. 4.

Do you contend that Acartus misappropriated any trade secrets belonging to Mobius? If the answer to the foregoing is anything other than an unqualified negative, for each such trade secret, identify with specificity each trade secret you claim Acartus misappropriated, set forth all acts or omissions of Acartus you claim constitute misappropriation of any trade secret and identify the location and custodian of all documents relating to the same.

## INTERROGATORY NO. 5.

Identify each customer or client of Mobius to whom Mobius has revealed any information it claims is confidential and proprietary and/or constitutes a trade secret and for each person identified, set forth the materials to which any such claim is made, identify the basis you claim binds the customer or client to confidentiality and identify the location and custodian of all documents relating to the same.

## INTERROGATORY NO. 6.

Set forth all steps taken to comply with Instruction No. 10 of these Interrogatories. Identify the date(s) of any instructions given; the person(s) giving the instruction(s); each person to whom the instruction was given; the instructions given and identify the location and custodian of any documents relating to the same.

|  |  |
|---|---|
| OF COUNSEL:<br><br>Regan J. Fay<br>Meredith M. Wilkes<br>JONES DAY<br>North Point<br>901 Lakeside Avenue<br>Cleveland, OH  44114-1190<br>216-586-3939<br><br>Dated:  August 26, 2005<br>480661 | MORRIS, NICHOLS, ARSHT & TUNNELL<br><br>/s/ Mary B. Graham<br>Mary B. Graham (#2256)<br>James W. Parrett, Jr. (#4292)<br>1201 North Market Street<br>P.O. Box 1347<br>Wilmington, DE 19899<br>302.658.9200<br><br>*Attorneys for Defendant Acartus, Inc.* |

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that true and correct copies of the foregoing were caused to be served on August 26, 2005, upon the following counsel of record in the manner indicated:

**BY HAND**:

Kurt Michael Heyman
THE BAYARD FIRM
222 Delaware Avenue
Suite 900
P.O. Box 25130
Wilmington, DE 19899

**BY FACSIMILE**:

Randy Lipsitz
KRAMER LEVIN NAFTALIS & FRANKEL LLP
1177 Avenue of the Americas
New York, NY 10036

_____
Mary B. Graham (#2256)

479194