# EXHIBIT F

To The Declaration of Jonathan M. Wagner filed on November 2, 2005

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| MOBIUS MANAGEMENT SYSTEMS, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 05-346 SLR |
| ) | |
| ACARTUS, INC., ) | |
| ) | |
| Defendant. ) | |
| ) | |

## DEFENDANT ACARTUS, INC'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS AND THINGS

PLEASE TAKE NOTICE that the Defendant, Acartus, Inc., requests that the Plaintiff, Mobius Management Systems, Inc., produce and permit inspection and copying of the following documents and things in the Plaintiff's possession, custody or control in accordance with the Federal Rules of Civil Procedure at the offices of Mary B. Graham, Esq., Morris, Nichols, Arsht & Tunnell, 1201 North Market Street, P.O. Box 1347, Wilmington, Delaware 19899-1347, at 9:00 a.m. on September 12, 2005.

Each of the following Document Requests shall be deemed continuing as set forth in Rule 34 of the Federal Rules of Civil Procedure. Should newly discovered documents come to the Plaintiff or the Plaintiff's attorney's attention, such newly discovered documents should immediately be produced to the Defendant's counsel pursuant to the Federal Rules of Civil Procedure.

## DEFINITIONS AND INSTRUCTIONS

1. "Mobius Management Systems, Inc.", "Plaintiff" or "you" shall mean Plaintiff, Mobius Management Systems, Inc., its officers, directors, employees, representatives, agents, partners, corporate parent, subsidiaries, or affiliates.

2. "Acartus" or "Defendant" shall mean Defendant, Acartus, Inc.

3. The term "Advertisement" shall mean the promotional material attached to the Complaint as Exhibit C.

4. "Complaint" shall mean the Complaint in Civil Action No. 05-346 pending in the United States District Court for the District of Delaware.

5. The term "document" shall be synonymous in meaning and equal in scope of the usage of this term in Federal Rule of Civil Procedure 34(a). Each draft or non-identical copy, by reason of any markings, notations or differences, is a separate document within the meaning of this term.

6. The term "person" shall mean any natural person or any firm, partnership, association, joint venture, corporation, and any other form of business, legal, or governmental entity or association.

7. The term "representative" shall mean any person, agent, attorney, consultant or other individual(s) or business entity(ies) in the employ of or otherwise acting on behalf of an entity.

8. "Referring to" or "refer to" or "referring or relating to" or "refer or relate to" shall mean comprising, concerning, consisting of, referring to, reflecting, discussing, reporting, constituting, disclosing, relating to, pertaining to, describing, interpreting, mentioning, containing, regarding, and/or in any other way connected to.

9. "Communication" shall mean the transmittal and/or receipt of information in the form of fax, ideas, inquiries or otherwise, whether written or oral.

10. PRECAUTIONS MUST BE TAKEN IMMEDIATELY TO PRESERVE FOR RETRIEVAL AND PRODUCTION ALL PAST AND FUTURE ELECTRONIC

DOCUMENTS(i) FALLING WITHIN THE SCOPE OF THESE REQUESTS SET FORTH BELOW, OR (ii) HAVING ANY RELEVANCE TO THE ALLEGATIONS OF THE COMPLAINT, OR (iii) HAVING ANY RELEVANCE TO DEFENDANT'S ANSWER..

11. If any document requested is or may be lost, destroyed, deleted from a document produced in response to this Request or is otherwise unavailable, state for each such document all bases for Plaintiff's belief that such document is or may be unavailable, including, but not limited to: (a) the identity of the document; (b) the substance of the material lost, destroyed, deleted, or otherwise unavailable; (c) every reason the loss, destruction or deletion was made and when it was made; and (d) identify the person responsible for the loss, deletion, destruction, or unavailability of the document.

12. The singular shall include the plural, and the plural the singular.

13. If a document request is objected to or not answered on the basis of any claim of privilege, whether based upon statute or otherwise, with respect to each request, set forth: (a) the name and position of each person with knowledge of the subject matter of the document; (b) the author of the document; (c) a list of all addressees; (d) identify any person referenced in the document; (e) the date of the document; (f) a general description of the type of document, i.e. letter, memorandum, etc.; and (g) a summary of the subject matter of the document.

## DOCUMENT REQUESTS

**REQUEST NO. 1.**   Produce all documents, including contracts and licenses, between Mobius and any other person, including customer and/or licensee, relating to any obligation to preserve the secrecy of any material Mobius claims is confidential and proprietary to Mobius and/or constitutes a trade secret of Mobius.

**REQUEST NO. 2.**   Produce all documents related to the manner in which Mobius preserves the secrecy of any materials Mobius claims constitutes a trade secret, including all instructions to or licenses with customers.

**REQUEST NO. 3.**   Produce all documents relating to any effort by Mobius to preserve the confidentiality of any material it claims constitutes a trade secret of Mobius and was misappropriated by Acartus.

**REQUEST NO. 4.**   Produce all documents relating to any efforts by you to preserve the confidentiality of any material you claim is confidential and proprietary to Mobius and/or a trade secret of Mobius which you allege was misappropriated by Acartus.

**REQUEST NO. 5.**   Produce all documents identified in your answers to Defendant's First Set of Interrogatories.

**REQUEST NO. 6.**   Produce all documents you relied upon to answer Defendant's First Set of Interrogatories.

**REQUEST NO. 7.**   Produce all documents related to the cost to develop any materials you claim constitute a trade secret of Mobius which you claim Acartus misappropriated.

**REQUEST NO. 8.**   Produce all documents referring to any permission or other license to or from any person to use any material you claim is confidential and proprietary to Mobius and/or constitutes a trade secret of Mobius.

**REQUEST NO. 9.** Produce all documents relating to the disclosure of any materials Mobius claims constitutes a trade secret.

**REQUEST NO. 10.** Produce all documents referring to any portion of Mobius' "unique software code" you claim Acartus may have "had inappropriate access" as alleged in Paragraph 24 of the Complaint.

**REQUEST NO. 11.** Produce all documents referring to any material you claim is confidential and proprietary to Mobius and/or constitutes a trade secret of Mobius which you claim was misappropriated by Acartus.

**REQUEST NO. 12.** Produce all documents you claim put Acartus on notice that it was using any materials belonging to Mobius which Mobius claims constitutes a trade secret belonging to Mobius.

**REQUEST NO. 13.** Produce all documents which relate to any claim you may make that any trade secret you allege Acartus misappropriated provides Mobius with an economic advantage because it is not generally known.

MORRIS, NICHOLS, ARSHT & TUNNELL

*Mary Graham*

Mary B. Graham (#2256)
James W. Parrett, Jr. (#4292)
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899
302.658.9200

*Attorneys for Defendant Acartus, Inc.*

OF COUNSEL:

Regan J. Fay
Meredith M. Wilkes
JONES DAY
North Point
901 Lakeside Avenue
Cleveland, OH 44114-1190
216-586-3939

Dated: August 26, 2005
480657

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that true and correct copies of the foregoing were caused to be served on August 26, 2005, upon the following counsel of record in the manner indicated:

**BY HAND**:

Kurt Michael Heyman
THE BAYARD FIRM
222 Delaware Avenue
Suite 900
P.O. Box 25130
Wilmington, DE 19899

**BY FACSIMILE**:

Randy Lipsitz
KRAMER LEVIN NAFTALIS & FRANKEL LLP
1177 Avenue of the Americas
New York, NY 10036

_____
Mary B. Graham (#2256)

479194