# EXHIBIT G

**To The Declaration of Jonathan M. Wagner filed on November 2, 2005**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

MOBIUS MANAGEMENT SYSTEMS, INC., :

                   Plaintiff,       :

                          :

              v.           :   C.A. No. 05-346 SLR

                          :

ACARTUS, INC.,              :

                          :

              Defendant.    :

### PLAINTIFF'S ANSWERS AND OBJECTIONS TO DEFENDANT'S FIRST SET OF INTERROGATORIES

Pursuant to Rule 33 of the Federal Rules of Civil Procedure, plaintiff Mobius Management Systems, Inc. submits the following answers and objections to the First Set of Interrogatories ("Interrogatories") of defendant Acartus, Inc.

### GENERAL OBJECTIONS

1.     Mobius objects to the Interrogatories and the definitions and instructions set forth therein to the extent that they seek to impose obligations in excess of or different from those required by applicable law, the Federal Rules or the Local Rules of this Court. Mobius expressly disclaims any obligation to provide any response beyond that required by such laws or rules.

2.     Mobius objects to each Interrogatory to the extent it seeks the disclosure of information protected by the attorney-client privilege, the immunity for work product or any other applicable privilege or immunity recognized by law on the grounds that such discovery is improper, beyond the scope of discovery permitted, and not reasonably calculated to lead to the discovery of admissible evidence.

3.      Mobius objects to each Interrogatory to the extent it seeks confidential, proprietary, trade secret, or other sensitive information. Such information will be provided only upon the entry of an appropriate confidentiality stipulation and order.

4.      Mobius objects to each and every request, definition and instruction contained in the Interrogatories to the extent that any such request, definition or instruction contains inaccurate, incomplete or misleading descriptions of the facts, events and pleadings underlying this action. The production of any information shall not constitute Mobius' agreement with or acquiescence to any such description.

5.      In providing responses to the Interrogatories, Mobius does not in any way waive or intend to waive, but rather intends to preserve and does preserve:

(a)      All objections as to relevancy, materiality, competency, privilege, confidentiality, authenticity and admissibility;

(b)      All objections as to overbreadth, oppressiveness and undue burden;

(c)      All rights to object on any ground to the use of any of the information produced in response to the Interrogatories in any proceeding, including the trial of this or any other action;

(d)      All objections as to vagueness and ambiguity;

(e)      All rights to object on any ground to any further requests involving or relating to any of the paragraphs in the Interrogatories; and

(f)      All rights at any time to revise, correct, supplement or clarify the responses and objections propounded herein.

6.      Subject to the foregoing objections, which are applicable to each interrogatory, Mobius has responded to the extent that (i) information is presently known and available as a

result of a reasonable search and inquiry by Mobius; (ii) information is not subject to the attorney/client privilege; and (iii) Mobius has not further objected to the particular interrogatory.

7.    Mobius believes that additional facts relevant to its answers may be developed in discovery or learned as a result of its ongoing factual investigation. Accordingly, Mobius reserves its right to amend or supplement its answers and states that its answers are without prejudice to adding facts subsequently discovered or learned as a result of its ongoing investigation and discovery.

8.    No objection or limitation, or lack thereof, made in these answers and objections shall be deemed an admission by Mobius as to the existence or nonexistence of information.

## ANSWERS AND OBJECTIONS

### INTERROGATORY NO. 1

Identify the software referred to in Paragraph 24 of the Complaint to which you claim Acartus may have had "inappropriate access" and/or may have "improperly copied" as alleged in Paragraph 24 of the Complaint and identify the location and custodian of all documents relating to the same.

### RESPONSE TO INTERROGATORY NO. 1

Mobius objects to this Interrogatory on the grounds that it is overly broad and unduly burdensome. Mobius further objects to this Interrogatory on the ground that Acartus has improperly failed to produce documents in response to Mobius' discovery requests directed to this subject.

