# EXHIBIT H

To The Declaration of Jonathan M. Wagner filed on November 2, 2005

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

MOBIUS MANAGEMENT SYSTEMS, INC., :
:
        Plaintiff, :
:
v.   : C.A. No. 05-346 SLR
:
ACARTUS, INC., :
:
        Defendant. :

**PLAINTIFF'S RESPONSE AND OBJECTIONS TO DEFENDANT'S
FIRST REQUEST FOR PRODUCTION OF DOCUMENTS AND THINGS**

Pursuant to Rule 34 of the Federal Rules of Civil Procedure, plaintiff Mobius Management Systems, Inc. ("Mobius") submits the following responses and objections to the Request for Production of Documents and Things ("Request") of defendant Acartus, Inc. ("Acartus").

### GENERAL OBJECTIONS

1. Mobius objects generally to the Request and to the instructions and definitions set forth therein to the extent set forth below. All the responses that follow are made subject to these objections. These responses and objections are based on present knowledge and, accordingly, are subject to additional or different information that discovery or further investigation may disclose.

2. Mobius objects to the Request and the definitions and instructions set forth therein to the extent that they seek to impose obligations in excess of or different from those required by

603714v1

applicable law, the Federal Rules or the Local Rules of this Court. Mobius expressly disclaims any obligation to provide any response beyond that required by such laws or rules.

3. Mobius objects to each request to the extent it seeks the disclosure of information protected by the attorney-client privilege, the immunity for work product or any other applicable privilege or immunity recognized by law on the grounds that such discovery is improper, beyond the scope of discovery permitted, and not reasonably calculated to lead to the discovery of admissible evidence.

4. Mobius objects to each request to the extent it seeks confidential, proprietary, trade secret, or other sensitive information. Such information will be provided only upon the entry of an appropriate confidentiality stipulation and order.

5. In providing responses to the Request, Mobius does not in any way waive or intend to waive, but rather intends to preserve and does preserve:

(a) All objections as to relevancy, materiality, competency, privilege, confidentiality, authenticity and admissibility;

(b) All objections as to overbreadth, oppressiveness and undue burden;

(c) All rights to object on any ground to the use of any of the information produced in response to the Request in any proceeding, including the trial of this or any other action;

(d) All objections as to vagueness and ambiguity;

(e) All rights to object on any ground to any further requests involving or relating to any of the paragraphs in the Request; and

(f) All rights at any time to revise, correct, supplement or clarify the responses and objections propounded herein.

6. In making production, Mobius reserves the right to recall any document which has been inadvertently produced and which is protected by the attorney-client privilege, the work product doctrine, or any other privilege or immunity from discovery. Moreover, production of any privileged or protected document or of any document otherwise properly subject to objection on any ground does not, and shall not be deemed to, constitute a waiver of any privilege, protection, or other objection which may apply to the production of such document or any class or category of document from which it has been drawn.

7. Mobius objects to the Request to the extent that it seeks identification and/or production of documents that are not within its possession, custody or control.

8. No objection or limitation, or lack thereof, made in these responses and objections shall be deemed an admission by Mobius as to the existence or nonexistence of information.

9. Mobius objects to each and every request, definition and instruction contained in the Request to the extent that any such request, definition or instruction contains inaccurate, incomplete or misleading descriptions of the facts, events and pleadings underlying this action. The production of any information shall not constitute Mobius' agreement with or acquiescence to any such description.

10. Each of the above General Objections shall be deemed to apply, where appropriate, to Mobius' responses set forth below notwithstanding that Mobius has supplied responses to the requests, and documents subject to these objections will not be produced.

Mobius reserves its right to supplement the information provided herein from time to time in the event that it discovers further information responsive to plaintiff's demands.

11. Each of the responses to individual requests below incorporates without further reference each of the above general objections, and documents subject to these objections will not be produced. Mobius' failure to object to an individual request or its agreement to produce documents does not constitute a representation that such documents exist, or that the documents produced are all of the documents responsive to the requests in Mobius' possession, custody and control, but only that Mobius has made, and will continue to make, a good-faith effort to search for and retrieve such documents, and, subject to any and all general and specific objections, to produce such documents when and if they are located.

## SPECIFIC RESPONSES AND OBJECTIONS

### REQUEST NO. 1

Produce all documents, including contracts and licenses, between Mobius and any other person, including customer and/or licensee, relating to any obligation to preserve the secrecy of any material Mobius claims is confidential and proprietary to Mobius and/or constitutes a trade secret of Mobius.

### RESPONSE TO REQUEST NO. 1

Mobius objects to this request on the grounds that it is overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving these objections, Mobius will produce documents sufficient to show its form contracts and licenses referencing an obligation to preserve the secrecy of Mobius' confidential and proprietary information and trade secrets that are at issue in this case.

### REQUEST NO. 2

Produce all documents related to the manner in which Mobius preserves the secrecy of any materials Mobius claims constitutes a trade secret, including all instructions to or licenses with customers.

### RESPONSE TO REQUEST NO. 2

Mobius objects to this request on the grounds that it is overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving these objections, Mobius will produce documents sufficient to show the manner in which it preserves the secrecy of its trade secrets that are at issue in this case.

### REQUEST NO. 3

Produce all documents relating to any effort by Mobius to preserve the confidentiality of any material it claims constitutes a trade secret of Mobius and was misappropriated by Acartus.

