# EXHIBIT J

To The Declaration of Jonathan M. Wagner filed on November 2, 2005

# JONES DAY

NORTH POINT • 901 LAKESIDE AVENUE • CLEVELAND, OHIO 44114-1190
TELEPHONE: 216-586-3939 • FACSIMILE: 216-579-0212

Direct Number: 216-586-7327
rjfay@jonesday.com

JP814925:sfs
207588-600001
CL: 1332982v1

September 14, 2005

**<u>VIA FACSIMILE (212-715-8000) AND REGULAR MAIL</u>**

Jonathan M. Wagner, Esq.
Kramer Levin Naftalis & Frankel LLP
1177 Avenue of the Americas
New York, New York 10036

    Re: <u>*Mobius Management Systems, Inc. v. Acartus, Inc.*
        U.S.D.C. for the Dist. of Delaware; Case No. 05-346</u>

Dear Jonathan:

    I am in receipt of your letter dated September 13, 2005 regarding Acartus' discovery responses as well as its use of its ApertureOne product. My response to each of the points raised in your letter is set forth below.

    Your allegations that Acartus is in violation of a Court Order are misplaced. The extensions to which you refer in the first paragraph of your letter were mutually agreeable and beneficial to both parties. That time allowed us to settle the trademark and false advertising claims. Moreover, as we have already discussed, your client is not entitled to documents in response to the first set of Request for Production of Documents. As you are aware, your document request issued in connection with the Court's Order setting a hearing for a preliminary injunction. That hearing terminated by Court Order on July 25, 2005. To the extent a response was necessary, Acartus complied. Nothing in the Stipulation, to which you agreed, required Acartus to produce any documents by September 12, 2005. We resolved, at least temporarily, the issues related to the false advertising and trademark infringement claims. It does not make sense to waste our clients' resources on discovery, and Acartus will not concurrently engage in discovery and discuss settlement on those issues.

    Acartus is not under any obligation to produce documents in response to the Second Set of Request for Production of Documents served on August 17, 2005, either. The Court Order upon which you base your claim for the first document request does not entitle your client to a second set of discovery requests. Your second set of document requests, at best, is premature. As you are aware, Acartus has moved to dismiss the Unfair Competition claim in the Complaint. The document requests are related solely to that claim. Under no set of circumstances do the Federal Rules of Civil Procedure require Acartus to produce documents in response to those requests, let alone respond to the discovery request by September 12, 2005, which Acartus did.

CLI-1332982v1

ATLANTA • BEIJING • BRUSSELS • CHICAGO • CLEVELAND • COLUMBUS • DALLAS • FRANKFURT • HONG KONG • HOUSTON
IRVINE • LONDON • LOS ANGELES • MADRID • MENLO PARK • MILAN • MOSCOW • MUNICH • NEW DELHI • NEW YORK • PARIS
PITTSBURGH • SAN DIEGO • SAN FRANCISCO • SHANGHAI • SINGAPORE • SYDNEY • TAIPEI • TOKYO • WASHINGTON

JONES DAY

Jonathan M. Wagner, Esq.
September 14, 2005
Page 2

Since your client's unfair competition claim fails to state a claim as a matter of law, it can hardly engage in discovery related to that claim at this time.

You reference a "trade secrets" claim in your letter. As explained in our Motion to Dismiss, your client has not alleged a trade secret misappropriation claim, and the unfair competition claim that is pled does not support a trade secret claim, let alone a request for permanent injunctive relief. The plenary authority, set forth in Acartus' Motion to Dismiss, dictates that to the extent your client seeks to state a claim for trade secret misappropriation, and engage in discovery related to that claim, it must allege that trade secrets have, in fact, been misappropriated and provide Acartus with a description of the trade secrets it claims have been misappropriated. Your client has not done so.

The reason for your client's omission in the Complaint is obvious. It cannot, pursuant to Rule 11 of the Federal Rules of Civil Procedure, or under any set of circumstances, allege that: (1) it owns a trade secret; that (2) Acartus has misappropriated. In response to Randy Lipsitz' letter to me of September 1, 2005, I set forth Acartus' response to your client's claim that its "intellectual property rights" were being violated by virtue of its use of its ApertureOne product. In particular, in my September 1, 2005 correspondence to Randy Lipsitz, of which you received a copy, I set forth a litany of caselaw which supports Acartus' position negating any alleged claim by Mobius of trade secret misappropriation. I invited your partner to share with me any authority he had to the contrary. To date, he has not done so; nor do you in your September 13, 2005 correspondence.

Your last request that Acartus stop selling Aperture One is puzzling. Under the settlement terms discussed to date, Acartus has the right to continue selling ApertureOne, to which Mobius has agreed. Thus, I do not understand the basis for requesting that Acartus stop selling its ApertureOne product.

Acartus vigorously denies that its ApertureOne product infringes any of Mobius' intellectual property rights. Furthermore, Acartus has complied with any discovery obligations it may have had when it responded to your client's discovery requests on September 12, 2005. Notwithstanding, to the extent your client still wishes to resolve the issues raised in the Complaint, I remain committed to doing so which is why I called you on September 13, 2005.

CLI-1332982v1

JONES DAY

Jonathan M. Wagner, Esq.
September 14, 2005
Page 3

     Yet, you did not return my call. If you still believe you are entitled to any production of documents at this time, I would be glad to discuss it.

                                          Very truly yours,

                                          Regan J. Fay

cc:    Meredith M. Wilkes, Esq.

CLI-1332982v1