# EXHIBIT B

To The Notice Of Subpoenas

Issued by the
UNITED STATES DISTRICT COURT
SOUTHERN       DISTRICT OF      TEXAS

MOBIUS MANAGEMENT SYSTEMS, INC.

SUBPOENA IN A CIVIL CASE

V.

ACARTUS, INC.

CASE NUMBER:[1]
05-346 SLR

TO: Gimmal Group, Inc.
24 Greenway Plaza, Suite 1000
Houston, TX 77046

☐ YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
| --- | --- |
|  | DATE AND TIME |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
| --- | --- |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):
See attached Schedule A

| PLACE | DATE AND TIME |
| --- | --- |
| Kramer Levin Naftalis & Frankel LLP<br>1177 Avenue of the Americas<br>New York, NY 10036 | December 1, 2005 |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
| --- | --- |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6)

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
| --- | --- |
| [signature] Attorney for Plaintiff | November 8, 2005 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Jonathan M Wagner
Kramer Levin Naftalis & Frankel LLP
1177 Avenue of the Americas
New York, NY 10036
(212) 715-9393

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on Reverse)

[1] If action is pending in district other than district of issuance, state district under case number

KL3 2472165 1

|  | PROOF OF SERVICE |  |
|---|---|---|
|  | DATE | PLACE |
| SERVED |  |  |
| SERVED ON (PRINT NAME) |  | MANNER OF SERVICE |
| SERVED BY (PRINT NAME) |  | TITLE |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on
DATE

SIGNATURE OF SERVER

ADDRESS OF SERVER

---

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place

where                                                                 that

person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

## SCHEDULE A

### DEFINITIONS AND INSTRUCTIONS

1. As used herein, the words "document" or "documents" shall mean any and all original and non-identical copies (including all copies which are different in any way from the original, whether by interlineation, stamp, notation, indication of copy sent or received or otherwise), regardless of location, of any written, printed, xeroxed, photographed, recorded, transcribed, punched, taped, filed, or graphic matter, and any other means of preserving thought or expression, of any nature or description. The term also includes all information stored in a computer system whether or not it has yet been printed out, all information stored in computer hard drives, all information stored on floppy diskettes, all information stored on computer tape backups, all information stored on microfiche, all information stored on CD-ROM, and all e-mails. The term "document" further includes all letters and other communications.

2. As used herein, the word "concerning" shall mean relating to, referring to, describing, evidencing or constituting.

3. As used herein, "Mobius" shall mean plaintiff Mobius Management Systems, Inc., and any of its products and divisions, departments, subsidiaries, parent corporations, predecessors-in-interest, successors-in-interest, directors, officers, agents, employees, attorneys, or representatives, both past and present.

4. As used herein, "Acartus" shall mean defendant Acartus, Inc., and any of its products and divisions, departments, subsidiaries, parent corporations, predecessors-in-interest, successors-in-interest, directors, officers, agents, employees, attorneys, or representatives, both past and present.

4.  As used herein, "Gimmal Group" shall mean Gimmal Group, Inc. and any of its divisions, departments, subsidiaries, parent corporations, predecessors-in-interest, successors-in-interest, directors, officers, agents, employees, attorneys, or representatives, both past and present.

5.  When a particular document is not specifically requested, but such document is necessary in order to make the documents produced either comprehensible, complete or not misleading, the request shall be deemed specifically to request such document, and you are to produce such document as part of your response.

6.  Each request shall be construed independently and not by reference to any other request for the purpose of limitation.

7.  If any document requested herein is withheld on the basis of attorney-client privilege or as attorney work product or on the basis of any other privilege, you shall furnish a written statement which:

   a.  identifies each person who prepared or authored the document and each person to whom the document or copies thereof were communicated;

   b.  specifies the date on which the document was prepared or transmitted;

   c.  describes the nature of the document (*e.g.*, letter, memorandum, note, contract, invoice);

   d.  describes the subject matter and contents of the documents; and

   e.  states briefly the legal and factual bases for the claim of privilege or other grounds for nonproduction.

DOCUMENTS REQUESTED

    1.    All documents concerning Mobius.

    2.    All documents concerning Mobius' ViewDirect DAF files.

    3.    All documents concerning communications between Gimmal Group and any third party, including but not limited to Cincinnati Financial Corporation and Acartus, concerning Mobius.

    4.    All documents concerning any review or analysis of whether Mobius' ViewDirect DAF files are subject to confidentiality.