IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| MOBIUS MANAGEMENT SYSTEMS, INC., ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> ACARTUS, INC., ) <br> ) <br> Defendant. ) <br> ) | Civil Action No. 05-346 SLR |

**ACARTUS, INC.'S MEMORANDUM IN OPPOSITION
TO PLAINTIFF'S MOTION TO COMPEL (D.I. 37)**

Mobius' motion to compel is part of its effort, in the face of the market's rejection of its outdated and problematic technology, to prolong and magnify this litigation with Acartus because Acartus has been able to address in the marketplace – entirely legitimately – the needs of customers who have found Mobius' technology to be unsatisfactory and are looking to switch away from Mobius. The only (arguably) legitimate concerns Mobius had – with possible trademark infringement and false advertising – were taken care of promptly by Acartus upon learning of Mobius' concerns. In particular, Mobius' original complaint was that Acartus had referred to Mobius' products, including its trademarks, when marketing Acartus' own product and that Acartus had a promotional data sheet on the internet (with allegedly false statements) for a short time. Acartus promptly took down the advertisement and removed the allegedly offending references to Mobius' marks, even though Acartus did not believe that it had done anything wrong.

Now, Mobius has moved to address its business failures by filing an amended complaint against Acartus with a trumped-up and entirely unsupportable claim of trade secret misappropriation which Acartus has moved to dismiss. Mobius' motion to compel would

bootstrap that effort into burdensome and oppressive discovery of Acartus' own successful, proprietary and confidential technology. Mobius' motion to compel, with its overreaching claim that Mobius has violated this Court's earlier order, is not justified and should be denied.

Two sets of document requests form the basis for Mobius' Motion to Compel. The first, a set of four broad requests for documents, was served on July 6, 2005 in connection with Mobius' Motion for Preliminary Injunction. That motion became moot when the parties resolved the trademark and false advertising issues resulting in a Stipulation and Order entered by the Court on July 22, 2005 that vacated the preliminary injunction hearing. The second is a set of broad requests for documents served on August 17, 2005 in apparent anticipation of Mobius' later pled (and improper) claim of trade secret misappropriation relating to its DAF file format. (*See* Wagner Decl., Exh. D.)

Acartus provided responses to both sets of discovery, but has not produced documents. In its responses, Acartus set out its general objection to producing documents given the resolution of the original claims, the improper pleading of Mobius' unfounded claim of trade secret misappropriation and Mobius' failure to identify its alleged trade secrets. Acartus also set out its specific objections, e.g. to the overbreadth of the requests. Mobius' discovery at issue is nothing more than an illegitimate effort to learn Acartus' own successful trade secrets in the face of Mobius' problems with its technology in the marketplace.

As set forth below, Mobius should not be permitted to a response to either set of discovery requests beyond what it has already received.

## **ARGUMENT**

### **MOBIUS' MOTION TO COMPEL SHOULD BE DENIED.**

The lack of merit to Mobius' motion to compel is evident first from its mischaracterization of the July 6 *ex parte* Order it accuses Acartus of violating. Although Mobius asserts that the Court "on July 6 ordered Acartus to *comply* with Mobius' first document request" (Mobius' Op. Mem. D.I. 38, p. 7), the Order actually ordered only that "Defendant shall *respond* to plaintiff's first set of requests for the production of documents and things on or before July 22, 2005." Having resolved the claims, the parties thereafter agreed, when vacating the hearing, to extend the response date to that set of requests. Acartus in fact responded to the first set of document requests on the agreed-upon extension date, even though by that time, there was no need for discovery on the original claims.

Acartus' response fully satisfies the Court's order and its burden under the Federal Rules. Acartus has properly objected to the first set of document requests, which on their face are overly-broad, unduly burdensome and are directed to claims which are moot.

Acartus has also responded to Mobius' second set of document requests, even though that set, served prior to any Rule 16 conference being scheduled, was not authorized by the Court and is directed to the new claim of trade secret misappropriation in Mobius' amended complaint which Acartus has moved to strike and dismiss. As explained in Acartus' motion, Mobius' claim is improper and should be stricken because it is based entirely on information learned from Acartus in Rule 408 discussions. If the claim is not stricken, it should be dismissed for failing to state a claim upon which relief can be granted because the basis for the claim – reverse engineering of Mobius' product based on publicly available information on the internet – cannot in any event state a cognizable claim for misappropriation of trade secrets.

Accordingly, Acartus' objection to producing documents in response to the second set is proper because it pertains to a claim that the Court may strike or dismiss. Even if the claim were allowed to proceed, however, Mobius should not be permitted at this time discovery of Acartus' own technology, which is proprietary and confidential, because Mobius has refused to identify its alleged trade secrets.

