IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

MOBIUS MANAGEMENT SYSTEMS, INC., :
:
            Plaintiff, :
:
   v. : C.A. No. 05-346 SLR
:
ACARTUS, INC., :
:
            Defendant. :

**PLAINTIFF'S REPLY MEMORANDUM IN SUPPORT
OF ITS MOTION TO COMPEL DISCOVERY**

                THE BAYARD FIRM
                Kurt M. Heyman (# 3054)
                Email: kheyman@bayardfirm.com
                Patricia L. Enerio (# 3728)
                Email: penerio@bayardfirm.com
                222 Delaware Avenue, Suite 900
                P.O. Box 25130
                Wilmington, DE 19899
                (302) 655-5000

                Attorneys for Plaintiff
                Mobius Management Systems, Inc.

OF COUNSEL:

KRAMER LEVIN NAFTALIS & FRANKEL LLP
Randy Lipsitz
Jonathan M. Wagner
Marjorie E. Sheldon
1177 Avenue of the Americas
New York, NY 10036
(212) 715-9100

Dated: December 5, 2005

610479v1

Table of Contents

Introduction ........................................................................................................................... 1

Argument ............................................................................................................................... 2

    I.     THERE IS NO JUSTIFICATION FOR A STAY OF
          DISCOVERY PENDING THE RESOLUTION OF ACARTUS'
          MOTION TO DISMISS OR STAY ............................................................... 2

    II.    ACARTUS SHOULD PRODUCE DOCUMENTS
          CONCERNING MOBIUS' TRADEMARK AND FALSE
          ADVERTISING CLAIMS ............................................................................... 2

    III.   ACARTUS SHOULD PRODUCE DOCUMENTS
          CONCERNING MOBIUS' MISAPPROPRIATION CLAIM ........................ 4

Conclusion ............................................................................................................................. 8

Plaintiff Mobius Management Systems respectfully submits this reply memorandum in support of its motion to compel Acartus to produce documents in response to Mobius' pending requests for production.

## Introduction

Mobius moved to compel on account of Acartus' refusal to produce *any* documents concerning *any* of Mobius' claims, notwithstanding Acartus' continued failure to seek – let alone obtain – a stay of discovery. Acartus does not deny its failure to obtain a discovery stay from this Court. Nor does Acartus refute the other principal facts on which Mobius' motion is based:

- Mobius' first document request, which was the subject of the Court's July 6 Order directing Acartus to respond to Mobius' request, was directed at the misappropriation claim, not the trademark and false advertising claims;

- That order therefore was not mooted by entry of the stipulated preliminary injunction, which concerned only the trademark and false advertising claims and did not permanently resolve any claims or address Mobius' damage claims;

- Acartus never sought relief from the July 6 Order, and Acartus' deadline for complying has long since passed; and

- The July 22 stipulation did not finally resolve the trademark and false advertising claims, making those claims perfectly fair ground for discovery.

The basic gist of Acartus' opposition is that, by serving written responses containing blanket objections, it has satisfied the Court's July 6 Order and fulfilled its discovery obligations. We respectfully submit that this is not what the Court had in mind when it ordered Acartus – five months ago – to comply with Mobius' document requests.

Argument

I. THERE IS NO JUSTIFICATION FOR A STAY OF DISCOVERY PENDING THE RESOLUTION OF ACARTUS' MOTION TO DISMISS OR STAY

As Mobius explained in its opening brief, there is no basis under the governing rules or case law for staying discovery merely because the defendant has moved to dismiss the plaintiff's claims. Moreover, requests to stay discovery are particularly disfavored when – as here – the motion will not even dispose of the entire case. Acartus does not deny this point, nor does it cite any authority to the contrary. In fact, Acartus simply ignores it.

Acartus' main reason for refusing to provide discovery concerning Mobius' claims is that Acartus has moved to strike, dismiss or stay them. *See* Opp. Br. (D.I. 42) at 4 ("Acartus' objection to producing documents in response to the second [request] is proper because it pertains to a claim that the Court may strike or dismiss"); *id.* at 8 ("[O]nce the Court has ruled on Acartus' motion to strike, dismiss or stay, . . . the parties should then discuss the proper scope of discovery relating to any aspect of the case that may proceed"). Having failed to seek, let alone obtain, a stay of discovery or relief from this Court's July 6 Order, either before or after filing that motion, Acartus has no legitimate grounds for unilaterally halting discovery.

