# EXHIBIT B

**To Jonathan Wagner's Declaration dated December 5, 2005**

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

MOBIUS MANAGEMENT SYSTEMS, INC., :
             :
             :
      Plaintiff,   :
             :
    v.        :
             : C.A. No. 05-346 SLR
ACARTUS, INC.,       :
             :
             :
             :
      Defendant. :

## CONFIDENTIALITY STIPULATION AND PROTECTIVE ORDER

   Whereas, the parties to the above-captioned litigation (the "Litigation") are each in the possession of confidential and highly confidential information and such information is being sought in discovery;

   Whereas, the parties agree that the production of information by each of them should take place subject to the provisions of a protective order, pursuant to Rule 26(c) of the Federal Rules of Civil Procedure;

   Whereas, the parties believe that the entry of a protective order will help facilitate any third-party discovery and address third-parties' concerns about the confidentiality of their own information; and

   Whereas, the parties have reached agreement on the terms of this Confidentiality Stipulation and Protective Order ("Stipulation and Order"), subject to approval by the Court;

   It is hereby stipulated and agreed by and between the undersigned counsel for the parties to the above-captioned Litigation that,

1.    This Stipulation and Order governs the use and handling of documents, testimony, interrogatory responses, hearing transcripts and other information (other than information that is publicly known or available) designated as "Confidential" or "Highly Confidential," (collectively the "Protected Litigation Material") by plaintiff Mobius Management Systems, Inc. or defendant Acartus, Inc. (individually a "Party" and collectively the "Parties") or by any third party to this litigation (either Party and all non-parties producing Protected Litigation Material are referred to as a "Producing Party"), pursuant to the provisions herein. This shall include all copies, excerpts, summaries, pleadings, declarations, affidavits, reports, briefs, motions, transcripts, other writings, or testimony given in any deposition or pre-trial hearing, which contains Protected Litigation Material. The handling of Protected Litigation Material at trial will be the subject of a separate discussion between the Parties and the Court to take place prior to the commencement of trial.

2.    Protected Litigation Material shall be used and disclosed solely in connection with preparing for and conducting pre-trial, trial and appellate proceedings in this Litigation.

3.    The Producing Party producing or disclosing Protected Litigation Material may designate it as either "Confidential" or "Highly Confidential." The "Confidential" designation shall be reserved for the Producing Parties' non-public commercial or business information. The "Highly Confidential" designation shall be reserved for commercially sensitive agreements between any Producing Party and companies that are not Party to the litigation, including any drafts thereof, non-public internal financial reports and pricing or planning information; and any trade secret or other sensitive commercial, research or technical

KL3:2465895 1

information that the Producing Party believes in good faith should be afforded the highest level of confidentiality by the court.

        4.      Where original documents are produced for inspection, the designation of "Confidential" or "Highly Confidential" shall be permitted by group of documents; provided, however, that all documents or groups of documents produced shall be produced as they are kept in the usual course of business. Once any such documents are selected for photocopying, however, the provisions of paragraphs 5 and 8 below shall govern.

        5.      The Producing Party or its counsel may designate any documents or other tangible material as "Confidential" by placing on or affixing to it, in a manner that shall not interfere with its legibility, the notation "CONFIDENTIAL" on either the first page of the document, assuming that the document is bound in some manner, or on each page or part of the document or thing containing such "Confidential" information. The Producing Party or its counsel may designate any documents or other tangible material as "Highly Confidential" by placing on or affixing to it, in a manner that shall not interfere with its legibility, the notation "HIGHLY CONFIDENTIAL" on either the first page of the document, assuming that the document is bound in some manner, or on each page or part of the document or thing containing such "Highly Confidential" information. If different copies of the same document are marked inconsistently as to the level of confidentiality, the Party that discovers such inconsistent marking shall immediately notify the other Party and/or the Producing Party, which shall then indicate in writing which level of confidentiality shall apply to the documents at issue. Any disputes regarding these designations shall be resolved pursuant to Paragraph 24 of this Stipulation and Order.

6.    The Producing Party or its counsel may designate depositions or other testimony as "Confidential" or "Highly Confidential" by the following means:

a.    stating orally on the record, with reasonable precision as to the affected testimony, on the day the testimony is given that this information is affected testimony, and the level of confidentiality shall also be stated on the record, either "Confidential" or "Highly Confidential"; or

b.    sending written notice designating, by page and line, any portions of the transcript of the deposition or other testimony to be treated as "Confidential" or "Highly Confidential" within thirty (30) days after receipt of the transcripts, during which thirty (30) day period any such deposition or testimony shall be treated as "Highly Confidential."

7.    Any transcript designated "Confidential" or "Highly Confidential" shall be bound separately and marked as including information that is "Confidential" or "Highly Confidential," respectively, and any transcript so marked shall be given to or shown to only those persons who would otherwise be permitted to view such "Confidential" or "Highly Confidential" material, respectively, pursuant to the terms of this Stipulation and Order.

