IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| MOBIUS MANAGEMENT SYSTEMS, INC., | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | C.A. No. 05-346 SLR |
| ACARTUS, INC., | : | |
| | : | |
| Defendant. | : | |

**O R D E R**

At Wilmington this ____ day of _____, 2006, the parties having satisfied their obligations under Fed. R. Civ. P. 26(f), and the court having conducted a pretrial scheduling conference pursuant to Fed. R. Civ. P. 16 and D. Del. LR 16.2(a) and (b),

IT IS ORDERED that:

1.   **Pre-Discovery Disclosures**.  The parties will exchange by January 23, 2006 the information required by Fed. R. Civ. P. 26(a)(1) and D. Del. LR 16.2.

2.   **Discovery**.

   (a)   Discovery will be needed on the following subjects: [1]

---

[1]   The parties reserve their rights to object to production of categories of documents set forth below.

Discovery by Mobius

 i. Acartus' development of any software that purports to enable Mobius customers to migrate entire archives out of Mobius' DAF format into a specification that may be stored in Acartus' ApertureONE data management system (the "Migration Software");

 ii. Whether Acartus knew or should have known that Mobius' DAF file format constituted or contained proprietary information;

 iii. Any documents or things in Acartus' possession concerning or constituting Mobius' products;

 iv. Acartus' use of any Mobius trademarks or tradenames, including Mobius and ViewDirect;

 v. Consumer confusion resulting from Acartus' use of the Mobius and ViewDirect tradenames in connection with the promotion and sale of its Migration Software;

 vi. Whether Acartus was or is making any false or misleading statements concerning its own or Mobius' products in connection with the promotion of ApertureONE and/or the Migration Software;

 vii. Damages (including Acartus' profits and Mobius' lost sales);

 viii. Expert discovery on related issues, including but not limited to (a) whether Acartus used Mobius trade secrets to develop its Migration Software, and (b) industry practice with respect to

preserving the confidentiality of trade secrets and proprietary information

Discovery by Acartus

i. Identification of Mobius' alleged trade secrets and contentions as to alleged acts of trade secret misappropriation; whether and to what extent those are trade secrets.

ii. The nature and extent of any likelihood of confusion arising out of Acartus' alleged use of Mobius' trademarks;

iii. The nature and extent of any falsity of any advertising statements alleged to have been made by Acartus;

iv. Efforts undertaken by Mobius to maintain the confidentiality of any DAF file format;

v. Public disclosure of the Mobius DAF files, including, duration and scope;

vi. Efforts by Mobius to reverse engineer any technology;

vii. Standards in the industry regarding the ownership of customer data;

viii. Mobius' agreements with its customers regarding customer data;

ix. Mobius' agreements with its customers regarding DAF files;

x. The source code used by Mobius to create DAF files; and

xi. Any alleged damages asserted by Mobius.

Expert discovery will be required on all issues raised by Mobius, including any alleged confusion or likelihood of confusion, any alleged falsity of advertisements and damages.

(b) Plaintiff proposes that all discovery shall be commenced in time to be completed by August 31, 2006. Defendant proposes that all fact discovery shall be commenced in time to be completed by September 30, 2006 and all expert discovery shall be commenced in time to be completed by January 30, 2007.

(c) Plaintiff proposes a maximum of 20 [defendant proposes 50] interrogatories by each party to any other party. (For purposes of this provision, each subpart shall be considered a separate interrogatory).

(d) Plaintiff proposes a maximum of 20 requests for admission by each party to any other party. (For purposes of this provision, each subpart shall be considered a separate request). Defendant proposes a maximum of 30 requests for admission by each party but proposes a compromise of 25.

(e) Plaintiff proposes a maximum of 10 depositions by plaintiff and 10 by defendant. Defendant proposes a maximum of 10 fact depositions by plaintiff and 10 by defendant, exclusive of 30(b)(6) depositions.

(f) Each individual deposition shall be limited to a maximum of 7 hours of examination time unless extended by agreement of parties. Defendant proposes that the 30(b)(6) depositions taken by each side shall not exceed 50 hours in total.

(g) Defendant proposes all document production to be completed by April 1, 2006. Plaintiff believes this provision is not necessary or appropriate.

(h) Plaintiff proposes reports from retained experts under Rule 26(a)(2) on issues for which any party has the burden of proof due by June 15, 2006 and rebuttal expert reports due by August 8, 2006. Defendant proposes October 15, 2006 and December 8, 2006 respectively.

(i) Defendant proposes that Section 2(b)(3) and Section 2(b)(5) from the Court's Standing Order for Patent Cases governing contention interrogatories and governing timing of depositions be incorporated into the Scheduling Order in this case. Plaintiff believes this provision is not necessary or appropriate.

(j) **Discovery Disputes**. Any discovery dispute shall be submitted to the court pursuant to Fed. R. Civ. P. 37. During the course of discovery, each party is limited to two (2) Rule 37 motions. The court shall make itself available, however, to resolve through a telephone conference, disputes that arise during the course of a deposition and disputes related to entry of a protective order.

3. **Joinder of other Parties, Amendment of Pleadings, and Class Certification.** All motions to join other parties, amend the pleadings, and certify a class action shall be filed no later than four months before the close of all discovery.

4. **Settlement Conference.** Pursuant to 28 U.S.C. § 636, this matter is referred to Magistrate Judge Thynge for the purposes of exploring ADR.

5. **Summary Judgment Motions**. All summary judgment motions shall be served and filed with an opening brief no later than **thirty (30) days** after the close of all discovery. Briefing shall be pursuant to D. Del. LR 7.1.2. No summary judgment motion may be filed more than ten (10) days from the above date without leave of the court.

6. **Applications by Motion**. Any application to the court shall be by written motion filed with the clerk. Unless otherwise requested by the court, counsel shall not deliver copies of papers or correspondence to chambers. **Any nondispositive motion shall contain the statement required by D. Del. LR 7.1.1.**

7.      **Motions in Limine**.  All motions in limine shall be filed on or before _____.  All responses to said motions shall be filed on or before _____.  Defendant proposes that a date be set at some time after completion of expert discovery for hearing any motions pursuant to *Daubert* or *Kumho Tire*, with briefing according to the local rule schedule in advance of the hearing.

8.      **Pretrial Conference**.  A pretrial conference will be held on _____ at _____ m. in courtroom 6B, sixth floor Federal Building, 844 King Street, Wilmington, Delaware.  The Federal Rules of Civil Procedure and D. Del. LR 16.4 shall govern the pretrial conference.

9.      **Trial**.  This matter is scheduled for a [day/week] [Defendant believes that 7-10 days for trial is a reasonable estimate] bench/jury trial commencing on _____ in courtroom 6B, sixth floor Federal Building, 844 King Street, Wilmington, Delaware [Defendant suggests fall 2007 for the trial date].  For purposes of completing pretrial preparations, the parties should plan on being allocated a total number of hours in which to present their respective cases.

                                                                                        _____
                                                                                        United States District Judge

503134