IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

MOBIUS MANAGEMENT SYSTEMS, INC., :
: 
: 
Plaintiff, :
:
v. :
: C.A. No. 05-346 SLR
ACARTUS, INC., :
:
:
Defendant. :

ORDER

At Wilmington this _1st_ day of _February_, 2006, the parties having satisfied their obligations under Fed. R. Civ. P. 26(f), and the court having conducted a pretrial scheduling conference pursuant to Fed. R. Civ. P. 16 and D. Del. LR 16.2(a) and (b),

IT IS ORDERED that:

1. **Pre-Discovery Disclosures.** The parties have exchanged the information required by Fed. R. Civ. P. 26(a)(1) and D. Del. LR 16.2.

2. **Discovery.**

    (a)    Discovery will be needed on the following subjects: [1]

---

[1] The parties reserve their right to object to production of the categories of documents set forth below.

KL3 2492047 2

Discovery by Mobius

 i. Acartus' development of any software that purports to enable Mobius customers to migrate entire archives out of Mobius' DAF format into a specification that may be stored in Acartus' ApertureONE data management system (the "Migration Software");

 ii. Whether Acartus knew or should have known that Mobius' DAF file format constituted or contained proprietary information;

 iii. Any documents or things in Acartus' possession concerning or constituting Mobius' products;

 iv. Acartus' use of any Mobius trademarks or tradenames, including Mobius and ViewDirect;

 v. Consumer confusion resulting from Acartus' use of the Mobius and ViewDirect tradenames in connection with the promotion and sale of its Migration Software;

 vi. Whether Acartus was or is making any false or misleading statements concerning its own or Mobius' products in connection with the promotion of ApertureONE and/or the Migration Software;

 vii. Damages (including Acartus' profits and Mobius' lost sales);

KL3·2492047.2

- 3 -

    viii.    Expert discovery on related issues, including but not limited to (a) whether Acartus used Mobius trade secrets to develop its Migration Software, and (b) industry practice with respect to preserving the confidentiality of trade secrets and proprietary information

Discovery by Acartus

    i.    Identification of Mobius' alleged trade secrets and contentions as to alleged acts of trade secret misappropriation; whether and to what extent those are trade secrets.

    ii.    The nature and extent of any likelihood of confusion arising out of Acartus' alleged use of Mobius' trademarks;

    iii.    The nature and extent of any falsity of any advertising statements alleged to have been made by Acartus;

    iv.    Efforts undertaken by Mobius to maintain the confidentiality of any DAF file format;

    v.    Public disclosure of the Mobius DAF files, including, duration and scope;

    vi.    Efforts by Mobius to reverse engineer any technology;

    vii.    Standards in the industry regarding the ownership of customer data;

KL3 2492047 2

- 4 -

      viii.    Mobius' agreements with its customers regarding customer data;

      ix.    Mobius' agreements with its customers regarding DAF files;

      x.    The source code used by Mobius to create DAF files; and

      xi.    Any alleged damages asserted by Mobius.

Expert discovery will be required on all issues raised by Mobius, including any alleged confusion or likelihood of confusion, any alleged falsity of advertisements and damages.

    (b)    All fact discovery shall be commenced in time to be completed by September 15, 2006, and all expert discovery shall be commenced in time to be completed by December 18, 2006.

    (c)    Maximum of 25 interrogatories by each party to any other party. (For purposes of this provision, each subpart shall be considered a separate interrogatory). In the absence of agreement among the parties, contention interrogatories, if filed, shall first be addressed by the party with the burden of proof no later than the date established for the completion of document production, with the responsive answers due within thirty days (30) days thereof. The adequacy of all such interrogatory answers shall be judged by the level of detail each party provides; i.e., the more detail a party provides, the more detail a party shall receive.

    (d)    Maximum of 25 requests for admission by each party to any other party. (For purposes of this provision, each subpart shall be considered a separate request).

KL3:2492047.2

(e) Maximum of 10 fact depositions by plaintiff and 10 by defendant. In the absence of agreement among the parties or by order of the court, no deposition (other than those noticed under Fed. R. Civ. P. 30(b)(6)) shall be scheduled prior to the completion of document production.

(f) Each deposition shall be limited to a maximum of 7 hours of examination time unless extended by agreement of parties.

(g) All document production to be completed by April 1, 2006.

(h) Reports from retained experts under Rule 26(a)(2) on issues for which any party has the burden of proof due by October 16, 2006 and opposing expert reports due by November 16, 2006.

(i) **Discovery Disputes.** Any discovery dispute shall be submitted to the court pursuant to Fed. R. Civ. P. 37, although neither party shall make any further discovery motions without leave of Court. The court shall make itself available, however, to resolve through a telephone conference, disputes that arise during the course of a deposition and disputes related to entry of a protective order. A discovery conference will be held on March 27, 2006 at 4:30 p.m. in courtroom 6B, sixth floor Federal Building, 844 King Street, Wilmington, Delaware.

3. **Joinder of other Parties, Amendment of Pleadings, and Class Certification.** All motions to join other parties, amend the pleadings, and certify a class action shall be filed no later than four months before the close of all discovery.

4.     **Settlement Conference.** Pursuant to 28 U.S.C. § 636, this matter is referred to Magistrate Judge Thynge for the purposes of exploring ADR.

5.     **Summary Judgment Motions.** All summary judgment motions shall be served and filed with an opening brief no later than January 31, 2007. Briefing shall be pursuant to D. Del. LR 7.1.2. No summary judgment motion may be filed more than ten (10) days from the above date without leave of the court.

6.     **Applications by Motion.** Any application to the court shall be by written motion filed with the clerk. Unless otherwise requested by the court, counsel shall not deliver copies of papers or correspondence to chambers. **Any nondispositive motion shall contain the statement required by D. Del. LR 7.1.1.**

7.     **Pretrial Conference.** A pretrial conference will be held on June 26, 2007 at 4:30 p.m. in courtroom 6B, sixth floor Federal Building, 844 King Street, Wilmington, Delaware. The Federal Rules of Civil Procedure and D. Del. LR 16.4 shall govern the pretrial conference.

8.     **Trial.** This matter is scheduled for a two week jury trial commencing on August 6, 2007 in courtroom 6B, sixth floor Federal Building, 844 King Street, Wilmington, Delaware. For purposes of completing pretrial preparations, the parties should plan on being allocated a total number of hours in which to present their respective cases.

                                                                                            [signature]
                                                      United States District Judge