# PROCTOR HEYMAN LLP
### ATTORNEYS AT LAW

1116 West Street • Wilmington, Delaware 19801
Tel: 302.472.7300 • Fax: 302.472.7320 • www.proctorheyman.com

Direct Dial: (302) 472-7302
Email: kheyman@proctorheyman.com

February 7, 2006

**VIA E-FILING**
**& HAND DELIVERY**

The Honorable Sue L. Robinson
U.S. District Court
for the District of Delaware
844 North King Street
Lock Box 31
Wilmington DE 19801

    RE:   *Mobius Management Systems, Inc. v. Acartus, Inc.*
           C.A. No. 05-346 SLR

Dear Judge Robinson:

      We represent plaintiff Mobius Management Systems. During the January 24 scheduling teleconference, we noted a disagreement between the parties relating to the terms of a proposed protective order. Your Honor suggested that, if we were unable to resolve this disagreement, the parties should submit their respective forms of protective order, and Your Honor would decide which form to enter. Although the parties have reached agreement on virtually all of the terms in the enclosed form of order, there remains a dispute about one narrow but critical issue: who may have access to highly confidential information.

      As Your Honor is aware, this action involves competing products for the storage and management of electronic data, and Mobius has asserted a claim for misappropriation of trade secrets by Acartus (among other claims). Discovery will therefore include production of highly confidential proprietary information by both parties, possibly including source code, other technical information concerning the products at issue, and sensitive business information.

      Because the parties are not large companies, because they are competitors, and because of the especially sensitive nature of the information at issue, Mobius believes disclosure of any material properly designated "Highly Confidential" should be limited to outside trial counsel for the parties and independent experts, as set forth in paragraph 10 of the enclosed draft order. As we understand it, Acartus agrees that source code should be shown only to outside trial counsel

The Honorable Sue L. Robinson
February 7, 2006
Page 2

but believes that in-house counsel at EMC Corporation -- Acartus' parent company, a non-party and itself a competitor of Mobius -- should be treated as counsel in this action and should have access to any and all documents which may be labeled highly confidential other than source code.

      We are therefore at an impasse with respect to this one provision in the order. Although prior to the entry of an order the parties can exchange documents subject to Local Rule 26.2, we cannot show any Highly Confidential documents to an expert until a protective order is in place. Given the nature of the case, our inability to do that presents a roadblock to prosecuting Mobius' claims.

      We also note that, even if Mobius' proposed order is entered, Acartus can, under paragraph 24 thereof, challenge any Highly Confidential designation and raise the issue with the Court.

      For all these reasons, Mobius respectfully requests that the Court enter the proposed order in the enclosed form. We are available to discuss this issue with the Court, in person or by telephone, at Your Honor's convenience.

Respectfully,

Kurt M. Heyman (# 3054)

KMH/daa
Enclosure

cc:    Clerk, U.S. District Court (via hand delivery w/enc.)
       Mary B. Graham, Esquire (via hand delivery and electronic filing w/enc.)
       Jonathan M. Wagner, Esquire (via e-mail w/enc.)

#31422-1