IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| MOBIUS MANAGEMENT SYSTEMS, INC., | ) ) ) |
| Plaintiff, | ) ) ) |
| v. | ) ) Civ. No. 05-346-SLR ) |
| ACARTUS, INC., | ) ) |
| Defendant. | ) |

**MEMORANDUM ORDER**

At Wilmington this 28th day of June, 2006, having reviewed defendant's motion to strike, dismiss and stay the amended complaint, and the papers filed in connection therewith;

IT IS ORDERED that said motion (D.I. 30) is denied, for the reasons that follow:

1. **Standard of Review.** In analyzing a motion to dismiss pursuant to Rule 12(b)(6), the court must accept as true all material allegations of the complaint and it must construe the complaint in favor of the plaintiffs. See Trump Hotels & Casino Resorts, Inc. v. Mirage Resorts, Inc., 140 F.3d 478, 483 (3d Cir. 1998). "A complaint should be dismissed only if, after accepting as true all of the facts alleged in the complaint, and drawing all reasonable inferences in the plaintiff's favor, no relief could be granted under any set of facts consistent with the

allegations of the complaint." Id. Claims may be dismissed pursuant to a Rule 12(b)(6) motion only if the plaintiffs cannot demonstrate any set of facts that would entitle them to relief. See Conley v. Gibson, 355 U.S. 41, 45-46 (1957). The moving party has the burden of persuasion. See Kehr Packages, Inc. v. Fidelcor, Inc., 926 F.2d 1406, 1409 (3d Cir. 1991).

2. **Background.** The parties are competitors in the business of developing and marketing computer software and related products and services for the management and archiving of electronic files and data. Plaintiff Mobius Management Systems, Inc. developed and markets a product, under the Mobius tradename, called ViewDirect. Defendant developed and began marketing a directly competing product which is characterized as having the same features, functionalities and abilities as ViewDirect. Indeed, defendant's product is marketed as "Mobius DAF Export Utility," "Mobius Replacement Solution," and "ApertureONE Extraction Utility for Mobius DAF Files." Defendant's product purports to enable current users of plaintiff's software to migrate entire archives out of plaintiff's format into a specification that can be stored in a repository identified with defendant.

3. Plaintiff commenced the instant litigation in May 2005 by filing a complaint asserting claims for trademark infringement, false advertising, deceptive trade practices, theft

of trade secrets, and common law unfair competition.  On July 5, 2005, plaintiff moved for a preliminary injunction on its trademark and false advertising claims, and moved as well for expedited discovery with respect to its trade secret claim based on the belief that defendant was using plaintiff's trade secrets to reverse engineer its product.  (D.I. 1, 6, 7)

4.  On July 22, 2005, the court approved a stipulation executed by the parties which entered an injunction with respect to plaintiff's trademark and false advertising claims.  Subsequent efforts to settle the case were unsuccessful; however, during the course of the settlement discussions, defendant informed plaintiff that it had reverse-engineered a publicly-posted DAF file to create its ApertureONE product.

5.  On September 20, 2005, plaintiff amended the complaint, adding a claim for violation of Delaware's Uniform Trade Secrets Act.  Plaintiff also supplemented its allegations pertaining to the trade secrets claim with information, *inter alia*, obtained during the settlement discussions.  (D.I. 22, ¶¶ 26, 28, 29, 30)

6.  Defendant filed a motion to dismiss the trade secrets claim asserted in plaintiff's amended complaint,[1] arguing that the claim was based on information obtained in violation of Fed.

---

[1] Defendant filed a motion to dismiss count V of the original complaint and stay any remaining counts.  (D.I. 19)  After plaintiff filed its amended complaint, defendant filed the instant motion.  Under these circumstances, the first filed motion to dismiss (D.I. 19) is denied as moot.

3

R. Civ. P. 408 and that, in any event, such information was publicly available and, therefore, not a trade secret. Plaintiff responds that it has relied on information other than that obtained during the settlement discussions; moreover, such information was otherwise discoverable and, therefore, not subject to the strictures of Rule 408.

7. **Conclusion.** I agree with plaintiff that Rule 408 has no application to the facts at bar. I also agree that there are issues of fact which should be resolved after the close of discovery, and not at the pleadings stage; e.g., if the DAF files were mistakenly posted, should they be characterized as "publicly available" and were other confidential files accessed to accomplish the reverse engineering of plaintiff's product.

IT IS FURTHER ORDERED that plaintiff's motion to compel (D.I. 37) is granted.

　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　United States District Judge

4