IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| MOBIUS MANAGEMENT SYSTEMS, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 05-346 SLR |
| | ) | |
| ACARTUS, INC., | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## ANSWER TO AMENDED COMPLAINT

Defendant Acartus, Inc. ("Acartus") hereby answers the Amended Complaint of

Plaintiff Mobius Management Systems, Inc. ("Mobius") as follows:

## I.    NATURE OF ACTION

1.    Paragraph 1 of the Amended Complaint is merely descriptive of Plaintiff's

action and as such does not require responsive pleading.  To the extent that paragraph 1 of the

Amended Complaint contains allegations of fact to which responsive pleading is required,

Acartus denies each and every such allegation.

2.    Paragraph 2 of the Amended Complaint is merely descriptive of Plaintiff's

action and as such does not require responsive pleading.  To the extent that paragraph 2 of the

Amended Complaint contains allegations of fact to which responsive pleading is required,

Acartus denies each and every such allegation.

## II.    PARTIES, JURISDICTION AND VENUE

3.    Acartus is without knowledge or information sufficient to form a belief as to the

truth of the allegations contained in paragraph 3 of the Amended Complaint, except that it

admits that Mobius is a publicly traded company, listed on NASDAQ and is identified by the letters "MOBI."

4.     Acartus denies the allegations contained in paragraph 4 of the Amended Complaint, except it states that it is now a wholly owned subsidiary of EMC Corporation, a Massachusetts corporation, and admits that Acartus maintains a place of business in Fort Collins, Colorado.  Acartus further admits that, among other things, it markets products and services that enable clients to capture, process, index, store and access electronically stored documents and data.

5.     Paragraph 5 of the Amended Complaint states legal conclusions to which no responsive pleading is required.

6.     The allegations of paragraph 6 of the Amended Complaint state legal conclusions to which no responsive pleading is required.  To the extent that paragraph 6 of the Amended Complaint contains factual allegations, those allegations are denied, except that Acartus states that it is a wholly owned subsidiary of EMC Corporation and that Acartus conducts business in this jurisdiction.

### III.     THE MOBIUS TRADEMARK

7.     Acartus is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 7 of the Amended Complaint.

8.     Acartus is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 8 of the Amended Complaint, but further states that the portions of paragraph 8 which purport to characterize the content of a written document do not require responsive pleading.

9.      Acartus is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 9 of the Amended Complaint.

10.     Acartus is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 10 of the Amended Complaint.

11.     Acartus is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 11 of the Amended Complaint.

12.     Paragraph 12 of the Amended Complaint states legal conclusions to which no responsive pleading is required.  To the extent paragraph 12 of the Amended Complaint contains factual allegations, those allegations are denied.

13.     Paragraph 13 of the Amended Complaint states legal conclusions to which no responsive pleading is required.  To the extent that paragraph 13 of the Amended Complaint contains factual allegations, Acartus lacks sufficient information to form a belief as to the truth of those allegations.  To the extent that paragraph 13 of the Amended Complaint characterizes the content of written documents, those documents speak for themselves.

14.     Acartus is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 14 of the Amended Complaint.

### IV.    ACARTUS' INFRINGEMENT OF THE "MOBIUS" MARK, FALSE ADVERTISING AND DECEPTIVE TRADE PRACTICES

15.     Acartus denies the allegations contained in paragraph 15 of the Amended Complaint, except that it admits that Acartus previously sold a product called ApertureONE, and that in certain instances, ApertureONE competed with Mobius' ViewDirect product, and states the product is now called EMC Documentum Archive Services for Reports.  Acartus further states that the portions of paragraph 15 of the Amended Complaint which purport to characterize the content of a written document do not require responsive pleading.

16.     Denied.

17.     Denied.

18.     Acartus denies the allegations contained in paragraph 18 of the Amended Complaint, except Acartus states that the portions of paragraph 18 of the Amended Complaint which purport to characterize the content of written documents do not require responsive pleading.

19.     Acartus denies the allegations contained in paragraph 19 of the Amended Complaint, denies that it has used Mobius' mark improperly, and admits that it did not have or need Mobius' prior authorization for, or consent to, its conduct.

20.     Acartus denies the allegations contained in paragraph 20 of the Amended Complaint, except that to the extent paragraph 20 of the Amended Complaint purports to characterize the content of written documents, those document speak for themselves.

21.     Acartus denies the allegations contained in paragraph 21 of the Amended Complaint, except it states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations concerning documentation and utilities that are provided by Mobius to its customers, or as to Mobius' characterizations of the operation of its products.

22.     Acartus denies the allegations contained in paragraph 22 of the Amended Complaint, except it states that the portions of paragraph 22 that purport to characterize the content of writings that appeared on Acartus' former website do not require responsive pleading.

23.     Denied.

## V.     ACARTUS' ACTS OF TRADE SECRET MISAPPROPRIATION AND UNFAIR COMPETITION

24.     Denied.

25.    Acartus denies the allegations of paragraph 25 of the Amended Complaint, except that it admits that at least one former Mobius employee is presently employed by Acartus, and is without knowledge or information sufficient to form a belief as to the truth of the last sentence of paragraph 25.

