Issued by the
# UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE

MOBIUS MANAGEMENT SYSTEMS, INC.

V.

ACARTUS, INC. and EMC CORPORATION

## SUBPOENA IN A CIVIL CASE

CASE NUMBER:[1]

05-346 SLR
D. Del.

TO: Federal Express Corporation
by Walter Abercrombie
3610 Hacks Cross Road
Memphis, Tennessee 38125

☐ YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
| --- | --- |
|  | DATE AND TIME |

☒ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
| --- | --- |
| 3610 Hacks Cross Road<br>Memphis, TN 38125 | October 17, 2006 |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects): See attached Schedule A.

| PLACE | DATE AND TIME |
| --- | --- |
| Kramer Levin Naftalis & Frankel LLP<br>1177 Avenue of the Americas<br>New York, NY 10036 | October 3, 2006 |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
| --- | --- |
|  |  |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
| --- | --- |
| [signature]    Attorney for    Plaintiff | September 11, 2006 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Jonathan M. Wagner
Kramer Levin Naftalis & Frankel LLP
1177 Avenue of the Americas
New York, NY 10036
(212) 715-9393

(See Rule 45 Federal Rules of Civil Procedure, Parts C & D on Reverse)

[1] If action is pending in district other than district of issuance, state district under case number.

| PROOF OF SERVICE | |
|---|---|
| DATE | PLACE |

SERVED

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|

| SERVED BY (PRINT NAME) | TITLE |
|---|---|

DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on

| DATE | SIGNATURE OF SERVER |
|---|---|
| | ADDRESS OF SERVER |

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that

person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

 (iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

 (iv) subjects a person to undue burden.

(B) If a subpoena

 (i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

 (ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

 (iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

 (1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

 (2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

## Schedule A

## DEFINITIONS AND INSTRUCTIONS

1. As used herein, the words "document" or "documents" shall mean any and all original and non-identical copies (including all copies which are different in any way from the original, whether by interlineation, stamp, notation, indication of copy sent or received or otherwise), regardless of location, of any written, printed, xeroxed, photographed, recorded, transcribed, punched, taped, filed, or graphic matter, and any other means of preserving thought or expression, of any nature or description. The term includes all writings, letters and other communications, including e-mails, and all information stored in a computer system, whether or not it has yet been printed out, including information stored in computer hard drives, on floppy diskettes, on computer backup tapes, on microfiche, on CD-ROM, or in any other format.

2. As used herein, the word "concerning" shall mean relating to, referring to, describing, evidencing or constituting.

3. As used herein, "Mobius" shall mean plaintiff Mobius Management Systems, Inc., and any of its products and divisions, departments, subsidiaries, parent corporations, predecessors-in-interest, successors-in-interest, directors, officers, agents, employees, attorneys, or representatives, both past and present.

4. As used herein, "Acartus" shall mean defendant Acartus, Inc., and any of its products and divisions, departments, subsidiaries, parent corporations, predecessors-in-interest, successors-in-interest, directors, officers, agents, employees, attorneys, or representatives, both past and present.

5. As used herein, "EMC" shall mean defendant EMC Corporation and any of its divisions, departments, subsidiaries, parent corporations, predecessors-in-interest, successors-in-interest, directors, officers, agents, employees, attorneys, or representatives, both past and present.

6. When a particular document is not specifically requested, but such document is necessary in order to make the documents produced either comprehensible, complete or not misleading, the request shall be deemed specifically to request such document, and you are to produce such document as part of your response.

7. Each request shall be construed independently and not by reference to any other request for the purpose of limitation.

8. If any document requested herein is withheld on the basis of attorney-client privilege or as attorney work product or on the basis of any other privilege, you shall furnish a written statement which:

    a. identifies each person who prepared or authored the document and each person to whom the document or copies thereof were communicated;

    b. specifies the date on which the document was prepared or transmitted;

    c. describes the nature of the document (*e.g.*, letter, memorandum, note, contract, invoice);

    d. describes the subject matter and contents of the documents; and

    e. states briefly the legal and factual bases for the claim of privilege or other grounds for nonproduction.

- 3 -

## DOCUMENTS REQUESTED

1. All documents concerning communications with Acartus or EMC concerning Mobius and/or Mobius' ViewDirect data management system.

2. All documents concerning any actual or contemplated extraction, migration or conversion of data or files from the Mobius ViewDirect system to Acartus'/EMC's ApertureONE system, including all documents concerning communications with Acartus or EMC concerning any such actual or contemplated extraction, migration or conversion.

3. All documents concerning the development of the ApertureONE system, including all documents concerning communications with Acartus or EMC concerning the development of the ApertureONE system.

4. All documents concerning the confidential nature of the Mobius ViewDirect software and the DAF files stored in that system, including any review or analysis of whether Mobius' ViewDirect DAF files are subject to confidentiality.

5. All documents concerning or embodying any Mobius product or software, including DAF files, supplied by Federal Express Corporation to Acartus or EMC.

6. All agreements dated January 1, 2004 forward between Federal Express Corporation and Acartus or EMC concerning archiving and/or retrieval of data or data storage or management.

KL3:2472154.2

## CERTIFICATE OF SERVICE

Patricia L. Enerio, Esquire, hereby certifies that on September 13, 2006, copies of the foregoing Notice of Subpoena were served upon counsel as listed below:

### VIA HAND DELIVERY

Mary B. Graham, Esquire
Morris, Nichols, Arsht & Tunnell
2101 North Market Street
P.O. Box 1347
Wilmington, DE 19899

### VIA REGULAR MAIL

Paul D. Popeo, Esquire
Choate, Hall & Stewart LLP
Two International Place
Boston, MA 02110

_____
Patricia L. Enerio (# 3728)