IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| MOBIUS MANAGEMENT SYSTEMS, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 05-346 SLR |
| | ) | |
| ACARTUS, INC. and EMC CORPORATION, | ) | |
| | ) | |
| Defendants. | ) | |

## ANSWER TO SECOND AMENDED COMPLAINT

Defendants Acartus, Inc. ("Acartus") and EMC Corporation ("EMC") hereby answer the Second Amended Complaint of Plaintiff Mobius Management Systems, Inc. ("Mobius") as follows:

### I.    NATURE OF ACTION

1.    Paragraph 1 of the Second Amended Complaint is merely descriptive of Plaintiff's action and, as such, does not require responsive pleading.  To the extent that paragraph 1 of the Second Amended Complaint contains allegations of fact to which responsive pleading is required, Defendants deny each and every such allegation.

2.    Paragraph 2 of the Second Amended Complaint is merely descriptive of Plaintiff's action and, as such, does not require responsive pleading.  To the extent that paragraph 2 of the Second Amended Complaint contains allegations of fact to which responsive pleading is required, Defendants deny each and every such allegation.

3.    Paragraph 3 of the Second Amended Complaint is merely descriptive of Plaintiff's action and, as such, does not require responsive pleading.  To the extent that

paragraph 3 of the Second Amended Complaint contains allegations of fact to which responsive pleading is required, Defendants deny each and every such allegation.

## II.     PARTIES, JURISDICTION AND VENUE

4.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 4 of the Second Amended Complaint, except that they admit that Mobius licenses certain computer software and is a publicly traded company, listed on NASDAQ and identified by the letters "MOBI."

5.     Defendants deny the allegations contained in paragraph 5 of the Second Amended Complaint, except that they admit that Acartus maintained a place of business in Fort Collins, Colorado, and state that Acartus formerly marketed products and services that enable clients to capture, process, index, store and access electronically stored documents and data.

6.     Defendants deny the allegations contained in paragraph 6 of the Second Amended Complaint, except that they admit that EMC is a Massachusetts corporation with a principal place of business in Hopkinton, Massachusetts, that EMC conducts business in this jurisdiction, that, among other things, EMC develops and licenses products that manage and store information, and that on or about October 2005, EMC acquired Acartus pursuant to a stock purchase agreement.  The portions of paragraph 6 alleging the Court's jurisdiction over the parties do not require responsive pleading.

7.     Paragraph 7 of the Second Amended Complaint states legal conclusions to which no responsive pleading is required.

8.     The allegations of paragraph 8 of the Second Amended Complaint state legal conclusions to which no responsive pleading is required.  To the extent that paragraph 8 of the Second Amended Complaint contains factual allegations, those allegations are denied, except that Defendants admit that Acartus is incorporated in Delaware.

### III.    THE MOBIUS TRADEMARK

9.      Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 9 of the Second Amended Complaint.

10.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 10 of the Second Amended Complaint.

11.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 11 of the Second Amended Complaint.

12.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 12 of the Second Amended Complaint.

13.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 13 of the Second Amended Complaint.

14.     Paragraph 14 of the Second Amended Complaint states legal conclusions to which no responsive pleading is required.  To the extent paragraph 14 of the Second Amended Complaint contains factual allegations, those allegations are denied.

15.     Paragraph 15 of the Second Amended Complaint states legal conclusions to which no responsive pleading is required.  To the extent that paragraph 15 of the Second Amended Complaint contains factual allegations, Defendants lack sufficient information to form a belief as to the truth of those allegations.

16.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 16 of the Second Amended Complaint.

### IV.    DEFENDANTS' TRADEMARK INFRINGEMENT, FALSE ADVERTISING AND DECEPTIVE TRADE PRACTICES

17.     Defendants deny the allegations contained in paragraph 17 of the Second Amended Complaint, except that they admit that Acartus developed and sold a product called

ApertureONE, and that in certain instances, ApertureONE competed with Mobius' ViewDirect product, and state the product is now called EMC Documentum Archive Services for Reports. Defendants further state that to the extent that paragraph 17 of the Second Amended Complaint characterizes the content of a written document, that document speaks for itself.

18. Denied.

19. Denied.

20. Defendants deny the allegations contained in paragraph 20 of the Second Amended Complaint, except that Defendants state that to the extent that paragraph 20 of the Second Amended Complaint characterizes the content of a written document, that document speaks for itself.

21. Defendants deny the allegations contained in paragraph 21 of the Second Amended Complaint, deny that Acartus used Mobius' mark improperly, and admit that Acartus did not have or need Mobius' prior authorization for, or consent to, its conduct.

22. Defendants deny the allegations contained in paragraph 22 of the Second Amended Complaint, except that they state that to the extent paragraph 22 of the Second Amended Complaint purports to characterize the content of a written document, that document speaks for itself.

