IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| MOBIUS MANAGEMENT SYSTEMS, INC., ) ) Plaintiff, ) ) v. ) ) ACARTUS, INC. and EMC CORPORATION, ) ) Defendants. ) ) | C.A. No. 05-346 SLR |

**NOTICE OF RULE 30(b)(6) DEPOSITION
OF MOBIUS MANAGEMENT SYSTEMS, INC.**

PLEASE TAKE NOTICE that, pursuant to Fed. R. Civ. P. 30(b)(6), defendants Acartus, Inc. and EMC Corporation will take the deposition of plaintiff Mobius Management Systems, Inc. ("Mobius"). The deposition will take place on Monday, November 20, 2006 beginning at 9:00 a.m. at the offices of Kramer, Levin, Naftalis & Frankel LLP, 1177 Avenue of the Americas, New York, New York 10036, or at a time and place to be agreed upon by counsel for the parties. The deposition will be taken before an officer duly authorized to administer oaths and will continue from day to day until completed. The deposition may be recorded by stenographic, audio and audiovisual means.

PLEASE TAKE FURTHER NOTICE that, pursuant to Fed. R. Civ. P. 30(b)(6), Mobius shall designate to testify concerning each of the matters set forth in the attached Schedule A one or more of its officers, directors, managing agents or other persons who consent to testify on its behalf.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ James W. Parrett, Jr.*

---

Mary B. Graham (#2256)
James W. Parrett, Jr. (#4292)
1201 N. Market Street
P.O. Box 1347
Wilmington, DE 19801
302.658.9200

*Attorneys for Defendants Acartus, Inc. and EMC Corporation*

OF COUNSEL:

Robert S. Frank Jr.
Paul D. Popeo
G. Mark Edgarton
CHOATE, HALL & STEWART LLP
Two International Place
Boston, MA  02110
617.248.5000

Dated: October 30, 2006
543556

## Schedule A

<u>DEFINITIONS</u>

As used herein, the following terms shall have the meanings set forth below.

1.     "Defendants" shall mean Acartus, Inc., EMC Corporation, and any and all predecessors, successors, parents, subsidiaries, affiliates, servants, employees, officers, directors, agents, attorneys, representatives, or other persons or entities who have acted or purported to act for or on behalf of any of them.

2.     "Mobius," "you," and "your" shall mean Mobius Management Systems, Inc. and any and all predecessors, successors, parents, subsidiaries, divisions, affiliates, employees, officers, directors, agents, attorneys, representatives, or other persons or entities who have acted or purported to act for or on behalf of any of them.

3.     The terms "and" as well as "or" shall be construed both disjunctively and conjunctively, as necessary, to bring within the scope of the request all responses that might otherwise be construed to be outside its scope; in other words, to give each request its broadest possible meaning.

4.     The term "any" shall be construed also to mean "all," and "all" shall be construed also to mean "any."

5.     The term "communication" means the transmittal of information (in the form of facts, ideas, inquiries, or otherwise) orally, in writing, in person, or by the use of any device.

6.     "Document" or "documents" shall be construed in the broadest sense permissible under Fed. R. Civ. P. 34, and shall mean all originals, copies and drafts of any writing or other tangible or intangible thing from which data or information can be obtained, in Mobius' possession, custody or control, including, but not limited to, all written, printed, typed,

transcribed, electronically encoded matter, any e-mail or other electronically transmitted communication, any sound or video recording, any photograph or graphic matter or any other thing containing information or communications or from which information or communications may be derived.

7. The term "concerning" shall mean regarding, mentioning, referring to, relating to, commenting upon, memorializing, describing, evidencing, commenting on, constituting or containing.

8. The terms "person" shall mean, in the plural as well as the singular, any natural person, firm, corporation, unincorporated association, division, subsidiary, partnership, or other business or legal entity or governmental body, including any and all representatives, successors, heirs, assigns, officers, directors, servants, employees, agents, attorneys, or other persons or entities who have acted or purported to act for or on behalf of any of them.

9. The term "including" shall mean "including, but not limited to."

10. "Second Amended Complaint" shall mean the Second Amended Complaint filed by Mobius.

11. "Mobius Market Strategy Documents" shall mean all Mobius market strategy documents that are described in the Second Amended Complaint, including the documents referred to in paragraph 44 of the Second Amended Complaint.

12. "Mobius Files" shall mean Mobius DAF files, ViewDirect/MVS VSAM KSDS topic archives and Control Data Bases, including the record layouts of these files.

