Issued by the
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS

| MOBIUS MANAGEMENT SYSTEMS, INC.<br>v.<br>ACARTUS, INC. and EMC CORPORATION | SUBPOENA IN A CIVIL CASE<br>*CASE NUMBER:* 05-346 SLR<br>(pending in U.S. District Court, District of Delaware) |
|---|---|

TO:   Data Strategies International, Inc.
      8562 Katy Fwy, Suite 154
      Houston, Texas 77024

☐ YOU ARE COMMANDED to appear in the United States District Court at the place, date and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  | DATE AND TIME |

☒ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| 8562 Katy Fwy, Suite 154<br>Houston, Texas 77024 | November 27, 2006<br>2:00 p.m. |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects): See attached Schedule A.

| PLACE | DATE AND TIME |
|---|---|
| 8562 Katy Fwy, Suite 154<br>Houston, Texas 77024 | November 17, 2006 |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
|  |  |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT)<br><br>Attorney for ~~Plaintiff~~ Defendants   [signature] | DATE: October 30, 2006 |
|---|---|

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER

G. Mark Edgarton, Esq.
Choate, Hall & Stewart, LLP
Two International Place
Boston, Massachusetts 02110
Phone: (617) 248-5000
Fax: (617) 248-4000

PROOF OF SERVICE

DATE 10-31-06    PLACE 8562 Katy FREEWAY Suite 154
Time 235 P.m.         Houston TX. 77024

SERVED

SERVED ON (PRINT NAME) Renee E. Lovelace    MANNER OF SERVICE Personal Delivery

SERVED ON (PRINT NAME) Data Strategies International Thru Yash Havalimane    TITLE (VP. Software Products)

DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on October 31, 2006
DATE

SIGNATURE OF SERVER   Renee Lovelace SCH #799

Renee E. Lovelace
26307 Sagewood Forest Dr.
Katy, TX 77494
ADDRESS OF SERVER

---

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

## Schedule A

## DEFINITIONS

As used herein, the following terms shall have the meanings set forth below.

1. "Data Strategies" shall mean Data Strategies International, Inc. and any and all predecessors, successors, parents, subsidiaries, divisions, affiliates, employees, officers, directors, agents, attorneys, representatives, or other persons or entities who have acted or purported to act for or on behalf of any of them.

2. "Mobius," shall mean Mobius Management Systems, Inc. and any and all predecessors, successors, parents, subsidiaries, divisions, affiliates, employees, officers, directors, agents, attorneys, representatives, or other persons or entities who have acted or purported to act for or on behalf of any of them.

3. The term "communication" means the transmittal of information (in the form of facts, ideas, inquiries, or otherwise) orally, in writing, in person, or by the use of any device.

4. The term "concerning" shall mean regarding, mentioning, referring to, relating to, commenting upon, memorializing, describing, evidencing, commenting on, constituting or containing.

5. "Document" or "documents" shall be construed in the broadest sense permissible under Fed. R. Civ. P. 34, and shall mean all originals, copies and drafts of any writing or other tangible or intangible thing from which data or information can be obtained, in Data Strategies' possession, custody or control, including, but not limited to, all written, printed, typed, transcribed, electronically encoded matter, any e-mail or other electronically transmitted communication, any sound or video recording, any photograph or graphic matter or any other thing containing information or communications or from which information or communications may be derived.

6.  The terms "person" shall mean, in the plural as well as the singular, any natural person, firm, corporation, unincorporated association, division, subsidiary, partnership, or other business or legal entity or governmental body, including any and all representatives, successors, heirs, assigns, officers, directors, servants, employees, agents, attorneys, or other persons or entities who have acted or purported to act for or on behalf of any of them.

7.  The term "including" shall mean "including, but not limited to."

8.  The terms "and" as well as "or" shall be construed both disjunctively and conjunctively, as necessary, to bring within the scope of the request all responses that might otherwise be construed to be outside its scope; in other words, to give each request its broadest possible meaning.

9.  The term "any" shall be construed also to mean "all," and "all" shall be construed also to mean "any."

## INSTRUCTIONS

A.  These requests require the production of documents in the possession, custody or control of Data Strategies, as defined above, and not merely Data Strategies International, Inc.

B.  These requests shall be deemed continuing, and Data Strategies is required to supplement its response with documents or things requested herein that presently are unavailable or unknown to Data Strategies, but which later become available or known to Data Strategies.

C.  Each document request shall be construed independently and, unless otherwise indicated, no request shall limit the scope of any other request.

D.  As to documents or portions of documents responsive to these requests for which Data Strategies claims a privilege or which Data Strategies asserts are otherwise not subject to production, please identify each withheld document, stating with respect to each such document:

  (a)  the date of the document;

  (b)  the title of the document;

  (c)  the type of document (*e.g.*, letter, memorandum, computer diskette, *etc.*);

  (d)  the name, employer and title of the author(s) of the document;

  (e)  the name, employer and title of each person to whom the document was addressed and each person who was to receive or who actually did receive the document or a copy thereof;

  (f)  the subject matter of the document;

  (g)  the identity of each person having possession, custody or control of the document; and

  (h)  the factual and/or legal basis(es) for your claim of privilege or ground(s) for non-production with respect to the document.

E. The responsive documents and things shall be produced either as they are kept in the usual course of business, or organized and labeled to correspond to the categories in the requests. If there are no documents or things responsive to a specific request, Data Strategies shall so state in writing in its response.

F. Each request calls for production of each document and thing in its entirety, without abbreviation, redaction, expurgation, or modification.

G. Each request seeks production of all documents and things described, along with any addenda, attachments, drafts, and non-identical copies, as found or located in either Data Strategies' business files or in the personal files of its officers, directors, agents or employees, together with a copy of the descriptive file folder or other identifying characteristics in their entirety.

3

## DOCUMENTS TO BE PRODUCED AND MADE AVAILABLE FOR INSPECTION

1. All documents concerning the capability of any Data Strategies product or software whose function was (or is), or was (or is) asserted to be, the removal, export or extraction of customer content, documents, data, or information relating to customer content, documents or data, from a Mobius DAF file or ViewDirect/MVS VSAM KSDS topic archive or file.

2. All documents concerning the development of any Data Strategies product or software that is described in Request No. 1.

3. All communications between Data Strategies and Mobius concerning any Data Strategies product or software that is described in Request No. 1.

4138089v1

4