Subject to and without waiving these objections, Mobius responds as follows: Mobius believes that for Acartus to have constructed a product designed to migrate archives out of the Mobius DAF format, having all of the features, functionalities and abilities noted in the Acartus product literature, it was necessary for Acartus to have had inappropriate access to Mobius'

software and to have improperly reverse engineered and copied portions of Mobius' unique software code into its export utility. Mobius also notes that at least one former Mobius employee is presently employed by Acartus. During his employment with Mobius, that employee had access to confidential proprietary information and trade secrets concerning Mobius' software, including Mobius' software code, as well as Mobius customer lists. As a Mobius employee, he had agreed to keep Mobius' proprietary information confidential.

After Mobius served its complaint, Acartus informed Mobius that it had developed its competing product having all of the features, functionalities and abilities noted in the Acartus product literature by reverse engineering DAF archive files that it had accessed from an internet site, www.rentacoder.com and that it had obtained documentation from that website. This internet posting emanated from a former Mobius licensed customer without Mobius' knowledge or consent and in violation of the confidentiality provisions in the license agreement governing the use of Mobius' products. Acartus also cited another web-site posting, but that posting concerned a different Mobius product and in any event at Mobius' request that posting was removed.

The Mobius DAF file format is a trade secret file format, sophisticated and variable in nature, and able to deal with computer generated and non-computer generated information created in a wide variety of formats, including but not limited to text, laser printer formatted documents, images, web formats, desktop documents, audio and video. As such, the DAF contains a number of proprietary and trade secret elements in addition to the "human visible or audible content" that enable the DAF to be used to properly find, render and present that wide variety of formats without which any converted version of the DAF would not be a complete rendition of the original. These elements include the encoding scheme, separation information

with regard to the DAFs within a compound DAF, pagination and indexing information, resources such as forms, fonts and logos used to render complex laser printer formatted documents, the compression algorithm, as well as encoding and page count facilities to insure the DAF's integrity.

Upon learning of the improper internet posting of Mobius' DAF files containing Mobius trade secrets, Mobius took prompt action to protect its trade secrets. Mobius notified the entity which caused the DAF files to be posted that it had done so improperly without Mobius' permission or authorization. In response to Mobius' requests, that entity realized its error and caused the posted files and documentation to be removed from the website.

In early September, 2005, Mobius' counsel wrote to Acartus' counsel to provide notice that the DAF files were posted improperly and contained confidential and trade secret information of Mobius. Mobius further advised Acartus that based on well-established industry practice, Acartus at minimum should have known that (i) its access to, use and reverse engineering of the DAF files from the rentacoder.com website violated the rights of Mobius, (ii) the files contain trade secret and confidential information of Mobius, and (iii) reverse engineering thereof by Acartus was wrongful and unauthorized. Mobius also noted that Acartus' future use and disclosure of any information gained by access to the posted file constituted misappropriation and misuse of Mobius trade secrets and confidential information.

The DAF file improperly accessed and reverse engineered by Acartus was a low level DAF file that had limited sophistication and incorporation of Mobius trade secrets. For the Acartus product to perform as advertised having all of the features, functionalities and abilities noted in the Acartus product literature, it would have been necessary for Acartus to have had

improper access to and to have reverse engineered other proprietary and trade secret files of Mobius. Acartus also appears to have reverse engineered Mobius' copy books.

## INTERROGATORY NO. 2

Set forth the "confidential proprietary information" referred to in Paragraph 25 of the Complaint to which you claim the employee referred to in Paragraph 25 had access and identify the location and custodian of all documents relating to the same.

## RESPONSE TO INTERROGATORY NO. 2

Mobius objects to this Interrogatory on the ground that Acartus has improperly failed to produce documents in response to Mobius' discovery requests directed to this subject.

Subject to and without waiving this objection, Mobius refers to its response to Interrogatory No. 1. The software in question is found at the offices of Mobius' customers pursuant to license agreements containing confidentiality provisions and at Mobius' offices.

## INTERROGATORY NO. 3

Identify all acts you claim Acartus engaged in which constitute "unfair competition in violation of common law" as set forth in Paragraph 26 of the Complaint and identify the location and custodian of all documents relating to the same.

## RESPONSE TO INTERROGATORY NO. 3

Mobius objects to this Interrogatory, and specifically the request to identify "all acts," on the grounds that it is overly broad and unduly burdensome. Mobius further objects to this Interrogatory on the ground that Acartus has improperly failed to produce documents in response to Mobius' discovery requests directed to this subject.