### RESPONSE TO REQUEST NO. 3

Mobius objects to this request on the grounds that it is overly broad and unduly burdensome.

Subject to and without waiving these objections, Mobius will produce documents sufficient to show efforts taken by Mobius to preserve the confidentiality of its trade secrets it believes have been misappropriated by Acartus.

### REQUEST NO. 4

Produce all documents relating to any efforts by you to preserve the confidentiality of any material you claim is confidential and proprietary to Mobius and/or a trade secret of Mobius which you allege was misappropriated by Acartus.

### RESPONSE TO REQUEST NO. 4

Mobius objects to this request on the grounds that it is overly broad and vague and unduly burdensome.

Subject to and without waiving these objections, Mobius will produce documents sufficient to show efforts taken by Mobius to preserve the confidentiality of the confidential and proprietary material and trade secrets it believes have been misappropriated by Acartus.

### REQUEST NO. 5

Produce all documents identified in your answers to Defendant's First Set of Interrogatories.

### RESPONSE TO REQUEST NO. 5

Mobius hereby incorporates by reference the general objections and each and every one of the individual objections set forth in Mobius' Response to Defendant's First Set of Interrogatories.

Subject to and without waiving those objections, Mobius will produce responsive documents.

### REQUEST NO. 6

Produce all documents you relied upon to answer Defendant's First Set of Interrogatories.

### RESPONSE TO REQUEST NO. 6

Mobius hereby incorporates by reference the general objections and each and every one of the individual objections set forth in Mobius' Response to Defendant's First Set of Interrogatories.

Subject to and without waiving those objections, Mobius will produce responsive documents.

### REQUEST NO. 7

Produce all documents related to the cost to develop any materials you claim constitute a trade secret of Mobius which you claim Acartus misappropriated.

**RESPONSE TO REQUEST NO. 7**

Mobius objects to this request on the grounds that it is overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving these objections, Mobius will produce documents sufficient to show the cost to develop the confidential and proprietary material and trade secrets misappropriated by Acartus.

**REQUEST NO. 8**

Produce all documents referring to any permission or other license to or from any person to use any material you claim is confidential and proprietary to Mobius and/or constitutes a trade secret of Mobius.

**RESPONSE TO REQUEST NO. 8**

Mobius objects to this request on the grounds that it is overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving these objections, Mobius will produce documents sufficient to show the nature of the permission or other license concerning the use of Mobius' confidential and proprietary and trade secrets that are at issue in this case.

**REQUEST NO. 9**

Produce all documents relating to the disclosure of any materials Mobius claims constitutes a trade secret.

**RESPONSE TO REQUEST NO. 9**

Mobius objects to this request on the grounds that it is overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving these objections, Mobius will produce documents concerning Acartus' improper use and/or disclosure of Mobius trade secrets.

#### REQUEST NO. 10

Produce all documents referring to any portion of Mobius' "unique software code" you claim Acartus may have "had inappropriate access" as alleged in Paragraph 24 of the Complaint.

#### RESPONSE TO REQUEST NO. 10

Mobius objects to this request on the grounds that it is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving these objections, Mobius will produce documents sufficient to identify the software referenced in paragraph 24 of the Complaint.

#### REQUEST NO. 11

Produce all documents referring to any material you claim is confidential and proprietary to Mobius and/or constitutes a trade secret of Mobius which you claim was misappropriated by Acartus.

#### RESPONSE TO REQUEST NO. 11

Mobius objects to this request on the grounds that it is overly broad and unduly burdensome.

Subject to and without waiving these objections, Mobius will produce documents sufficient to identify Mobius' confidential and proprietary and trade secrets it believes have been misappropriated by Acartus.

#### REQUEST NO. 12

Produce all documents you claim put Acartus on notice that it was using any materials belonging to Mobius which Mobius claims constitutes a trade secret belonging to Mobius.

#### RESPONSE TO REQUEST NO. 12

Mobius will produce responsive documents.

#### REQUEST NO. 13

Produce all documents which relate to any claim you may make that any trade secret you allege Acartus misappropriated provides Mobius with an economic advantage because it is not generally known.

**RESPONSE TO REQUEST NO. 13**

Mobius objects to this request on the grounds that it is vague and ambiguous.

THE BAYARD FIRM

*/s/ Patricia Enerio*

Kurt M. Heyman (# 3054)
Email: kheyman@bayardfirm.com
Patricia L. Enerio (# 3728)
Email: penerio@bayardfirm.com
222 Delaware Avenue, Suite 900
P.O. Box 25130
Wilmington, DE 19899
(302) 655-5000
Attorney for Plaintiff
Mobius Management Systems, Inc.

OF COUNSEL:

KRAMER LEVIN NAFTALIS & FRANKEL LLP
Randy Lipsitz
Jonathan M. Wagner
Norman C. Simon
1177 Avenue of the Americas
New York, New York 10036
(212) 715-9100

Dated: October 3, 2005

603734v1

## CERTIFICATE OF SERVICE

Patricia L. Enerio, Esquire, hereby certifies that on October 3, 2005, copies of the foregoing Plaintiff's Responses and Objections to Defendant's First Set of Request for Production of Documents and Things were served via hand delivery upon the following:

> Mary B. Graham, Esquire
> Morris, Nichols, Arsht & Tunnell
> 1201 North Market Street
> P.O. Box 1347
> Wilmington, DE 19899-1347

_____
Patricia L. Enerio (# 3728)

603714v1