### A. The Trademark and False Advertising Discovery Is Overly Broad, Unduly Burdensome and Not Reasonably Calculated to Lead to the Discovery of Admissible Evidence.

On their face, Mobius' Motion for Preliminary Injunction and the related stipulated injunction show that the focus for the requested injunctive relief was Mobius' allegations of trademark infringement and false advertising.[1] Those issues are effectively resolved, which Mobius does not dispute. Instead, it now claims that, because (unstated) damages issues remain with respect to these two short-lived claims, it is entitled to documents in response to the broad July 6, 2005 requests. This position is without merit.

The first numbered request of the first set of document requests seeks "all documents concerning Mobius." (*See* Exh. A to D.I. 6.) Mobius alleges that Acartus is a competitor. As a competitor, Mobius cannot seriously assert that every single document Acartus may have that concerns Mobius in any way is calculated to lead to the discovery of admissible evidence, whether on damages or even the original concerns of infringement and advertising. Such a request is objectionable on the basis that it is overly broad, unduly burdensome and not

---

[1] Mobius' preempted unfair competition claim, as a matter of law, could not form the basis for injunctive relief.

reasonably calculated to lead to the discovery of admissible evidence. Acartus so objected in its responses. (*See* Exh. C to Wagner Decl.)

Mobius' second and fourth numbered requests, seeking "all documents concerning [Mobius' product] ViewDirect" and "documents sufficient to identify Acartus' customers" suffer from the same malady. If there truly are any remaining issues with respect to Mobius' false advertising and trademark infringement claims, which Acartus disputes, they can only relate to Mobius' claim for damages (if it will make one) with respect to these two counts. (*See* Mobius' Op. Mem. D.I. 38, p. 8.) As such, if Mobius is entitled to any discovery on those claims, it would have to be tailored, for example, to relevant sales of competing products (containing any allegedly infringing mark or advertisement), not the blanket requests for each document that may in some way relate to a product offered by Mobius, Mobius in general, or a flat out listing of all of Acartus' customers.

Finally, under no set of circumstances is Mobius entitled to documents in response to Request No. 3: "All documents concerning the Migration Software," which is Acartus' product containing Acartus' confidential information and trade secrets. As set forth in Section B, *infra*, this request was based upon Mobius' deficient and preempted Unfair Competition claim that was the subject of Acartus' motion to dismiss the original complaint. Mobius is not permitted to obtain discovery under the Federal Rules focused on a claim that has in effect been withdrawn. And until the viability of its claim of trade secret misappropriation has been ruled upon, and Mobius has identified its alleged trade secrets, it should not be permitted to pursue discovery of Acartus' technology. Moreover, the request is also facially vastly overbroad.

To the extent Mobius seeks to prolong discovery and waste time and expense by drafting discovery directed to a dubious damages claim, Acartus will certainly produce responsive documents to properly tailored requests, assuming the matter is not stayed.  However, Mobius has not served Acartus with any legitimate discovery directed to those issues.  As such, there is nothing that should be compelled and Mobius' request for relief should be denied.

### B. Mobius Cannot Engage in Discovery Directed to Its Claim for Trade Secret Misappropriation.

Under no conceivable set of circumstances is Mobius entitled to documents directed to any claim which rests upon a theory of trade secret misappropriation, whether based upon the preempted Unfair Competition claim in the Complaint or the defective Misappropriation of Trade Secrets Claim in the Amended Complaint, even assuming that Mobius ultimately were held to have stated a proper claim for trade secret misappropriation.

Identification of trade secrets is a necessary prerequisite to engaging in discovery directed to that issue.  *Savor, Inc. v. FMR Corp.*, C.A. No. 00C-10-249-JRS, 2001 Del. Super. LEXIS, at * 10-13 (Del. Super. Ct. Mar. 13, 2001); *Struthers Scientific Int'l Corp. v. Gen. Foods Corp.*, 51 F.R.D. 149, 153 (D. Del. 1970); *Engelhard Corp. v. Savin Corp.*, 505 A.2d 30 (Del. Ch. 1986).  "Simply to assert a trade secret resides in some combination of other known data is not sufficient . . . ." *Jostens, Inc. v. Nat'l. Computer Sys. Inc.*, 318 N.W. 2d 691, 698 (Minn. 1982).  The purpose of this requirement is to set forth the outer boundaries of discovery in order to avoid the needless exposure of defendant's trade secrets." *Magnox v. Turner et al.* 1991 WL 182 450 (Del. Ch. 1991) at *1.  Any other result would give a plaintiff open season on its adversary's own confidential and proprietary information.