II. ACARTUS SHOULD PRODUCE DOCUMENTS CONCERNING MOBIUS' TRADEMARK AND FALSE ADVERTISING CLAIMS

Acartus maintains that it is excused from providing discovery concerning Mobius' trademark and false advertising claims because those claims were resolved pursuant to the July 22 preliminary injunction Stipulation and Order. As demonstrated in Mobius' moving papers, that is not true. There is little more to be said, other than to correct certain additional misstatements of fact in Acartus' opposition papers.

First, Acartus states that Mobius' allegations of trademark infringement and false advertising "were taken care of promptly by Acartus upon learning of Mobius' concerns" because Acartus "promptly took down the advertisement and removed the allegedly offending references to Mobius' marks." Opp. Br. (D.I. 42) at 1. That is not what happened. In fact, and as set forth in Mobius' papers in support of its motion for a preliminary injunction (D.I. 8), *after* Acartus represented to Mobius that the offending statements had been removed from the Acartus website, Mobius discovered a slightly revised but equally offending promotional piece elsewhere on the internet, which continued to misuse the Mobius tradename to promote Acartus' competing product. After finding the new ad, Mobius moved for a preliminary injunction. (D.I. 6-10). *See also* Reply Declaration of Jonathan M. Wagner, dated December 2, 2005.

Second, Acartus says that Mobius "does not dispute" that the trademark and false advertising claims "are effectively resolved" and that Mobius concedes that only "damage issues remain with respect to these two short-lived claims." Opp. Br. (D.I. 42) at 4. But Mobius made no such concession. Throughout its brief, Mobius repeatedly explained that the injunction was preliminary in nature, will remain in place "only until a decision in any final trial of this action," and "*did not finally resolve any of the underlying claims.*" Moving Br. (D.I. 38) at 3 (emphasis added); *see also id.* at 5, 6 and 8. Mobius never said that *only* its damage claims remain pending. What it said was, "Beyond that," Mobius *also* "has a pending damage claim." *Id.* at 8. Because the trademark and false advertising claims have not been finally resolved, they remain fair ground for discovery.[1]

---

[1] At an absolute minimum, and taking Acartus' arguments at face value, Acartus should have produced all documents that bear on Mobius' entitlement to damages. As even Acartus agrees, damage-related documents are within the proper scope of discovery. Such documents would be responsive to several of Mobius pending requests. *See e.g.* First Request, No. 4 ("Documents sufficient to identify

Moreover, Acartus has rejected attempts to resolve these claims. Mobius repeatedly asked Acartus to agree to entry of a permanent injunction – i.e., a binding commitment that it will never misuse the Mobius tradename in connection with its promotional activities for the ApertureONE product -- which would negate the need for some discovery. Mobius also told Acartus that it would not agree to settle these claims short of Acartus agreeing to permanent as opposed to preliminary injunctive relief. To date, however, Acartus has refused to agree, making it necessary for Mobius to press forward with these claims. *See* Wagner Reply Decl. ¶ 3 & Exh. A.

### III. ACARTUS SHOULD PRODUCE DOCUMENTS CONCERNING MOBIUS' MISAPPROPRIATION CLAIM

To the extent Acartus' refusal to produce documents concerning its alleged misappropriation is based on the pendency of its motion to dismiss, that does not constitute a legitimate ground for withholding discovery, as discussed in Argument I above.[2]

Acartus also maintains that even if its dismissal motion is denied, Mobius still would not be entitled to discovery on this claim unless and until Mobius identifies the specific trade secrets that Acartus misappropriated. But as Acartus now acknowledges, at the pleading stage the cases require only "reasonable particularity," not precise specificity. *See* Opp. Br. (D.I. 42) at 7;

---

Acartus' customers for the Migration Software"); and Second Request, No. 6 ("All lists of customers or prospective customers for Mobius' products"). Wagner Decl. (D.I. 39) Exhs. A & B.

[2]    Because that motion is unlikely to succeed in any event, Acartus would have faced an uphill battle even if it had requested a formal stay. Acartus' main argument is that the Mobius DAF file that Acartus used to develop its migration software was temporarily posted on the internet, causing Mobius to lose its trade secret status and enter the public domain. But as Mobius demonstrated in opposition to Acartus' motion to dismiss, the cases uniformly hold that whether a trade secret enters the public domain through publication, on the internet or elsewhere, is a highly fact-specific inquiry that cannot be resolved at the pleading stage without the benefit of discovery. This file, moreover, was not the sole alleged basis for Mobius' claim, rendering Acartus' public domain argument beside the point, or at minimum not dispositive of Mobius' claim. *See* D.I. 36.