8.    A Producing Party who does not designate a document or testimony "Confidential" or "Highly Confidential" in accordance with paragraphs 4, 5 or 6 may later designate such document "Confidential" or "Highly Confidential" in the manner set forth in those paragraphs.    After such designation is made, that document shall be treated as "Confidential" or "Highly Confidential," respectively, unless the Court rules against such designation pursuant to paragraph 24 below.

9.    Absent written consent from the Producing Party or unless otherwise directed by the Court, Protected Litigation Material designated "Confidential," any copies

KL3:2465895 1

thereof, and the information contained therein shall not be disclosed, given, shown or made available to anyone except:

    a.    The Court (including Clerks and other Court personnel);

    b.    The Parties, including their officers and employees to the extent necessary for the conduct of the Litigation, and their counsel of record, including legal staff and in-house counsel, and the clerical and litigation support personnel, such as secretaries, paralegals and document clerks, or other support staff, who are employed by such counsel and are working under the express direction of such counsel;

    c.    Court reporters who record deposition or other testimony in the Litigation;

    d.    Independent experts and consultants, including their administrative and clerical personnel, provided that disclosure is made solely for purposes of the Litigation and only after such expert/consultant signs the Confidentiality Agreement attached hereto as Exhibit A and has been approved to receive such information pursuant to paragraph 11 below;

    e.    Any person who is indicated on the face of a document to have been an author, addressee or copy recipient thereof:

    f.    Outside photocopying, graphic production services or litigation support services employed by the parties or their counsel to assist in the Litigation, and computer service personnel performing duties in relation to a computerized litigation system; and

    g.    Any other person to whom the Parties agree in writing.

    10.    Absent written consent from the Producing Party or unless otherwise directed by the Court, Protected Litigation Material designated "Highly Confidential," any

KL3:2465895 1

copies thereof, and the information contained therein shall not be disclosed, given, shown or made available to anyone except:

      a.    The Court (including Clerks and other Court personnel);

      b.    The Parties' outside counsel of record, including their clerical and litigation support personnel, such as secretaries, paralegals and document clerks, or other support staff who are employed by such counsel and are working under the express direction of such counsel;

      c.    Court reporters who record deposition or other testimony in the Litigation;

      d    Independent experts and consultants, including their administrative and clerical personnel, provided that (i) disclosure is made solely for purposes of the Litigation and only after each such expert/consultant signs the Confidentiality Agreement attached hereto as Exhibit A and has been approved to receive such information pursuant to paragraph 11 below, and (ii) disclosure of source code may be made solely to one outside independent expert and outside counsel of record.

      e.    Any person who is indicated on the face of a document to have been an author, addressee or copy recipient thereof;

      f.    Outside photocopying, graphic production services or litigation support services employed by the parties or their counsel to assist in the Litigation, and computer service personnel performing duties in relation to a computerized litigation system; and

      g.    Any other person to whom the Parties agree in writing.

    11.    A party desiring to have "Confidential" or "Highly Confidential" information of another Producing Party disclosed to any person pursuant to paragraphs 9(d) or

10(d) of this Order shall first give written notice to the Producing Party, who shall have ten (10) days after such notice is given (plus three (3) days if notice is given by mail) to object in writing. The party desiring to disclose "Confidential" or "Highly Confidential" information to any such person shall provide the person's curriculum vitae and shall include the following information about such person in the written notice:

> business address;
>
> business title;
>
> business or profession;
>
> any previous or current relationship (personal or professional) with any of the parties; and
>
> any current relationship (personal or professional) with others in the fields of conducting or facilitating financial transactions.

No "Confidential" or "Highly Confidential" information shall be disclosed to such person until after the expiration of the foregoing notice. If, however, during the notice period the party giving notice receives a written objection from the Producing Party, there shall be no disclosure of "Confidential" or "Highly Confidential" information to such person, except by Court order or written withdrawal of the objection. The party or non-party objecting to disclosure of "Confidential" or "Highly Confidential" information to such person shall provide an explanation of the basis of its objection, and consent to the disclosure of "Confidential" or "Highly Confidential" information to a proposed recipient shall not be withheld unreasonably.

12.    Any person obtaining information from Protected Litigation Material designated "Confidential" or "Highly Confidential" may not divulge that information to anyone who would not be permitted to have the information under the provisions of this Stipulation and Order. Neither the Protected Litigation Material designated "Confidential" or "Highly

Confidential" nor the contents thereof shall be used for any business, commercial or competitive purposes whatsoever.

13.    Any person who is permitted to view Protected Litigation Material pursuant to this Stipulation and Order shall be asked to read this Order and shall be apprised by counsel that he or she is bound by the terms hereof.