26.    Acartus denies the allegations contained in paragraph 26 of the Amended Complaint, except that it admits that certain DAF files were posted on the internet and accessed by Acartus.  Acartus is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 26 concerning the behavior of Mobius or its former licensees or customers, and states that the content of communications between Acartus and Mobius concerning the process by which Acartus developed its product are contained in written documents, exchanged in a good faith effort to compromise or otherwise resolve the claims of this litigation, and that those documents speak for themselves.

27.    Paragraph 27 of the Amended Complaint alleges legal conclusions to which no responsive pleading is required.  To the extent paragraph 27 contains factual allegations, Acartus denies that the Mobius' DAF file is or contains a trade secret, and is otherwise without knowledge or information sufficient to form a belief as to the truth of those allegations.

28.    Acartus is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 28 in the Amended Complaint.

29.    Acartus denies the allegations contained in paragraph 29 of the Amended Complaint, except it admits that it sells products, and admits that it received a letter from Mobius' counsel dated September 1, 2005 and states that document speaks for itself.

30.    Denied.

## VI.    PLAINTIFFS' CLAIMS

### COUNT I
### (TRADEMARK INFRINGEMENT)

31.    Acartus repeats and incorporates by reference its answers to the allegations set forth in paragraphs 1-30 of the Amended Complaint.

32.    Denied.

33.    Denied.

34.    Denied.

### COUNT II
### (FALSE REPRESENTATION/DESIGNATION OF ORIGIN)

35.    Acartus repeats and incorporates by reference its answers to the allegations set forth in paragraphs 1-34 of the Amended Complaint.

36.    Denied.

37.    Denied.

38.    Denied.

### COUNT III
### (FALSE ADVERTISING)

39.    Acartus repeats and incorporates by reference its answers to the allegations set forth in paragraphs 1-38 of the Amended Complaint.

40.    Denied.

41.    Denied.

42.    Denied.

### COUNT IV
### (DECEPTIVE TRADE PRACTICES)

43.    Acartus repeats and incorporates by reference its answers to the allegations set forth in paragraphs 1-42 of the Amended Complaint.

44. Paragraph 44 of the Amended Complaint purports to characterize the content of Delaware's Uniform Deceptive Trade Practices Act. That statute speaks for itself. No responsive pleading is required.

45. Denied.

46. Denied.

47. Denied.

## COUNT V
### (MISAPPROPRIATION OF TRADE SECRETS)

48. Acartus repeats and incorporates by reference its answers to the allegations set forth in paragraphs 1-47 of the Amended Complaint.

49. Paragraph 49 of the Amended Complaint alleges legal conclusions to which no responsive pleading is required. To the extent paragraph 49 of the Amended Complaint contains factual allegations, Acartus denies each and every such allegation.

50. Denied.

51. Denied.

## COUNT VI
### (COMMON LAW OF UNFAIR COMPETITION)

52. Acartus repeats and incorporates by reference its answers to the allegations set forth in paragraphs 1-51 of the Amended Complaint.

53. Denied.

### FIRST ADDITIONAL DEFENSE

One or more of the counts of Plaintiff's Amended Complaint fail to state a claim upon which relief may be granted.

### SECOND ADDITIONAL DEFENSE

If Plaintiff, Mobius, has suffered any harm or damage, as alleged in the Amended Complaint, such harm or damage was caused in whole or in part by acts or omissions of persons over whom Acartus has no control and for whose actions Acartus is not responsible.

### THIRD ADDITIONAL DEFENSE

If Plaintiff, Mobius, was harmed at all, such harm, on information and belief, was caused by Mobius and/or its representatives.

### FOURTH ADDITIONAL DEFENSE

To the extent that Mobius relies on provisions in contracts between Mobius and one or more of its customers, those contracts are unenforceable because they violate the antitrust laws of the United States.

### FIFTH ADDITIONAL DEFENSE

Plaintiffs' claims are barred by the doctrine of waiver.

### SIXTH ADDITIONAL DEFENSE

Plaintiffs' claims are barred by the doctrine of laches.

## JURY DEMAND

Defendant demands a trial by jury on all issues so triable.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Mary B. Graham*
_____

Mary B. Graham (#2256)
James W. Parrett, Jr. (#4292)
1201 N. Market Street
P.O. Box 1347
Wilmington, DE 19801
302.658.9200

*Attorneys for Defendant Acartus, Inc.*

OF COUNSEL:

Robert S. Frank Jr.
Paul D. Popeo
G. Mark Edgarton
CHOATE, HALL & STEWART LLP
Two International Place
Boston, MA  02110
617.248.5000

Dated:  July 13, 2006
528626

## CERTIFICATE OF SERVICE

I hereby certify that on July 13, 2006, I caused the foregoing to be electronically filed with the Clerk of the Court using CM/ECF which will send electronic notification of such filing to the following:

> Kurt Michael Heyman
> PROCTOR HEYMAN LLP
> 1116 West Street
> Wilmington, DE  19801

Additionally, I hereby certify that true and correct copies of the foregoing were caused to be served on July 13, 2006 upon the following individuals in the manner indicated:

> **BY E-MAIL AND HAND DELIVERY**:
>
> Kurt Michael Heyman
> PROCTOR HEYMAN LLP
> 1116 West Street
> Wilmington, DE  19801
>
> **BY E-MAIL**:
>
> Jonathan M. Wagner
> KRAMER LEVIN NAFTALIS & FRANKEL LLP
> 1177 Avenue of the Americas
> New York, NY  10036

*/s/ Mary B. Graham*
_____
Mary B. Graham (#2256)

479192