23. Defendants deny the allegations contained in paragraph 23 of the Second Amended Complaint, except that they state that they are without knowledge or information sufficient to form a belief as to the truth of the allegations concerning documentation and utilities that are provided by Mobius to its customers, or as to Mobius' characterizations of the operation of its products. Defendants further state that the allegations of the second through sixth

sentences of paragraph 23, if truthful, would not support the allegation of the first sentence of paragraph 23.

24.    Defendants deny the allegations contained in paragraph 24 of the Second Amended Complaint, except that they state that to the extent that paragraph 24 characterizes the content of a writing that appeared on Acartus' former website, the writing speaks for itself.

25.    Denied.

26.    Paragraph 26 of the Second Amended Complaint merely characterizes action taken by the Court in this proceeding, and does not require responsive pleading.  To the extent that paragraph 26 characterizes the content of written documents, those documents speak for themselves.

###    V.    DEFENDANTS' ACTS OF MISAPPROPRIATION, TORTIOUS INTERFERENCE AND UNFAIR COMPETITION

27.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 27 of the Second Amended Complaint.

28.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 28 of the Second Amended Complaint.  To the extent that paragraph 28 characterizes the content of written documents, those documents speak for themselves.

29.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 29 of the Second Amended Complaint, except that they state that the legal conclusion set forth in paragraph 29 does not require responsive pleading.

30.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 30 of the Second Amended Complaint.  To the

extent that paragraph 30 characterizes the content of written documents, those documents speak for themselves.

31.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 31 in the Second Amended Complaint, and refer to the document referenced therein for the contents thereof.  To the extent that paragraph 31 characterizes the content of written documents, those documents speak for themselves.

32.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 32 of the Second Amended Complaint, and refer to the document references therein for the contents thereof.  To the extent that paragraph 32 characterizes the content of written documents, those documents speak for themselves.

33.    Defendants deny the allegations contained in paragraph 33 of the Second Amended Complaint, except that to the extent that paragraph 33 characterizes the content of written documents, those documents speak for themselves.

34.    Paragraph 34 of the Second Amended Complaint alleges legal conclusions to which no responsive pleading is required.  To the extent paragraph 34 contains factual allegations, Defendants deny that Mobius' DAF files are or contain trade secrets, deny that the format of a DAF file is proprietary or a trade secret, deny that the DAF files are for ViewDirect's internal use only, or are used only in connection with the internal functions and operation of ViewDirect software, and are otherwise without knowledge or information sufficient to form a belief as to the truth of those allegations.

35.    Paragraph 35 of the Second Amended Complaint alleges legal conclusions to which no responsive pleading is required.  To the extent paragraph 35 of the Second Amended Complaint contains factual allegations, those allegations are denied, except Defendants admit

that certain products developed by Acartus were treated by Acartus as confidential and/or proprietary.

36.    Denied.

37.    Defendants deny the allegations contained in paragraph 37 of the Second Amended Complaint, except that they admit that certain DAF files were posted on the internet and accessed by Acartus. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 37 concerning the behavior of Mobius or its former licensees or customers, and state that the content of communications between Acartus and Mobius concerning the process by which Acartus developed its product are contained in written documents, exchanged in a good faith effort to compromise or otherwise resolve the claims of this litigation, and that those documents speak for themselves.

38.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 38 in the Second Amended Complaint.

39.    Defendants deny the allegations contained in paragraph 39 of the Second Amended Complaint, except that they admit that EMC sells products, and admit that Acartus received a letter from Mobius' counsel dated September 1, 2005 and state that the document speaks for itself.

40.    Defendants deny the allegations contained in paragraph 40 of the Second Amended Complaint, except admit that Acartus received from certain of its customers DAF files of those customers, and admit that Acartus did not have or need Mobius' prior authorization for, or consent to, its conduct.

41.    Denied.

42.    Denied.

43.    Defendants deny the allegations contained in paragraph 43 of the Second Amended Complaint, except admit they have employed a former Mobius employee.  To the extent that paragraph 43 characterizes the content of a written document, that document speaks for itself.

44.    Defendants deny the allegations contained in paragraph 44 of the Second Amended Complaint, except admit that documents labeled A15069-15110, A15965-16194 and A16216-16635 were collected and produced by Acartus in this action, state that those documents speak for themselves, and state that the legal conclusions asserted in paragraph 44 do not require responsive pleading.

45.    Denied.

## VI.    PLAINTIFF'S CLAIMS

### COUNT I
### (TRADEMARK INFRINGEMENT)

46.    Defendants repeat and incorporate by reference their answers to the allegations set forth in paragraphs 1-45 of the Second Amended Complaint.

47.    Denied.

48.    Denied.

49.    Denied.

### COUNT II
### (FALSE REPRESENTATION/DESIGNATION OF ORIGIN)

50.    Defendants repeat and incorporate by reference their answers to the allegations set forth in paragraphs 1-49 of the Second Amended Complaint.