13. "Alleged Trade Secret" shall mean any item of software, and each document or thing that Mobius alleges is, or contains, a Mobius trade secret that was misappropriated by

Defendants, including, but not limited to, the Mobius Files and the Mobius Market Strategy Documents.

14.     "Alleged Misleading Statement" shall mean any statement of any kind by, or attributed or attributable to, Defendants that Mobius alleges was incorrect, false, or misleading, including the statements described in the Second Amended Complaint.

## SUBJECT MATTERS OF DEPOSITION

1.      The identity, at the greatest level of detail of which Mobius is capable, of each Alleged Trade Secret.

2.      The subject matter, content, function, method of operation, use and creator(s), of each trade secret, and the identity of all documents that describe, embody, constitute, or contain each trade secret, identified in topic No. 1 above.

3.      The disclosure to, or use by, any third person other than Mobius of each trade secret identified in response to topic No. 1.

4.      The identity, at the greatest level of detail of which Mobius is capable, of each item of confidential or proprietary information of Mobius that has been disclosed to or used by or for the benefit of any Defendant.

5.      The subject matter, content, function, method of operation, use and creator(s), of each item of confidential or proprietary information, and the identity of all documents that describe, embody, constitute, or contain each item of confidential or proprietary information, identified in topic No. 4 above.

6.      The disclosure to, or use by, any third person other than Mobius of each item of confidential or proprietary information identified in response to topic No. 4.

7. Each Mobius product or service or software that implements, embodies, contains, or employs the trade secret(s) or confidential or proprietary information identified in response to topic Nos. 1 or 4, and how Mobius uses the trade secret(s) or confidential or proprietary information.

8. The steps taken by Mobius to protect from disclosure the trade secret(s) or confidential or proprietary information identified in response to topic Nos. 1 or 4 above, including Mobius' communications with its customers and other third persons regarding this topic.

9. Mobius' knowledge regarding each of the Defendants' products or services or software that Mobius alleges utilizes any trade secret or item of confidential or proprietary information identified in response to topic Nos. 1 or 4 above.

10. Mobius' knowledge regarding Defendants' alleged use of any trade secret or item of confidential or proprietary information identified in response to topic Nos. 1 or 4 above.

11. Mobius' knowledge regarding whether any trade secret or item of confidential or proprietary information identified in response to topic Nos. 1 or 4 above is, or contains, a trade secret or Mobius confidential or proprietary information.

12. The development, availability, use, offer for sale or licensing, or actual sale or licensing, by any person, including Mobius, of any product or software whose function was (or is), or was (or is) asserted to be, the removal, export or extraction of customer content, documents or data, or information relating to customer content, documents or data, from the Mobius Files.

13. The relationship, if any, between Mobius and any person who owns, licenses, or sells any product or service of the type described in topic No. 12, and any actions considered or taken by Mobius to address, authorize, prevent, prohibit, correct or stop conduct of the type described in topic No. 12.

14. The (a) market or markets in which Mobius' products or services are sold or licensed, and Mobius' share of any of those markets, the (b) customers or classes of customers to which Mobius' products or services are sold or licensed, and the (c) persons that sell or license products or services that compete with Mobius' products or services.

15. Mobius' knowledge regarding the incorrect, false, or misleading nature of the Alleged Misleading Statements.

16. The injury or damage Mobius alleges it incurred as a result of any conduct of the Defendants that is alleged in the Second Amended Complaint.

17. Any actual or potential confusion as to the source, sponsorship or origin of any product or service offered for sale or license by Acartus resulting from the use by Acartus of the words "Mobius" or "ViewDirect."

18. The purpose or use of the Mobius Market Strategy Documents.

19. Communications with any person regarding the confidential nature of any information contained in the Mobius Market Strategy Documents.

**CERTIFICATE OF SERVICE**

I hereby certify that on October 30, 2006, I caused the foregoing to be electronically filed with the Clerk of the Court using CM/ECF which will send electronic notification of such filing to the following:

>Kurt Michael Heyman
>PROCTOR HEYMAN LLP
>1116 West Street
>Wilmington, DE  19801

Additionally, I hereby certify that true and correct copies of the foregoing were caused to be served on October 30, 2006 upon the following individuals in the manner indicated:

**BY E-MAIL AND HAND DELIVERY**:

Kurt Michael Heyman
PROCTOR HEYMAN LLP
1116 West Street
Wilmington, DE  19801

**BY E-MAIL**:

Jonathan M. Wagner
KRAMER LEVIN NAFTALIS & FRANKEL LLP
1177 Avenue of the Americas
New York, NY  10036

*/s/ James W. Parrett, Jr.*

James W. Parrett (#4292)

543556