Subject to and without waiving these objections, Mobius refers to its response to Interrogatories 1 and 2. Mobius also notes that Acartus apparently continues to market its software product in question.

- 6 -

**INTERROGATORY NO. 4**

Do you contend that Acartus misappropriated any trade secrets belonging to Mobius? If the answer to the foregoing is anything other than an unqualified negative, for each such trade secret, identify with specificity each trade secret you claim Acartus misappropriated, set forth all acts or omissions of Acartus you claim constitute misappropriation of any trade secret and identify the location and custodian of all documents relating to the same.

**RESPONSE TO INTERROGATORY NO. 4**

Mobius states that it does contend that Acartus misappropriated Mobius' trade secrets.

Mobius objects to the balance of this Interrogatory, and specifically the request to identify "all acts or omissions," on the grounds that it is overly broad and unduly burdensome. Mobius further objects to the balance of this Interrogatory on the ground that Acartus has improperly failed to produce documents in response to Mobius' discovery requests directed to this subject.

Subject to and without waiving these objections, Mobius refers to its response to Interrogatories 1 and 2.

**INTERROGATORY NO. 5**

Identify each customer or client of Mobius to whom Mobius has revealed any information it claims is confidential and proprietary and/or constitutes a trade secret and for each person identified, set forth the materials to which any such claim is made, identify the basis you claim binds the customer or client to confidentiality and identify the location and custodian of all documents relating to the same.

**RESPONSE TO INTERROGATORY NO. 5**

Mobius objects to this Interrogatory on the grounds that it is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving these objections, Mobius states that its customers use Mobius' software pursuant to a license agreement that contains confidentiality provisions. Mobius refers Acartus to the contents of its sample licensing agreement, which Mobius has already provided and which it will again produce in response to Acartus' First Request for

- 7 -

Production of Documents upon entry of an appropriate confidentiality order. The software in question is located at the customers' offices pursuant to license agreements, as well as at Mobius' offices.

## INTERROGATORY NO. 6

Set forth all steps taken to comply with Instruction No. 10 of these Interrogatories. Identify the date(s) of any instructions given; the person(s) giving the instruction(s); each person to whom the instruction was given; the instructions given and identify the location and custodian of any documents relating to the same.

## RESPONSE TO INTERROGATORY NO. 6

Mobius objects to this Interrogatory to the extent it seeks information protected by the attorney/client and or work product privilege.

Subject to and without waiving this objection, Mobius states that (i) it preserves its emails in retrievable form for a period of seven years, and (ii) Mobius has also issued an appropriate preservation instruction to Mobius employees likely to possess documents relevant to this litigation.

THE BAYARD FIRM

Kurt M. Heyman (# 3054)
Patricia L. Enerio (# 3728)
Email: kheyman@bayardfirm.com
Email: penerio@bayardfirm.com
222 Delaware Avenue, Suite 900
P.O. Box 25130
Wilmington, DE 19899
(302) 655-5000
Attorney for Plaintiff
Mobius Management Systems, Inc.

OF COUNSEL:

KRAMER LEVIN NAFTALIS & FRANKEL LLP
Randy Lipsitz
Jonathan M. Wagner
Norman C. Simon
1177 Avenue of the Americas
New York, New York 10036
(212) 715-9100

Dated: October 3, 2005

I, MITCH GROSS, declare and say as follows:

I am the President of Mobius Management Systems, Inc., plaintiff in this action.  I have read defendant's First Set of Interrogatories.

I verify and declare under penalty of perjury under the laws of the United States of America that the foregoing responses to those interrogatories are true and correct according to the best of my knowledge or upon my information and belief.

Executed on October 3 , 2005.

_____
Mitchell Gross

## CERTIFICATE OF SERVICE

Patricia L. Enerio, Esquire, hereby certifies that on October 3, 2005, copies of the foregoing Plaintiff's Answers and Objections to Defendant's First Set of Interrogatories were served via hand delivery upon the following:

Mary B. Graham, Esquire
Morris, Nichols, Arsht & Tunnell
1201 North Market Street
P.O. Box 1347
Wilmington, DE  19899-1347

Patricia L. Enerio (# 3728)