While Mobius' document requests plainly evidence its desire to launch an open season raid through Acartus' confidential and proprietary documents, Mobius has not carried its

- 6 -

burden of sufficiently identifying its trade secrets before engaging in discovery directed to its claim of trade secret misappropriation. In an attempt to avoid delay, Acartus sent Mobius interrogatories and requests for production of documents directed to the issue of the purported trade secrets, including interrogatory no. 4 asking for identification of Mobius' trade secrets. (*See* Exhs. E and F to Wagner Decl.) After objecting on the grounds that Acartus had not identified its trade secrets, Mobius then provided nothing more than a duplication of the allegations of the Amended Complaint. (*See* D.I. 22, ¶¶ 24-20 and Exh. 1) Although Mobius asserts that it has identified its trade secrets with the required particularity (Op. Mem. p. 9), the response on its face cannot identify any trade secrets because it is not confidential (Exh. 1, attached). Mobius is hard-pressed to claim that its non-confidential answer, which simply identifies in a few lines common aspects of files as the alleged trade secrets, meets its burden to identify trade secrets with particularity. *Id* at 5.[2]

As the case law Acartus has cited in its first Motion to Dismiss evidences and as noted above, before discovery can be directed to trade secrets of a defendant, the party seeking that discovery must "first identify with reasonable particularity the matter which it claims constitutes a trade secret before it will be allowed… to compel discovery of its adversary's trade secrets." *Engelhard Corp. v. Savin Corp.*, 505 A.2d 30 (Del. 1986). The reason for such a requirement is simple; it sets the parameters of discovery and prevents the very fishing expedition Mobius seeks. Acartus has not overstated the holding of *Englehard* as Mobius asserts on page 10 of its Memorandum in Support of its Motion to Compel. Indeed, in *Engelhard*,

---

[2] Given the brevity of Mobius' description of its alleged trade secrets, it is revealing that Mobius asserts that it "cannot provide more particulars concerning the misappropriated trade secrets without access to the requested discovery" of Acartus. (Op. Mem. p. 10.)

although discovery had been obtained from plaintiff, it was not discovery directed to the claim of trade secret misappropriation. *Id*. at 32. Moreover, before plaintiff was permitted to obtain trade secret information of its adversary, it filed a trade secret statement under an agreed upon protective order. *Id.* at 31-32. Mobius has not met this standard.[3]

## CONCLUSION

For the foregoing reasons, Acartus submits that there is nothing to compel and that the Court should deny Mobius' Motion to Compel.

Acartus has properly responded to the July 6, 2005 discovery requests and its objections are proper in view of its motion to stay and the overbreadth of the discovery as it might apply to any damages claim. Acartus' objections to the second set are likewise proper because Acartus has moved to strike or dismiss the trade secrets claim to which that discovery is directed and, in any event, Mobius has not identified its alleged trade secrets.

Acartus suggests that, once the Court has ruled on Acartus' motion to strike, dismiss or stay, and the complexion and status of the remainder of the case has been defined, the parties should then discuss the proper scope of discovery relating to any aspect of the case that may proceed. At that time, if there is any need for the Court's intervention or assistance, the parties could seek the Court's assistance with a more focused dispute.

---

[3] Nothing in the Court's July 6, 2005 Order abolished the requirement that the parties abide by the Federal Rules of Civil Procedure, or by the standards imposed by precedent, as Mobius suggests in its Memorandum (p. 10, n. 2).

- 9 -

    MORRIS, NICHOLS, ARSHT & TUNNELL

*/s/ Mary B. Graham*

Mary B. Graham (#2256)
James W. Parrett, Jr. (#4292)
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899
302.658.9200

  *Attorneys for Defendant Acartus, Inc.*

OF COUNSEL:

Regan J. Fay
Meredith M. Wilkes
JONES DAY
North Point
901 Lakeside Avenue
Cleveland, OH  44114-1190
216.586.7231

Dated:  November 21, 2005
493802

- 9 -

## CERTIFICATE OF SERVICE

I hereby certify that on November 21, 2005, I caused the foregoing to be electronically filed with the Clerk of the Court using CM/ECF which will send electronic notification of such filing to the following:

>Kurt Michael Heyman
>THE BAYARD FIRM
>222 Delaware Avenue
>Suite 900
>P.O. Box 25130
>Wilmington, DE  19899

Additionally, I hereby certify that true and correct copies of the foregoing were caused to be served on November 21, 2005 upon the following individuals in the manner indicated:

>**BY HAND**:
>
>Kurt Michael Heyman
>THE BAYARD FIRM
>222 Delaware Avenue
>Suite 900
>P.O. Box 25130
>Wilmington, DE  19899
>
>**BY FACSIMILE**:
>
>Randy Lipsitz
>KRAMER LEVIN NAFTALIS & FRANKEL LLP
>1177 Avenue of the Americas
>New York, NY  10036

*/s/ Mary B. Graham*

Mary B. Graham (#2256)

479192