Moving Br. (D.I. 38) at 9-10. The obvious reason is that, in the typical misappropriation case, the relevant facts – including what information the defendant used and how that information was obtained – are largely within the defendant's control, making greater precision an impossibility without any discovery. Acartus' interpretation of the governing standard creates a Catch-22 that would prevent most plaintiffs from ever being able to obtain discovery on, and therefore prove, a misappropriation claim.

Mobius has not yet identified every trade secret that Acartus obtained and used to develop its ApertureONE product. That would be impossible at this juncture. Mobius has, however, identified the proprietary information at stake with sufficient particularity to frame the appropriate boundaries of discovery, which is all that the cases require. The Amended Complaint, for example, contains the following allegations:

- Upon information and belief, for Acartus to construct a product designed to migrate archives out of the Mobius DAF format, having all of the features, functionalities and abilities noted in the Acartus product literature, it was necessary for Acartus to have had inappropriate access to Mobius' software containing Mobius trade secrets and to have improperly reversed engineered and copied portions of Mobius unique software code into its export utility. (D.I. 22 ¶ 24).

- Upon information and belief, at least one former Mobius employee is presently employed by Acartus. During his employment with Mobius, that employee had access to confidential proprietary information and trade secrets concerning Mobius' software, including Mobius' software code, as well as Mobius customer lists. As a Mobius employee, he had agreed to keep Mobius' proprietary information confidential. (*Id.* ¶ 25).

- After Mobius served its complaint in this matter, Acartus informed Mobius that it had developed its competing product having all of the features, functionalities and abilities noted in the Acartus product literature by reverse engineering DAF archive files that it had accessed from an internet site, www.rentacoder.com and that it had obtained documentation from that website. This internet posting emanated from a former Mobius licensed customer without Mobius' knowledge or consent and in violation of the

confidentiality provisions in the license agreement governing the use of Mobius' products. (*Id.* ¶ 26).

The Amended Complaint goes on to allege that Acartus must have had access to other Mobius trade secrets beyond those improperly posted on the internet:

> The DAF file improperly accessed and reverse engineered by Acartus was a low level DAF file that had limited sophistication and incorporation of Mobius trade secrets. For the Acartus product to perform as advertised having all of the features, functionalities and abilities noted in the Acartus product literature, it would have been necessary for Acartus to have had improper access to and to have reverse engineered other proprietary and trade secret files of Mobius.

(*Id.* ¶ 30).

Furthermore (and evidencing that discovery in this case thus far has been a one-way street), Mobius provided the following *additional* information in an interrogatory response:

> The Mobius DAF file format is a trade secret file format, sophisticated and variable in nature, and able to deal with computer generated and non-computer generated information created in a wide variety of formats, including but not limited to text, laser printer formatted documents, images, web formats, desktop documents, audio and video. As such, the DAF contains a number of proprietary and trade secret elements in addition to the "human visible or audible content" that enable the DAF to be used to properly find, render and present that wide variety of formats without which any converted version of the DAF would not be a complete rendition of the original. *These elements include the encoding scheme, separation information with regard to the DAFs within a compound DAF, pagination and indexing information, resources such as forms, fonts and logos used to render complex laser printer formatted documents, the compression algorithm, as well as encoding and page count facilities to insure the DAF's integrity.*

Wagner Decl. (D.I. 39) Exh. G at 4-5 (emphasis added). Contrary to what Acartus asserts (at page 7 of its brief), this response goes well beyond a mere "duplication of the allegations of the Amended Complaint" -- although the allegations of the complaint, standing alone, would suffice.

Acartus goes on to allege that Mobius' discovery requests amount to a "fishing expedition" or an "open season raid through Acartus' confidential and proprietary documents." (D.I. 42 at 6). With isolated exceptions, most of the requests are narrowly tailored to target the specific issue of Acartus' misuse of Mobius' proprietary information. For example:

- All documents concerning the development of the Acartus Migration Software (First Request, No. 3);

- All copies of any Mobius DAF or archive files (Second Request, No. 2);

- All copies of files purported to be exported from Mobius DAF files to Acartus software (Second Request, No. 3);

- All software provided to Acartus and either (i) created by Mobius, (ii) accessing Mobius software, or (iii) provided by customers to Acartus that are related to Mobius software (Second Request, No. 4);

- All confidentiality agreements between Mobius and any party (Second Request, No. 5);

- All lists of customers or prospective customers for Mobius' products (Second Request, No. 6); and

- Documentation for all file formats supported by Acartus as originating from Mobius DAF or archive files (Second Request, No. 7).