14.    The recipient of any Protected Litigation Material that is provided pursuant to this Stipulation and Order shall maintain it in a secure and safe area and shall exercise due and proper care with respect to its storage, custody and use.

15    Nothing in this Stipulation and Order shall prevent any Producing Party from disclosing its own Protected Litigation Material produced by it, whether or not also produced by the other Party, as it deems appropriate, and any such disclosure shall not be deemed a waiver of any other Party's rights or obligations under the Stipulation and Order.

16.    The Parties shall confer at or before the time their objections to trial exhibits are due to be served on the opposing Party regarding the use of "Confidential" or "Highly Confidential" Protected Litigation Material at trial and agree to present to the Court any disputes regarding the use of any exhibits containing "Confidential" or "Highly Confidential" Protected Litigation Material at trial.

17.    Protected Litigation Material shall not be copied or reproduced for use in the Litigation except to the extent such copying or reproduction is reasonably necessary to the conduct of the Litigation, and such copies or reproductions shall be subject to the terms of this Stipulation and Order. If the duplication process by which copies or reproductions of Protected Litigation Material are made does not preserve the confidentiality designations that appear in the

- 8 -

original of the documents, all such copies or reproductions shall be designated in the manner set forth in Paragraph 5 above.

18.    Complete or partial copies of Protected Litigation Material and summaries, digests, analyses, reports or other documents prepared from or containing Protected Litigation Material bearing the designations specified in Paragraph 5 above shall be treated as "Confidential" or "Highly Confidential" Protected Litigation Material, as designated, under this Stipulation and Order.

19.    If Protected Litigation Material designated "Confidential" or "Highly Confidential," or quotations from or references to such material, are to be included in papers filed with or otherwise disclosed to the Court or in oral argument to the Court, such papers or the transcripts of such oral argument shall plainly state on the first page of any bound or stapled document "Confidential – Subject to the Confidentiality Stipulation and Protective Order," or "Highly Confidential – Subject to the Confidentiality Stipulation and Protective Order," or words to similar effect, and shall be filed in a sealed envelope on which shall be endorsed the caption of this action, and a statement substantially in the following form: "This envelope contains documents or things that are the subject of a Protective Order of this Court. This envelope shall neither be opened nor its contents revealed except by Order of the Court." Any Producing Party may ask the Court to keep such papers or the transcripts of such argument under seal. Unless the Court denies the request, such papers or transcripts shall not be disclosed to any person who is not permitted to view such materials pursuant to the terms of this Stipulation and Order.

20.    Inadvertent production of documents, things or information subject to the attorney-client privilege or work-product immunity (despite the Producing Parties' reasonable efforts to prescreen such documents and information prior to production) does not waive the

- 9 -

attorney-client privilege or work product immunity if a request for return of such documents or information is made promptly after the Producing Party learns of its inadvertent production.

21.    Should any information designated "Confidential" or "Highly Confidential," any copies or summaries thereof, or the contents of the information be disclosed in any manner, through inadvertence or otherwise, to any persons not authorized to receive them under this Stipulation and Order, then the Party responsible for the unauthorized disclosure shall use its best efforts to obtain the return of such information and bind such person to the terms of this Stipulation and Order and shall (a) promptly provide such person a copy of this Stipulation and Order, (b) use its best efforts to cause such person to acknowledge in a written statement, in the form attached hereto as Exhibit A, that he or she has read the Stipulation and Order and agrees to be bound by the terms thereof, and provide such written statement to the Producing Party, and (c) identify such person immediately to the Producing Party.

22.    By this Stipulation and Order, the Parties do not waive any right to object to any discovery request, or to the admission of evidence on any ground, or to seek any further protective order, or to seek relief from the Court from any provision of this Stipulation and Order by application on notice on any grounds.

23.    Nothing herein shall be construed as limiting the Parties from using or disclosing any information that is in the public domain or that, subsequent to the disclosure, becomes part of the public domain other than by an act or violation of the terms of this Protective Order. Nor shall this Protective Order be construed as limiting the Parties from using or disclosing any information designated "Confidential" or "Highly Confidential" that was acquired by means other than discovery in this Litigation.

24.    If any Party to this Stipulation and Order objects to the designation of any Protected Litigation Material as "Confidential" or "Highly Confidential," the Party shall first state the objection by letter to the Producing Party. The Parties agree to confer in good faith by telephone or in person within ten (10) days of such notice to resolve the dispute respecting the designation of Protected Litigation Materials under this Stipulation and Order. If the Parties are unable to resolve such dispute, any Party may thereafter move to have this Court rule on the dispute over the designation. Until the Court rules on such dispute, the Protected Litigation Material in question shall continue to be treated as "Confidential" or "Highly Confidential," as designated.