51.    Denied.

52.    Denied.

53.    Denied.

## COUNT III
### (FALSE ADVERTISING)

54.    Defendants repeat and incorporate by reference their answers to the allegations set forth in paragraphs 1-53 of the Second Amended Complaint.

55.    Denied.

56.    Denied.

57.    Denied.

## COUNT IV
### (DECEPTIVE TRADE PRACTICES)

58.    Defendants repeat and incorporate by reference their answers to the allegations set forth in paragraphs 1-57 of the Second Amended Complaint.

59.    Paragraph 59 of the Second Amended Complaint purports to characterize the content of Delaware's Uniform Deceptive Trade Practices Act. That statute speaks for itself. No responsive pleading is required.

60.    Denied.

61.    Denied.

62.    Denied.

## COUNT V
### (TORTIOUS INTERFERENCE WITH CONTRACTUAL RELATIONS)

63.    Defendants repeat and incorporate by reference their answers to the allegations set forth in paragraphs 1-62 of the Second Amended Complaint.

64.    Paragraph 64 of the Second Amended Complaint alleges legal conclusions to which no responsive pleading is required.

65.     Defendants deny the allegations contained in paragraph 65 of the Second Amended Complaint, except that they admit that Mobius has entered into contracts with its customers, and state that those contracts speak for themselves.

66.     Denied.

67.     Denied.

## COUNT VI
### (MISAPPROPRIATION OF TRADE SECRETS)

68.     Defendants repeat and incorporate by reference their answers to the allegations set forth in paragraphs 1-67 of the Second Amended Complaint.

69.     Paragraph 69 of the Second Amended Complaint alleges legal conclusions to which no responsive pleading is required.  To the extent paragraph 69 of the Second Amended Complaint contains factual allegations, Defendants deny each and every such allegation.

70.     Denied.

71.     Denied.

## COUNT VII
### (COMMON LAW OF UNFAIR COMPETITION)

72.     Defendants repeat and incorporate by reference their answers to the allegations set forth in paragraphs 1-71 of the Second Amended Complaint.

73.     Denied.

## FIRST ADDITIONAL DEFENSE

One or more of the counts of Plaintiff's Second Amended Complaint fail to state a claim upon which relief may be granted.

## SECOND ADDITIONAL DEFENSE

If Mobius has suffered any harm or damage, as alleged in the Second Amended Complaint, such harm or damage was caused in whole or in part by acts or omissions of persons over whom Defendants have no control and for whose actions Defendants are not responsible.

## THIRD ADDITIONAL DEFENSE

If Mobius was harmed at all, such harm, on information and belief, was caused by Mobius and/or its representatives.

## FOURTH ADDITIONAL DEFENSE

To the extent that Mobius relies on provisions in contracts between Mobius and one or more of its customers, those contracts are unenforceable because they violate the antitrust laws of the United States.

## FIFTH ADDITIONAL DEFENSE

Plaintiff's claims are barred by the doctrine of waiver.

## SIXTH ADDITIONAL DEFENSE

Plaintiff's claims are barred by the doctrine of laches.

## JURY DEMAND

Defendants demand a trial by jury on all issues so triable.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ James W. Parrett, Jr.*

OF COUNSEL:

Robert S. Frank Jr.
Paul D. Popeo
G. Mark Edgarton
CHOATE, HALL & STEWART LLP
Two International Place
Boston, MA  02110
617.248.5000

Dated:  September 21, 2006
538120

Mary B. Graham (#2256)
James W. Parrett, Jr. (#4292)
1201 N. Market Street
P.O. Box 1347
Wilmington, DE 19801
302.658.9200
jparrett@mnat.com

*Attorneys for Defendants Acartus, Inc.
and EMC Corporation*

12

**CERTIFICATE OF SERVICE**

I hereby certify that on September 21, 2006, I caused the foregoing to be electronically filed with the Clerk of the Court using CM/ECF which will send electronic notification of such filing to the following:

>Kurt Michael Heyman
>PROCTOR HEYMAN LLP
>1116 West Street
>Wilmington, DE  19801

Additionally, I hereby certify that true and correct copies of the foregoing were caused to be served on September 21, 2006 upon the following individuals in the manner indicated:

>**BY E-MAIL AND HAND DELIVERY**:
>
>Kurt Michael Heyman
>PROCTOR HEYMAN LLP
>1116 West Street
>Wilmington, DE  19801
>
>**BY E-MAIL**:
>
>Jonathan M. Wagner
>KRAMER LEVIN NAFTALIS & FRANKEL LLP
>1177 Avenue of the Americas
>New York, NY  10036

*/s/ James W. Parrett, Jr.*
_____
James W. Parrett, Jr. (#4292)
jparrett@mnat.com

538120