To the extent any requests appear to sweep more broadly, Acartus is still obligated to produce relevant responsive documents, subject to the burden and overbreadth objections that it asserted.[3]

---

[3] Mobius recognizes that Acartus may properly request the entry of a confidentiality order prior to the production of certain documents. Mobius has proposed such an order, modeled on an order entered by this Court in another case. (Wagner Reply Decl., Exh. B). However, Acartus has not responded to the proposed order. (Wagner Reply Decl., ¶ 4).

Finally, and perhaps most importantly, Acartus cannot explain away its failure to comply with the July 6 Order. As Mobius has noted, and as Acartus cannot dispute, Mobius' first document request, and hence the July 6 Order instructing Acartus to comply with it, was directed *not* to the trademark and false advertising claims that were the subject of the preliminary injunction motion, but to Acartus' misappropriation of trade secrets. Because the request did not concern the trademark and false advertising claims, it was not mooted by the entry of the stipulated preliminary injunction, which related only to those two claims. The facts are therefore quite simple. The Court ordered Acartus to provide discovery concerning its alleged misappropriation of Mobius' trade secrets; Acartus never sought relief from that Order; and Acartus is now in violation of the Order. For this reason alone, Acartus should be compelled to respond.[4]

## CONCLUSION

Pushing the envelope, Acartus insists that it has complied with its discovery obligations, having provided written responses (with blanket objections) to both sets of requests; that Mobius is entitled to nothing "beyond what it has already received"; and that "there is nothing to compel" as a result. Opp. Br. (D.I. 42) at 2 and 8. This is not compliance; it is stonewalling – and Acartus' stonewalling has now persisted for a full three months, leaving Mobius unable to advance its claims. For the reasons set forth above, the Court should grant Mobius' motion to compel and order Acartus promptly to produce documents in response to Mobius first and

---

[4] Acartus' suggestion that there was no misappropriation claim in the original complaint, and that it was trumped up after the fact solely on the basis of information revealed by Acartus during subsequent settlement discussions, is a red herring. The claim has been in the case from the outset, although it was originally pled as "unfair competition" – at worst a technical defect that Mobius cured by amending the complaint. There is no dispute that the claim is properly pled under Delaware's Uniform Trade Secrets Act, although Acartus disputes that the information at issue constitutes a trade secret.

second document requests. The irony, of course, is that through mere stonewalling, Acartus *has* gained the benefit of a discovery stay pending the outcome of its dismissal motion. To remedy that inherent unfairness, Mobius respectfully requests that, to the extent Acartus' pending motion is denied, Acartus be deemed to have waived any objections to Mobius' pending discovery requests, and that the Court award Mobius the fees incurred in making this motion.

THE BAYARD FIRM

*/s/ Patricia L. Enerio*

Kurt M. Heyman (# 3054)
Email: kheyman@bayardfirm.com
Patricia L. Enerio (# 3728)
Email: penerio@bayardfirm.com
222 Delaware Avenue, Suite 900
P.O. Box 25130
Wilmington, DE 19899
(302) 655-5000

Attorneys for Plaintiff
Mobius Management Systems, Inc.

OF COUNSEL:

KRAMER LEVIN NAFTALIS & FRANKEL LLP
Randy Lipsitz
Jonathan M. Wagner
Marjorie E. Sheldon
1177 Avenue of the Americas
New York, NY 10036
(212) 715-9100

Dated: December 5, 2005

## CERTIFICATE OF SERVICE

Patricia L. Enerio, Esquire hereby certifies that on December 5, 2005, copies of the foregoing Plaintiff's Reply Memorandum in Support of it's Motion to Compel Discovery were served electronically and by hand delivery on counsel listed below:

>Mary B. Graham, Esquire
>Morris, Nichols, Arsht & Tunnell
>Chase Manhattan Centre, 18th Floor
>1201 North Market Street
>Wilmington, DE  19899-1347

_____
Patricia L. Enerio (#3728)

610479v1