25.    A copy of this Stipulation and Order shall be included in the service of any subpoena for documents directed to any non-party.

26.    Individuals who receive Protected Litigation Material produced in the Litigation agree to subject themselves to the jurisdiction of the United States District Court for the District of Delaware for the purposes of enforcement of the Stipulation and Order. The United States District Court for the District of Delaware shall retain jurisdiction to enforce the Stipulation and Order even after termination of this Litigation.

27.    Within sixty (60) days of the conclusion of the Litigation, by judgment, appeal or otherwise, all Protected Litigation Material designated "Confidential" or "Highly Confidential," all copies, digests or summaries thereof, and any other documents containing any such Protected Litigation Material, shall be returned to counsel for the Producing Party or destroyed, except that counsel may retain their work product and a single copy of each court filing, trial or hearing transcript and exhibit, provided said retained documents will continue to be treated as provided in this Stipulation and Order. If a Party chooses to destroy Protected

-11-

Litigation Material, counsel for the Party shall certify as to the date, the method of destruction and the bates range of such Protected Litigation Material, and transmit such certification to opposing counsel within 14 days of the completion of destruction.

28.    The obligations and duties arising under this Stipulation and Order and under any acknowledgment or agreement pursuant thereto shall be effective immediately and shall survive the termination of this action.

29.    In the event anyone shall violate or threaten to violate any terms of this Stipulation and Order, the Parties agree to confer in good faith by telephone or in person, within ten (10) days of the aggrieved Party gaining knowledge of the alleged violation or potential violation, to resolve such violation (or potential violation) of the terms of this Stipulation and Order. If the Parties me unable to resolve the dispute, the aggrieved Party may thereafter move the Court to obtain relief against any such person or entity.

30.    The Parties may modify the provisions of this Stipulation and Order at any time by written stipulation endorsed by the Court.

Dated: _____


THE BAYARD FIRM                         MORRIS, NICHOLS, ARSHT &
                                         TUNNELL


_____        _____
Kurt M. Heyman (#3054)                  Mary B. Graham (#2256)
Linda Beebe (#4634)                     James W. Parrett, Jr. (#4292)
222 Delaware Avenue, Suite 900          1201 N. Market Street
P. O. Box 25130                         P. O. Box 1347
Wilmington, DE 19899-5130               Wilmington, DE 19899-1347
Telephone: (302) 655-5000               Telephone: (302) 654-1888
kheyman@bayardfirm.com                  mgraham@mnat.com
lbeebe@bayardfirm.com                   jparrett@mnat.com
Attorneys for Plaintiff                 Attorneys for Defendant
Mobius Management Systems, Inc.         Acartus, Inc.

OF COUNSEL:                             OF COUNSEL:

KRAMER LEVIN NAFTALIS &                 JONES DAY
  FRANKEL LLP                           Regan Fay
1177 Avenue of the Americas             Meredith M. Wilkes
New York, NY   10036                    North Point, 901 Lakeside Avenue
Telephone: (212) 715-9100               Cleveland, OH 44114-1190
                                        Telephone: (216) 586-3939



SO ORDERED this __ day of _____, 2005:


                            _____
                            Sue L. Robinson, U.S.D.J.

**EXHIBIT A**

**CONFIDENTIALITY AGREEMENT**

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

MOBIUS MANAGEMENT SYSTEMS, INC.,      :
                                        :
                                        :
                        Plaintiff,     :
                                          :
               v.                           :
                                          :    C.A. No. 05-346 SLR
ACARTUS, INC.,                             :
                                          :
                                          :
                        Defendant.   :

           1.       I have read and understand the terms and restrictions of the Confidentiality Stipulation and Protective Order entered in this action by the United States District Court for the District of Delaware on _____, 2005 in the above-captioned action (the "Stipulation and Order"). I understand the provisions of the Stipulation and Order, and I understand the responsibilities and obligations the Stipulation and Order imposes on persons viewing the litigation material which is subject to the Stipulation and Order ("the Protected Litigation Material"). I understand that any violation of the terms of the Stipulation and Order may constitute contempt of a court order. In accordance with the Stipulation and Order, so as to permit me to view the Protected Litigation Material, or produce the Protected Litigation Material, which is subject to the Stipulation and Order, I hereby agree to be bound by all of its provisions and terms, and I hereby submit to the jurisdiction of the United States District Court for the District of Delaware for the purposes of enforcement of the Stipulation and Order.

2.      I shall not use or disclose to others, except in accordance with the Stipulation and Order, any Protected Litigation Material. I understand that, if I fail to abide by the terms of the Stipulation and Order, I shall be subject to sanctions by way of contempt of Court, separate legal and equitable recourse by the adversely affected Producing Party, or other appropriate relief.

Dated:_____

Signature: _____

Printed Name: _____

Address:_____

_____

KL3:2465895.1

KL3:2465895.1